## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **MICHAEL O'NEIL**<br>    **Plaintiff** | )<br>)<br>) |
| **Vs.** | )    C.A. 23-cv-70<br>) |
| **PETER F. NERONHA, in his official capacity as Attorney General of the State of Rhode Island, and THE STATE OF RHODE ISLAND**<br>    **Defendants** | )<br>)<br>)<br>)<br>) |

### VERIFIED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

### PRELIMINARY STATEMENT

Plaintiff Michael O'Neil brings this action to challenge the constitutionality of Defendants' denial of his application to renew his permit for the concealed carry of a firearm (CCW). Plaintiff asserts that Defendants' denial violates the Second Amendment of the United States Constitution as well as the Fourteenth Amendment and Art. 1, Sec. 2 of the Rhode Island Constitution.

### PARTIES

1. O'Neil is a resident of Warwick, Rhode Island and a citizen of the State of Rhode Island.

2. Defendant Peter F. Neronha is sued in his official capacity as the Attorney General of the Defendant State of Rhode Island.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343, 2001, 2002, and 42 U.S.C. § 1983 and 1988.

4. The Court has ancillary jurisdiction over the claims brought under the Rhode Island Constitution and any other state law.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because Defendants took their unconstitutional actions in this district.

1

## FACTS

6. O'Neil is over the age of 21, he has not been convicted of any felony, he is not a fugitive from justice, he is not in community confinement or otherwise subject to electronic surveillance, he is not mentally incompetent, a drug addict or a drunkard, he is not an immigrant who entered or remained in the country illegally, and he has obtained a so-called "blue card" from the Rhode Island Department of Environmental Management.  In other words, O'Neil meets all the statutory requirements under the Rhode Island Firearms Act, R.I.Gen.L. § 11-47-1, et seq., to possess firearms, including handguns.

7. Under the Firearms Act, both the Rhode Island Attorney General and municipalities may issue CCW permits, §§ 11-47-18 and 11-47-11, respectively.

8. The provision by which municipalities may issue CCW permits states, in part: "The licensing authorities of any city or town **shall**, upon application of any person twenty-one (21) years of age or over having a bona fide residence or place of business within the city or town, or of any person twenty-one (21) years of age or over having a bona fide residence within the United States and a license or permit to carry a pistol or revolver concealed upon his or her person issued by the authorities of any other state or subdivision of the United States, issue a license or permit to the person to carry concealed upon his or her person a pistol or revolver everywhere within this state for four (4) years from date of issue, if it appears that the applicant has good reason to fear an injury to his or her person or property or has any other proper reason for carrying a pistol or revolver, and that he or she is a suitable person to be so licensed." (emphasis added). R.I.Gen.L. § 11-47-11(a).

9. The Section under which the Attorney General issues such permits states, in part: "The attorney general **may** issue a license or permit to any person twenty-one (21) years of age or over to

carry a pistol or revolver, whether concealed or not, upon his or her person **upon a proper showing of need**, subject to the provisions of §§ 11-47-12 and 11-47-15; that license or permit may be issued notwithstanding the provisions of § 11-47-7." (emphasis added). R.I.Gen.L. §11-47-18(a).

10. The Firearms Act does not define "need."

11. The Attorney General has created a set of factors in its "Weapons Carry Permit Packet" (Exhibit A) which the Department purportedly uses to determine whether an applicant has made a proper showing of "need." These factors include:

    (1) Has the applicant demonstrated a specific articulable risk to life, limb or property? If so, has the applicant demonstrated how a pistol permit will decrease the risk?

    (2) Can the applicant readily alter his or her conduct, or undertake reasonable measures other than carrying a loaded firearm, to decrease the danger to life, limb or property?

    (3) Are there means of protection available to the applicant other than the possession of a loaded firearm that will alleviate the risk to his or her person or property?

    (4) Has the applicant demonstrated the skill, training and ability to properly use a firearm in accordance with Rhode Island laws?

    (5) Has the applicant presented a plan to properly secure the firearm so that it does not fall into unauthorized hands?

    (6) How greatly will the possession of a loaded firearm by the applicant increase the risk of harm to the applicant or to the public?

    (7) Has the applicant demonstrated that he or she will not use the firearm for an unlawful or improper purpose, and that he or she has not used a firearm for an unlawful or improper purpose in the past?

(8) Does past unlawful, dangerous, or violent conduct of the applicant justify denial at the Attorney General's discretion even if it is not sufficient to disqualify the applicant as a matter of law from possessing a firearm?

(9) Has the applicant been issued a protective order pursuant to chapter 15-5, chapter 15-15, or chapter 8- 8.1 of the general laws?

(10) Any and all other factors deemed lawful and appropriate by the Attorney General to demonstrate that the applicant is or is not a person suitable to possess a loaded firearm in public.

12. However, the information packet also states there is no "set formula or criteria to limit or restrict the Attorney General's decision to issue or deny a pistol permit."

13. O'Neil has applied for and have been granted a Department of Attorney General CCW permit every four years since 2013.

14. O'Neil has in the past also been granted CCW permits by the Town of Johnston and the City of Warwick.

15. On October 25, 2020, O'Neil filed an application with the Rhode Island Department of the Attorney General to renew his CCW permit. A true and accurate copy of this application is attached as Exhibit B.

16. On January 25, 2021, the Attorney General denied O'Neil's CCW application, stating "you have not provided a proper showing of need for a permit to be issued" because O'Neil already had a concealed carry permit from the City of Warwick which "provides you with the ability to lawfully carry a pistol or revolver in the State of Rhode Island." However, the denial otherwise failed articulate any reason set forth in the Defendants' factors for denial. A true and accurate copy of this denial is attached as Exhibit C.

17. On March 10, 2021, O'Neil, along with counsel, met via telephone, with representatives from the Attorney General on his appeal and requested reconsideration of the denial. During that meeting, O'Neil's counsel articulated reasons for having the Attorney General's permit in addition to the Warwick permit, including that the Attorney General's permit allows for reciprocity for concealed carry permits in other states and that having a second permit provides a "backup" in case the municipal permit expires prior to renewal.

18. On April 1, 2021, the Attorney General again indicated that the "need" was insufficient and decided "in its broad discretion to issue a permit…to deny your application due to the fact you have not provided a proper showing of need…" A true and accurate copy of this denial is attached as Exhibit D.

19. On July 8, 2021, O'Neil filed a motion for reconsideration of this denial.  A true and accurate copy of this denial is attached as Exhibit E.

20. On July 21, 2021, Defendants denied reconsideration of the denial for substantially the same reasons as stated previously.  A true and accurate copy of this denial is attached as Exhibit F.

21. On August 9, 2021, O'Neil filed a petition for writ of certiorari with the Rhode Island Supreme Court seeking review of the Defendants' denial.  A true and accurate copy of this petition and the memorandum in support at attached as Exhibit G.

22. On December 17, 2021, the Supreme Court denied O'Neil's petition.  A true and accurate copy of this denial is attached as Exhibit H.

23. O'Neil has a CCW permit from other states.  He is reasonably concerned that the denial of his application by Defendants will prejudice his ability to renew those other permits or obtain others as concealed carry permit applications typically ask whether the applicant has ever had an application denied elsewhere.

## CLAIMS

### COUNT I-VIOLATION OF THE SECOND AMENDMENT

24. Plaintiff realleges the allegations of Paragraphs 1 through 23.

25. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

26. In District of Columbia v. Heller, 554 U.S. 570 (2008), the Supreme Court held that the Second Amendment provides individuals a right to keep and carry arms for self-defense and defense of others in the event of a violent confrontation.

27. In McDonald v. Chicago, 561 U.S. 742 (2010), the Court held that the Second Amendment applies to the states through operation of the Fourteenth Amendment.

28. In Caetano v. Massachusetts, 577 U.S. 411 (2016), the Court reiterated its conclusions in Heller and McDonald that "the Second Amendment extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding …" and that this "Second Amendment right is fully applicable to the States[.]"

29. In N.Y. State Rifle and Pistol Association v. Bruen, 142 S.Ct. 2111 (2022), the Court held that Second and Fourteenth Amendments together guarantee individual Americans not only the right to "keep" firearms in their homes, but also the right to "bear arms," meaning "to carry a handgun for self-defense outside the home."

30. The Supreme Court held that, "[t]o justify [a] regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court

conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'"

31. The Supreme Court specifically identified Rhode Island as a "shall issue" state for CCW permits because "the Rhode Island Supreme Court has flatly denied that the '[d]emonstration of a proper showing of need' is a component of [R.I.Gen.L. § 11-47-11]." Bruen, 142 S.Ct. at 2123, n.1, quoting Godomski v. Tavares, 113 A.3d 387, 392 (R.I. 2015).

32. Furthermore, the Court rejected the statutory schemes of "may issue" states whereby "authorities have discretion to deny concealed-carry licenses even when the applicant satisfies the statutory criteria," such as when "the applicant has not demonstrated … suitability for the relevant license." Rather, the Court pointed to "'shall issue' jurisdictions" wherein licenses are issued "whenever applicants satisfy certain threshold requirements, without granting licensing officials discretion to deny licenses based on a perceived lack of need or suitability."

33. Accordingly, subject to a few specific limitations, if a member of "the people" wishes to "keep" or "bear" a protected "arm," then the ability to do so "shall not be infringed."

34. O'Neil is a member of "the people" who desires to "bear" a protected "arm" in public.

35. Under Bruen, "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." Id. at 2126.

36. Accordingly, the burden is on the government to justify the denial of O'Neil's CCW renewal application based on the historical tradition of the activity that it is now attempting to regulate and ban.

37. <u>Bruen</u> disapproved of discretion during the permitting process, instead making clear that governments may rely only on stringent statutory criteria. Defendants' laws, factors and actions, however, invite unbridled discretion and the abuses that stem from unbridled discretion.

38. By infringing the right to bear arms in public in these ways, the Defendants' laws and regulations violate the Second Amendment.

39. The Defendants' denial of O'Neil's permit infringes his rights under the Second Amendment and Art. 1, Sec. 22 that "shall not be infringed."

40. As such, Defendant's laws, customs, practices, and policies, reducing the Second Amendment's protection of the right to "bear arms" in public, damage O'Neil in violation of 42 U.S.C. § 1983. O'Neil is therefore entitled to preliminary and permanent injunctive relief against such laws, customs, policies, and practices.

41. Pursuant to 42 U.S.C. §§ 1983 and 1988, the Rhode Island Governmental Tort Liability Act, R.I.Gen.L, § 9-31-1, et seq., O'Neil is entitled to an award of monetary damages in an amount to be determined by the evidence and this Court and the reasonable costs of this lawsuit, including his reasonable attorneys' fees.

**COUNT II-VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT AND ARTICLE 1, SEC. 2 OF THE RHODE ISLAND CONSTITUTION**

42. O'Neil realleges the allegations of Paragraphs 1 through 41.

43. O'Neil has a liberty interest in his freedom of speech and a property interest in the CCW permit previously issued by Defendants.

44. By failing to provide sufficient notice of the grounds upon which a CCW permit may be denied, the Defendants have violated O'Neil's rights under the Due Process Clause of the Fourteenth

Amendment to the United States Constitution and Article 1 Section 2 of the Rhode Island Constitution.

45. Defendants have violated O'Neil's rights under the Due Process Clause of the Fourteenth Amendment and Article 1 Section 2 of the Rhode Island Constitution which require an unbiased tribunal for hearing and a decision based exclusively on the evidence submitted.

46. Defendants' application of their statute and factors is overly broad and vague because the statute imposes an overly stringent and undefined requirement of "need" in violation of the Second Amendment and the factors grant the Attorney General unbridled discretion.

47. On their face, Defendants' statute and factors are unconstitutionally vague in violation of the Fourteenth Amendment's Due Process Clause and Art. 1, § 2 of the Rhode Island Constitution because a person of ordinary intelligence would not know what showing of need is required, and because the statute and the factors lack clear standards and objective criteria thus allowing Defendants to deny O'Neil's application to renew his CCW permit based on ambiguous, subjective, arbitrary or discriminatory reasons.

48. This arbitrary enforcement violates the Fourteenth Amendment of the United States Constitution and Article 1, Sec. 2 of the Rhode Island Constitution.

49. Pursuant to 42 U.S.C. §§ 1983 and 1988, the Rhode Island Governmental Tort Liability Act, R.I.Gen.L, § 9-31-1, et seq., O'Neil is entitled to an award of monetary damages in an amount to be determined by the evidence and this Court and the reasonable costs of this lawsuit, including his reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Michael O'Neil requests that judgment be entered in his favor and against Defendants as follows:

1. An order preliminarily and permanently requiring Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, to issue a CCW permit to O'Neil;

2. A declaration that Defendants' statute and rules requiring an applicant to make an undefined showing of "need," as set forth, violates the Second Amendment;

3. A declaration that the Defendants' process for the consideration of concealed carry applications violates the Due Process Clause of the Fourteenth Amendment and Art. 1, Sec. 2 of the Rhode Island Constitution;

4. Compensatory damages for the denial of Plaintiff's constitutional rights;

5. Punitive damages in a sufficient amount to deter Defendants from further violating the rights of Plaintiff;

6. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988 and R.I.G.L. § 42-92-1;

7. Any other relief as the Court deems just and appropriate.

Respectfully submitted,
**MICHAEL O'NEIL**
By his attorneys,

/s/ *Thomas W. Lyons*  
Thomas W. Lyons            #2946  
Strauss, Factor, Laing & Lyons  
One Davol Square, Suite 305  
Providence, RI 02903  
(401) 456-0700  
tlyons@straussfactor.com  

/s/ *Frank R. Saccoccio*  
Frank R. Saccoccio Esq. #5949  
Saccoccio Law Office  
928 Atwood Avenue  
Johnston, Rhode Island 02919  
(401) 944-1600 * 942-8921 Fax  
Frank.CSLawOffice@gmail.com

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

## VERIFICATION

The facts alleged in this complaint are true and accurate to the best of my knowledge.

*Michael P O'Neil*
Michael O'Neil

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

On __February 10, 2023__, before me, the undersigned notary public, personally appeared __Michael O'Neil__, ~~personally known to the notary~~ or proved to the notary through satisfactory evidence of identification, which was __RI driver's license__, to be the person who signed above in my presence, and who swore or affirmed to the notary this document was signed freely and voluntarily.

Notary Public
My commission expires: 5/25/24
Notary Identification Number: 75413l