**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPREME COURT**

MICHAEL O'NEIL                          :
                                        :
                                        :        No.  SU-21-
                                        :
PETER F. NERONHA, in his OFFICIAL       :
CAPACITY as Attorney General of         :
RHODE ISLAND and EDWARD                 :
TROIANO in his Official Capacity as the :
CHIEF of the BUREAU OF CRIMINAL         :
IDENTIFICATION and INVESTIGATION :

## PETITION FOR WRIT OF CERTIORARI

## I.     INTRODUCTION

Now comes the Petitioner, Michael O'Neil ("O'Neil"), and respectfully requests that this Court issue a writ of certiorari to review, revisit and expand Mosby v. DeVine, 851 A.2d 1031 (R.I. 2004) relative to the Department of Attorney General's Bureau of Criminal Identification and Investigation's (hereinafter "AG") April 1, 2021 denial of his 2020 application (renewal) for a license to carry a concealed weapon ("CCW") pursuant to R.I.G.L. §11-47-18. Specifically, O'Neil requests review of the April 1, 2021 three (3) page letter and the January 25, 2021 two (2) page letter referencing the applicant's "proper showing of need" and the AG's statement admitting to no "set formula or criteria to limit or restrict the

Attorney General's decision to issue or deny a pistol permit". Copies of the subject letter(s) are attached in their entirety as Exhibit A and Exhibit B.

The petitioner's position is that as a renewal applicant with multiple prior determinations of "proper showing of need" from different Attorney General administrations, when there is no evidence of any material change in his circumstances, he is entitled, pursuant to Mosby, id. to a clear explanation of any changes which warranted the denial. The failure of the AG to clearly and specifically articulate … "what material change(s) exist, if any" from the prior application(s), is an unlawful denial based on unfettered (unreviewable) discretion. This position naturally flows from the mandate and underlying policy as set for by this court in Mosby v. DeVine, 851 A.2d 1031, 1050 (R.I. 2004) wherein this court indicated:

> As a matter of policy, this Court will not countenance any system of permitting under the Firearms Act that would be committed to the unfettered discretion of an executive agency. Although the court's authority to review the decision is limited, it is not nonexistent. One does not need to be an expert in American history to understand the fault inherent in a gun-permitting system that would allow a licensing body carte blanche authority to decide who is worthy of carrying a concealed weapon. The constitutional right to bear arms would be illusory, of course, if it could be abrogated entirely on the basis of an unreviewable unrestricted licensing scheme.

Therefore, based on the aforementioned mandate, how can a reviewing court determine if "no change in circumstances" and/or if "any change in circumstances" is material enough to warranted the denial?

2

This petition is the only avenue of redress for an AG's denial. This court must be cognizant that without granting Certiorari, renewal applicant(s) face "the Star Chamber" regarding the exercise of their Constitutionally Protected Rights. This court must revisit Mosby v. DeVine, 851 A.2d 1031, 1050 (R.I. 2004) and expand its mandate to allow proper judicial review for CCW Renewal Applicants. For these reasons, Mr. O'Neil urges this Court to grant his petition for certiorari, to quash and reverse the AG denial and to use its inherent supervisory powers to order the AG to issue a license to carry a concealed weapon back to him.

## II.    STATEMENT OF THE CASE

The facts and procedural history of this case are simple and are not in dispute:

1. The applicant Michael O'Neil, who resides in Rhode Island, has applied for and have been granted a Department of Attorney General CCW permit every four years since 2013.

2. Michael O'Neil has in the past been granted a Town of Johnston CCW and a City of Warwick CCW, based on his same or similar facts and circumstances letter which evidences a proper showing of need.

3. Michael O'Neil's specific facts of circumstances outlined in his renewal application as a "proper showing of need" has not materially and/or substantially changed since initial approval in 2013.

4. On January 25, 2021 the AG denied Michael O'Neil's CCW application, stating "you have not provided a proper showing of need for a permit to be issued" but failed to specify articulate what has materially and/or substantially changed from his prior approval(s) from the AG.

5. On March 10, 2021 Michael O'Neil, along with counsel, meet via telephone, with representative(s) from the AG on his appeal.

6. On April 1, 2021 the AG again indicated that the "need" was insufficient but declined to elaborate what standards they used and what has changed since his prior approval.

## III.    JURISDICTIONAL STATEMENT

The judicial review that Mr. O'Neil requests is unavailable in any other court and necessitates invoking this Court's authority under R.I.G.L. §8-1-2 and Supreme Court Rule 13(a). The Rhode Island Firearms Act, R.I.G.L. Ch. §11-47, et, al., does not provide a right of appeal to an individual whose renewal application for a license

to carry a concealed weapon under R.I.G.L. §11-47-18 has been denied, despite there being no change in an applicants' facts and circumstances.

Mosby v. DeVine, 851 A.2d 1031, 1050 (R.I. 2004) this Court determined that the proper method to review a denial of an application is by petition for certiorari;

> The opportunity for judicial review of a licensing body's decision under the Firearms Act is especially important when considering the nature of the right sought to be vindicated through the application process. … The constitutional right to bear arms would be illusory, of course, if it could be abrogated entirely on the basis of an unreviewable unrestricted licensing scheme. *Such review is available through a common-law writ of certiorari.*

Mosby, 851 A.2d at 1048 at 1050-1051 (emphasis added). *See also Gadomski,* 113 A.3d at 389 (applicant for a concealed weapon's permit who sought review in the Supreme Court "has invoked the proper vehicle for judicial review of the denial of his application") and *Gendreau v. Canario*, 2013 WL 6230071 (R.I. 2013).

## IV.    ISSUES PRESENTED FOR REVIEW

**A. The AG has exercised unfettered discretion, abused its authority, and/or failed to follow the mandate in Mosby v. DeVine by denying Michael O'Neil's CCW Renewal application, without clearly articulating what facts have changed in his application which warranted the denial which could then**

**be reviewable by this court, this despite that since 2013 prior AG administrations had continuously determined his showing of need to be proper.**

This Court has ruled in prior decisions that "§11-47-18 vests the department [AG] with extremely broad discretion to grant or deny a license even when there has been "a proper showing of need." <u>Mosby</u>, at 1048. The court also stated that"

> … the decisions of the Attorney General in licensing matters are not immune from judicial review." <u>Mosby</u>, id 1050. Thereby if the AG abuses, fails to properly exercise or commits unfettered discretion in its determinations, those decisions may be overturned by a court. "As a matter of policy, this Court will not countenance any system of permitting under the Firearms Act that would be committed to the unfettered discretion of an executive agency". *id. 1050*.

The mandate in <u>Mosby v. DeVine</u>, 851 A.2d 1031, 1050 (R.I. 2004) must be revisited, clarified and expanded to include articulable specific facts and circumstances which have changed from prior approvals thereby allowing for judicial review for CCW Renewal Applicants

**B. The AG has failed to follow the mandate in <u>Mosby v. DeVine</u> by not articulating what has changed with the AGs' standards and guidelines for a proper showing of need, warranting the denial, thereby rendering illusory any review by the courts.**

6

As this court has clearly stated in Mosby;

> "Although the court's authority to review the decision is limited, it is not nonexistent. One does not need to be an expert in American history to understand the fault inherent in a gun-permitting system that would allow a licensing body carte blanche authority to decide who is worthy of carrying a concealed weapon. The constitutional right to bear arms would be illusory, of course, if it could be abrogated entirely on the basis of an unreviewable unrestricted licensing scheme." id at 1050.

In the instant case, the AG's denial of O'Neil's CCW application cannot be reviewed and/or upheld as a proper exercise of discretion without the court being first presented with prior administrations standards and their new standards. The failure to articulate what if any changes have been instituted relative to standards and guidelines constitutes an unreviewable and unrestricted licensing scheme prohibited by this court.

**C. Renewal Applicant(s) have one remedy which is appropriate, namely petitioning this court for an order reversing the denial and ordering the AG to issue the CCW license as a function of this Court's "inherent supervisory powers to fashion remedies."**

This Court has ruled on several occasions that when an applicant for a firearms license has been denied by a issuing authority, it will conduct an "examination of the record to determine if an error of law has been committed.'

" *Gadomski v. Tavares*, 113 A.at 389 (quoting *Cruz v. Mortgage Electronic Registration Systems, Inc.,* 108 A.3d 992, 995 (R.I.2015)).

Accordingly, Mr. O'Neil respectfully requests that this Court review and ultimately reverse the AG denial. If the denial was to be simply overturned, the AG would deny the remand upon "other grounds" thereby only compound the constitutional deprivations and harm caused to Mr. O'Neil. He respectfully requests that this Court directly order the AG to issue back his CCW license as a function of this Court's "inherent supervisory powers to fashion remedies."   *Cardinale v. Cardinale,* 889 A.2d 210, 223 (R.I. 2006).

## V.     COPY OF THE DECISION

A copy of AG January 25, 2021 and the April 1, 2021 denial letter(s) for Michael O'Neil's renewal application for a license to carry a concealed weapon are attached hereto as Exhibit A. and Exhibit B.

## VI.     CONCLUSION

WHEREFORE, Petitioner, Michael O'Neil, requests that this Honorable Court grant his Petition and issue a Writ of Certiorari to review the Department of Attorney

General's Bureau of Criminal Identification and Investigation's denial of his renewal

application for a license to carry a concealed weapon pursuant to R.I.G.L. §11-47-18.

This petition is supported by the attached exhibits and supporting memorandum of

law.

Michael O'Neil
by his attorney,

/s/ *Frank R. Saccoccio*

_____

Frank R. Saccoccio Esq. #5949
Saccoccio Law Office
928 Atwood Avenue
Johnston, Rhode Island 02919
(401) 944-1600 * 942-8921 Fax
Frank.CSLawOffice@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on or before the 9th day of October, 2020, I notified the party and/or the party's attorney in the following manner:

☐ I served this document through the electronic filing system on the following party(ies) _____, on the _____ day of _____, 2021

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐ I mailed and/or E-Mailed or ☐ hand-delivered and/or Faxed this document to the attorney(s) for and/or the opposing party(ies), if self-represented, whose name(s)

is/are the State of Rhode Island, Office of the Attorney General at the following address(es): 4 Howard Avenue in Cranston RI 02920.

☐ This document does not require service as the case is unanswered and the opposing party(ies) did not appear.

☐ All parties have consented in writing to this document.

/s/ *Frank R. Saccoccio*

_____

Frank R. Saccoccio Esq. #5949

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**SUPREME COURT**

MICHAEL O'NEIL                            :
                                          :
                                          :        No.  SU-21-
                                          :
PETER F. NERONHA, in his OFFICIAL         :
CAPACITY as Attorney General of           :
RHODE ISLAND and EDWARD                   :
TROIANO in his Official Capacity as the   :
CHIEF of the BUREAU OF CRIMINAL           :
IDENTIFICATION and INVESTIGATION          :


**<u>MEMORANDUM IN SUPPORT OF</u>**
**<u>PETITION FOR WRIT OF CERTIORARI</u>**


**I.      INTRODUCTION**


Petitioner, Michael O'Neil ("O'Neil"), files this memorandum in support of

his Writ of Certiorari. Petitioner is requesting this Honorable Court review, revisit

and expand <u>Mosby v. DeVine</u>, 851 A.2d 1031 (R.I. 2004). Renewal applicants

must be given, as per the mandate of Mosby, a clear articulation of the evidence

upon which the department based its decision and the rationale for the denial.

Petitioner is asking this court to review the "standards and guidelines" utilized by

the Rhode Island Department of the Attorney General ("AG") and evaluate the

basis for the Department of Attorney General's Bureau of Criminal Identification

and Investigation's ("AG") April 1, 2021 denial of his 2020 application (renewal) for a license to carry a concealed weapon ("CCW") pursuant to R.I.G.L §11-47-18.

It is the position of the petitioner that as a renewal applicant, with multiple prior determinations of "proper showing of need" from different Attorney General administrations, when there is no evidence of any material change in his circumstances, he is entitled, pursuant to Mosby, id. to a clear explanation of any changes in the AG administrations standards which warranted the denial. It is the position of the renewal applicant that the failure of the AG to clearly and specifically articulate what material change(s) exist, if any from the prior application(s) and/or their administration, the denial can only be based on unfettered (unreviewable) discretion.

This petition is the only avenue of redress for an AG's denial. This court must be cognizant that without granting Certiorari, renewal applicant(s) face "the Star Chamber" regarding the exercise of their Constitutionally Protected Rights. This court must revisit Mosby v. DeVine, 851 A.2d 1031, 1050 (R.I. 2004) and expand its mandate to allow proper judicial review for CCW Renewal Applicants.

## II. ISSUES PRESENTED TO THIS COURT

## A. ABUSE OF DISCRETION

**The AG exercised unfettered discretion, abused its authority, and failed to follow the mandate in Mosby v. DeVine denying Michael O'Neil's CCW renewal application, without clearly articulating what facts have changed, which could then be reviewable by this court, despite that since 2013 prior AG administrations having continuously determined his showing of need to be proper and issued the renewal license.**

The constitutional right to bear firearms, though not absolute, requires Rhode Island firearms licensing authorities to refrain from acting indiscriminately. _Mosby_, 851 A.2d 1031, _Gendreau v. Canario_, 2013 WL 6230071 (R.I. 2013). In Mosby this court stated that;

> "§11-47-18 vests the department [AG] with extremely broad discretion to grant or deny a license even when there has been "a proper showing of need." Mosby, at 1048.

The court specifically stated that "decisions of the Attorney General in licensing matters are not immune from judicial review." <u>Mosby</u>, id 1050. If the AG abuses, fails to properly exercise or commits unfettered discretion in its determinations, those decisions may be overturned by a court. Therefore, this court has the authority to review, evaluate and overturn the decisions of the AG in these matters.

This Supreme Court also mandated restrictions on the exercise of discretion under §11-47-18 stating;

"As a matter of policy, this Court will not countenance any system of permitting under the Firearms Act that would be committed to the unfettered discretion of an executive agency". *id. 1050*.

In the instant case, the applicant Michael P. O'Neil submitted his renewal application, as he has done numerous times for approximately twelve (12) years, based on the same or similar circumstances. In his 2020 renewal application there were no substantive and/or material differences compared to prior renewal applications. The AG then denied his renewal application without specifically informing him as to the "new standards or guidelines" that they claim he has failed to meet. Without presenting specific guidelines or standards an applicant is not directed or guided to satisfying "the standards" nor can a reviewing court evaluate the exercise of discretion. Only one conclusion is warranted, the AG failed to follow Mosby and the denial is unlawful.

The problem for the AG is further complicated when an applicant is submitting a renewal, which based on the prior facts and circumstances, had been granted several times. The court must now evaluate the denial based on additional factors, namely the prior established standards and guidelines as opposed to new and/or changed standards and guidelines. The court would then look to <u>Mosby</u>, at 1048. This court has stated that;

> … the decisions of the Attorney General in licensing matters are not immune from judicial review." Mosby, id 1050. Thereby if the AG abuses, fails to properly exercise or commits unfettered discretion in its determinations, those decisions may be overturned by a court. "As a matter of policy, this Court will not countenance any system of permitting under the Firearms Act

4

that would be committed to the unfettered discretion of an executive agency". *id. 1050*.

In the instant case, when faced with a renewal application, a denial of the application, with no specifics to distinguish the current AG basis as opposed to the prior administration, the only clear conclusion this court can draw is that the denial was an unlawful exercise of discretion. It should also shock the court that the AG's course of action denying applicants without specificity is a loud and resounding …

*I don't care what prior AG's did, No permit for you, because I said so!*

The mandate in <u>Mosby v. DeVine</u>, 851 A.2d 1031, 1050 (R.I. 2004) must be revisited, clarified and expanded to mandate articulable specific facts and circumstances which have changed from prior approvals thereby allowing for judicial review for Renewal Applicants

## B. FAILURE TO PROPERLY ADMINISTER

**The AG has violated the petitioners Due Process rights in failing to follow the mandate in Mosby v. DeVine by not articulating changed AGs' standards and guidelines warranting the denial, thereby rendering illusory any review by the Supreme Court.**

This court has articulated that there are limitations on the exercise of discretion given to an administrative agency or body, as stated clearly in Mosby,

> "Although the court's authority to review the decision is limited, it is not nonexistent. One does not need to be an expert in American history to understand the fault inherent in a gun-permitting system that would allow a licensing body carte blanche authority to decide who is worthy of carrying a concealed weapon. The constitutional right to bear arms would be *illusory*, of course, if it could be abrogated entirely on the basis of an *unreviewable unrestricted licensing scheme*." id at 1050.

Additionally, in State v. Storms, 112 R.I. 121, 126-27, 308 A.2d 463, 466 (1973), this Court also indicated;

> [In] analyz[ing]ed the propriety of the delegation of legislative power to licensing authorities under the Firearms Act. We noted that "our brief summary of some of the Act's essential provisions clearly evidences that the goal of the Legislature was to prevent criminals and certain other persons from acquiring firearms generally and handguns in particular without at the same time making *unduly difficult* such acquisition for other members of society." *Id*. at 127, 308 A.2d at 466.

We must apply the restrictions stated above to the AG's denial of Mr. O'Neil's renewal application. Mr. O'Neil's Due Process rights are violated when a court cannot review, examine and/or determine if there was a proper exercise of discretion in the denial. A reviewing court must be presented, not with a bare conclusion, but first must be presented with the applicable standards and guidelines applied to the applicant's particular facts and circumstances. The complete absence of any AG standards and guidelines constitutes an unreviewable and unrestricted licensing scheme as prohibited by this court.

With a renewal application, the AG's problems are amplified if they fail to specify the applicant's facts and circumstance as applied to established standards and guidelines. This type of "conclusory denial" is the very definition of making something *unduly difficult* for the public, as admonished <u>in Storm</u>, id.

Proceeding further on a Due process violation, our General Assembly was specific in the language included in §11-47-18 relative to the necessary requirements for a determination of "need". The legislature specifically includes the element "proper" in the phrase *proper showing of need*. The intent was to allow discretion but exercised according to standards and guidelines, not unfettered discretion. A court could then review and evaluate an AG decision and/or the applicant's showing of need as "proper". This court has acknowledged this ideal in <u>City of Pawtucket v. Sundlun</u>, 662 A.2d 40, 45 (R.I. 1995) which is referring to Constitution language but it is just as applicable to the language included in statutes;

> "Every clause of the constitution must be given its due force, meaning, and effect, and no word or section can be assumed to have been unnecessarily used or needlessly added." *Id*.

The only way to ensure this element has meaning is to review the exercise of discretion against regularly accepted and evenly applied standards and guidelines, absent this, the phrase and/or element is rendered superfluous. To allow the AG to deny individuals, like Mr. O'Neil, without presenting any specific facts and guidelines by which this court can review, renders the language and intent of the

7

legislature meaningless. This review of the determination of "proper showing of need" is at the very heart of the legislative intent and of Due Process. Without a proper review and evaluation by this court, complete and unfettered discretion is given to the AG, and the statutory element of "proper" is rendered meaningless.

In the instant case, the AG's denial of Mr. O'Neil's renewal application cannot be reviewed and/or upheld as a proper exercise of discretion without the court being first presented with prior administrations standards and their new standards. The failure to articulate what, if any, changes have been instituted relative to AG standards and guidelines constitutes an unreviewable and unrestricted licensing scheme prohibited by this court.

## C. THE AG LETTER VIOLATES THE MANDATE IN MOSBY

**Renewal Applicant(s) have one remedy, namely petitioning this court, for an order reversing the denial and ordering the AG to renew the CCW license as a function of this Court's "inherent supervisory powers to fashion remedies."**

This Court has ruled on several occasions that when an applicant for a firearms license has been denied by an issuing authority, it will conduct an "examination of the record to determine if an error of law has been committed.'

"*Gadomski v. Tavares*, 113 A.at 389 (quoting *Cruz v. Mortgage Electronic Registration Systems, Inc.,* 108 A.3d 992, 995 (R.I.2015)).

Accordingly, Mr. O'Neil respectfully requests that this Court review the denial basis, if even possible, and ultimately reverse the AG denial. If the denial were to be simply overturned, the AG would deny the remand upon "other grounds" thereby only compound the constitutional deprivations and harm caused to Mr. O'Neil. He respectfully requests that this Court order the AG to issue back his CCW license as a function of this Court's "inherent supervisory powers to fashion remedies." *Cardinale v. Cardinale,* 889 A.2d 210, 223 (R.I. 2006).

## III. RELIEF SOUGHT

## THIS COURT SHOULD ORDER THE AG TO ISSUE THE LICENSE INSTEAD OF SIMPLY VACATING THE DENIAL.

In order to properly address the AG's failure to specify the facts and circumstances of the basis of the denial, the presentation of the old established standards and guidelines versus their "new secret standards" and their clear violation of this Court's prior mandates regarding proper review of firearms applications, merely quashing the denial is insufficient. Rather, Mr. O'Neil urges the Court to order the issuance of the license to him as an exercise of its inherent

authority to correct errors of lower tribunals. Only this relief will sufficiently remedy the injustice caused by the improper and unlawful denial of his application. If the court simply vacates the denial, the reality is, the AG will "find" a new basis to deny him. An AG denial will affect his other CCW's from neighboring states. He will be required to list on all future applications and renewals, specifically his renewal for the Commonwealth of Massachusetts, among others.

Given the AG's clear violation of the most basic precepts of due process and complete failure to grasp the mandate of this court's prior orders, remand from this Court would be inappropriate and pointless. As this court has stated in the past;

> a municipal authority's "failure to follow the dictates of the Rhode Island Supreme Court and to render a decision with the requisite findings of fact and conclusions of law" but instead renders a decision that "is arbitrary and capricious, in violation of statutory and ordinance provisions, and affected by error of law" demands reversal and not a mere remand as a remedy. Place v. Painted Warriors, Inc., 2003 WL 22389550, 7 (R.I. Super. 2003).

This Court has repeatedly indicated that "it is well-established that this Court under its general supervisory powers can exercise its inherent power to fashion an appropriate remedy to serve the ends of justice." Clarke v. Morsilli, 723 A.2d 785, 786 (R.I. 1998). Remand for anything other than the ministerial and/or clerical duty of issuing the license would allow the AG to issue a denial on other grounds.

This Court has all the information necessary to fashion a remedy which will truly "apply tenets of justice and fairness" and to immediately rectify the harm

caused to [Mr. O'Neil]. <u>Tanner v. Town Council of East Greenwich</u>, 880 A.2d 784, 801 (R.I. 2005).

## V. COPY OF THE DECISION

A copy of AG January 25, 2021 and the April 1, 2021 denial letter(s) for Michael O'Neil's renewal application and for a license to carry a concealed weapon are attached hereto as Exhibit A. and Exhibit B.

## VI. CONCLUSION

WHEREFORE, Petitioner, Michael O'Neil, requests that this Honorable Court grant his Petition and issue a Writ of Certiorari to review the Department of Attorney General's Bureau of Criminal Identification and Investigation's denial of his renewal application for a license to carry a concealed weapon pursuant to R.I.G.L. §11-47-18. This petition is supported by the attached exhibits and supporting memorandum of law.

Michael O'Neil
by his attorney,

/s/ *Frank R. Saccoccio*
_____
Frank R. Saccoccio Esq. #5949

Saccoccio Law Office
928 Atwood Avenue
Johnston, Rhode Island 02919
(401) 944-1600 * 942-8921 Fax
Frank.CSLawOffice@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on or before the 9th day of August, 2021, I notified the party and/or the party's attorney in the following manner:

□ I served this document through the electronic filing system on the following party(ies) _____, on the _____ day of _____, 2020

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

□ I mailed and/or E-Mailed or □ hand-delivered and/or Faxed this document to the attorney(s) for and/or the opposing party(ies), if self-represented, whose name(s) is/are the State of Rhode Island, Office of the Attorney General at the following address(es): 4 Howard Avenue in Cranston RI 02920.

□ This document does not require service as the case is unanswered and the opposing party(ies) did not appear.

□ All parties have consented in writing to this document.


/s/ *Frank R. Saccoccio*

_____
Frank R. Saccoccio Esq. #5949