UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL O'NEIL, : | |
| *Plaintiff,* : | |
| : | |
| v. : | C.A. No.: 23-cv-70 |
| : | |
| : | |
| PETER F. NERONHA, in his official : | |
| capacity as Attorney General of the State : | |
| of Rhode Island, and THE STATE OF : | |
| RHODE ISLAND : | |
| *Defendants,* : | |

**DEFENDANTS PETER F. NERONHA'S AND STATE OF RHODE ISLAND'S MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Now come Defendants Rhode Island Attorney General Peter Neronha in his official capacity and the State of Rhode Island pursuant to the Federal Rules of Civil Procedure 65(a) hereby object to the Motion for a Preliminary Injunction, filed by Plaintiff Michael O'Neil.

1

## FACTS

### I.    Statutory Background

Under the Rhode Island General Laws, an applicant has two avenues through which he or she may obtain a permit to concealed carry a pistol or revolver in the state. An applicant may obtain a concealed carry permit from any city or town in which he or she is a bona fide resident or has a place of business. R.I. Gen. Laws § 11-47-11(a). If an applicant satisfies the criteria listed in R.I. Gen. Laws §§ 11-47-11(a), the municipal licensing authority *shall* issue a concealed carry permit. *Id*; *see also Mosby v. Devine*, 851 A.2d 1031, 1047 (R.I. 2004). These criteria include 1) whether the applicant is 21 or older 2) whether the applicant is a bona fide resident or has a place of business in the city or town and 3) "if it appears that the applicant has good reason to fear an injury to his or her person or property *or has any other proper reason* for carrying a pistol or revolver, and that he or she is a suitable person to be so licensed." *Mosby*, 851 A.2d at 1047. As discussed further below, the Rhode Island Supreme Court and U.S. Supreme Court have both recognized that in substance there is no requirement to show need. *See New York State Rifle & Pistol Ass'n v. Bruen*, 142 S.Ct. 2111, 2123 n.1 (2022); *Gadomski v. Tavares*, 113 A.3d 387, 392 (R.I. 2015).

An applicant may also apply to obtain a concealed carry permit with the Office of the Attorney General. The Attorney General retains the discretion to issue or renew concealed carry permits "upon a proper showing of need." *See* R.I. Gen. Laws § 11-47-18. If an individual has either permit, she may carry a concealed pistol or revolver in the State of Rhode Island.

### II.    Facts As Set Forth in the Complaint

Mr. O'Neil alleges that he is a citizen of Warwick, Rhode Island over the age of 21. Complaint, ¶¶ 1, 6. Mr. O'Neil has a permit to concealed carry from the City of Warwick.

Complaint, ¶ 16. From 2013 to 2021 Mr. O'Neil additionally had a permit to concealed carry from the Rhode Island Office of the Attorney General. Complaint, ¶¶ 13, 16.

On January 25, 2021, the Office of the Attorney General denied Mr. O'Neil's request to renew his concealed carry permit. Complaint, ¶ 16. The Attorney General noted that Mr. O'Neil failed to demonstrate need because he already had a concealed carry permit from the City of Warwick. Complaint, ¶ 16. Mr. O'Neil requested the Office of the Attorney General reconsider. Complaint, ¶ 17. On April 1, 2021, the Office of the Attorney General denied Mr. O'Neil's request stating once again that Mr. O'Neil failed to properly demonstrate need. Complaint, ¶ 18. Mr. O'Neil then asked for reconsideration a second time, which was denied. Complaint, ¶¶ 19-20. On August 9, 2021, Mr. O'Neil appealed the Attorney General decision to the Rhode Island Supreme Court through a petition for a writ of certiorari.[1] Complaint, ¶ 21. On December 17, 2021, the Rhode Island Supreme Court denied Mr. O'Neil's writ petition. Complaint, ¶ 22.

Over one year following the Rhode Island Supreme Court decision, Mr. O'Neil filed the instant suit alleging that the Attorney General decision will impact his ability to renew concealed carry permits in other, unspecified states. Complaint, ¶ 23. Mr. O'Neil seeks to declare and enjoin the Attorney General's permitting program as unconstitutional under the Second Amendment, Fourteenth Amendment Due Process Clause, and Article I, § 2 of the Rhode Island Constitution and recover both compensatory and punitive damages. Complaint, at 10 (¶¶ 1-5).

---

[1] In *Mosby v. Devine*, the Rhode Island Supreme Court held that because Attorney General permitting adjudications are not subject to the APA or other forms of statutory review, but review can be obtained through a writ petition. 851 A.2d at 1050-51.

## STANDARD OF REVIEW

Mr. O'Neil seeks to force the Attorney General to issue him a concealed carry permit on a preliminary basis, despite the fact that he has not had such a permit (although he can concealed carry using his municipal permit) for more than two years. He seeks this relief before discovery and with no additional evidence, other than a public report of the Attorney General, supporting his request for immediate relief. "[A] preliminary injunction is 'an extraordinary remedy never awarded as of right.'" *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018) (quoting *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008)). A plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "A failure by the plaintiff to meet any one of the four requirements requires a denial of the motion." *Lopez v. Wall*, No. C.A. 09-578 S, 2010 WL 4118091, at *1 (D.R.I. Sept. 22, 2010), report and recommendation adopted, No. CA 09-578 S, 2010 WL 4118112 (D.R.I. Oct. 19, 2010) (citing *Figueroa v. Wall*, No. 05–415, 2006 WL 898166, *2 (D.R.I. Mar. 14, 2006)). However, "'[l]ikelihood of success is the main bearing wall' of this 'framework.'" *W Holding Co. v. AIG Ins. Co.-Puerto Rico*, 748 F.3d 377, 383 (1st Cir. 2014) (quoting *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 16 (1st Cir. 1996)). "[I]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *Esso Standard Oil Co. (Puerto Rico) v. Monroig–Zayas*, 445 F.3d 13, 18 (1st Cir. 2006). "To demonstrate likelihood of success on the merits, plaintiffs must show 'more than mere possibility' of success—rather, they must establish a 'strong likelihood' that they will ultimately prevail." *Sindicato Puertorriqueno de Trabajadores v. Fortuno*, 699 F.3d

1, 10 (1st Cir. 2012). As set forth below, plaintiffs cannot meet their burden and their motion should be denied.

## ARGUMENT

### I. MR. O'NEIL CANNOT DEMONSTRATE LIKELIHOOD OF SUCCESS ON THE MERITS.

Mr. O'Neil's claims fail on the merits for all of the reasons set forth in Defendants' memorandum in support of its motion to dismiss, ECF 9, which is incorporated as if fully set forth herein.  Mr. O'Neil's claims all fail because 1) he has not established Article III standing; 2) his claims are not ripe; 3) his claims are barred by res judicata; 4) his claims are barred by the *Rooker-Feldman* doctrine; 5) Pullman abstention counsels against extending jurisdiction; 6) *Bruen* forecloses Plaintiff's Second Amendment claim; and 7) Plaintiff fails to allege a violation of due process.  Nothing in Mr. O'Neil's motion in support of preliminary injunction rescues the defects in his Complaint.  Quite simply put, Mr. O'Neil has a concealed carry permit that allows him to carry a handgun outside the home for purposes of self-defense.  He has alleged no harm of constitutional dimension and his claims must therefore be dismissed in their entirety.[2]

### II. MR. O'NEIL HAS FAILED TO DEMONSTRATE THE REMAINING THREE FACTORS REQUIRED TO OBTAIN A PRELIMINARY INJUNCTION.

#### A. Mr. O'Neil Has Not Demonstrated Irreparable Harm.

To establish irreparable harm, a plaintiff must show that he or she is likely to suffer irreparable injury—irremediable by monetary relief or other legal remedy—before a decision may

---

[2] Mr. O'Neil also adds the argument that *Mosby* is "of limited precedential value" because Mr. O'Neil erroneously believes "that [the] decision found that the constitutional right to 'bear arms' relates exclusively to military service." ECF 7-1, at 4 n.1. Mr. O'Neil flatly misstates the holding in *Mosby*. There, the Rhode Island Supreme Court concluded that while the "bears arms language of art. 1, sec. 22 [of the Rhode Island Constitution] is employed in the military context, *we also recognize an individual right* flowing to the people to keep and bear arms." *Mosby*, 851 A.2d at 1043 (internal quotations omitted) (emphasis added).

be reached on the merits. *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011). Mr. O'Neil has not and cannot do so.

To demonstrate irreparable harm, Mr. O'Neil exclusively relies on out-of-circuit district court precedents. *See* ECF 7-1, at 17-18. These precedents, in turn, cite to an observation from *Elrod v. Burns*, endorsed by only three justices, that "[t]he loss of *First Amendment* freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." 427 U.S. 347, 373 (1976) (Brennan, J.) (emphasis added). This stray observation is not the law governing issuance of preliminary injunctions; even in the First Amendment context, issuance of an injunction "does not follow as a matter of course from a plaintiff's showing of a likelihood of success on the merits" without demonstration of the other three factors. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943-44 (2018); *accord Rushia v. Town of Ashburnham*, 701 F.2d 7, 10 (1st Cir. 1983) (even threat of state prosecution not sufficient to demonstrate irreparable harm).

As explained thoroughly in defendants' motion to dismiss, the facts show that the harm Mr. O'Neil's alleges is wholly conjectural and is neither immediate nor irreparable. Mr. O'Neil's permit from the City of Warwick enables Mr. O'Neil to concealed carry a pistol or revolver in the State of Rhode Island. ECF 7-1, at 4. Mr. O'Neil's sole theory of harm is the attenuated possibility that the denial of the Attorney General permit may hamper his ability to renew other unspecified out-of-state permits at some unspecified time in the future. ECF 7-1, at 5. But again, Mr. O'Neil fails to disclose the other states where he holds permits, when, if at all, these permits are up for renewal, and the actual legal standards used in these other states for permitting renewal decisions. Mr. O'Neil's entire theory of injury is speculative, and he has given this court no specific factual reasons for why he will suffer irreparable harm without a preliminary injunction.

Mr. O'Neil's own delay between the Rhode Island Supreme Court's denial of Mr. O'Neil's writ petition on December 17, 2021, and his motion for preliminary injunction on April 13, 2023, ECF 7-1, more than a year, belies the exigency of the purported harm. "[A] party requesting a preliminary injunction must generally show reasonable diligence." *Benisek*, 138 S. Ct. at 1944. The First Circuit has described a several months' long delay between threat of legal action and filing an injunction as a demonstration of the plaintiffs' "leisurely pace and lack of urgency," which "undercut" the claim of irreparable harm. *Voice of the Arab World*, 645 F.3d at 36; *see also Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244 (11th Cir. 2016) (delay of "even only a few months" "militates against a finding of irreparable harm."); *Citibank, N.A. v. Citytrust*, 756 F.2d 273 (2d Cir. 1985); *Equity in Athletics, Inc. v. US Dep't of Educ.*, 291 Fed.Appx. 517, 521-22 (4th Cir. 2008); *Doe v. Banos*, 713 F. Supp. 2d 404 (D.N.J. 2010), *aff'd on other grounds,* 416 F. App'x 185 (3d Cir. 2010); *Utah Gospel Mission v. Salt Lake City Corp.,* 316 F. Supp. 2d 1201 (D. Utah 2004), *aff'd,* 425 F.3d 1249 (10th Cir. 2005). "The longer the delay, the more pervasive the doubt." *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 163 (1st Cir. 2004); *see also Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 144 (2d Cir. 2005) ("We have found delays of as little as ten weeks sufficient to defeat the presumption of irreparable harm that is essential to the issuance of a preliminary injunction"); *Adventist Health System / SunBelt Inc. v. USHHS*, 17 F.4th 793, 805 (8th Cir. 2021) (finding that a one year delay "undercut[s]…allegations of irreparable harm[.]").

### B. The Balance of Hardships and Public Interest Counsel Against Issuing a Preliminary Injunction.

The balance of hardships and public interest weigh in favor of the State. "[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301 (2012) (Roberts, C.J., in

7

chambers) (quoting *New Motor Vehicle Bd. of Col. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers)) (internal quotations omitted). Decades ago, the Rhode Island General Assembly established a dual permitting program under the Firearms Act. *See Mosby*, 851 A.2d at 1047-1048. In 2004, the *Mosby* decision left the dual permitting program in place with the same procedures used today. The state's longstanding policy choice should not be upended, especially where Mr. O'Neil has proffered no allegations suggesting he faces any form of immediate (or even eventual) hardship. As discussed *supra*, Mr. O'Neil is able to concealed carry a pistol or revolver in the State of Rhode Island and issuance of a preliminary injunction would not change that fact. Moreover, Mr. O'Neil's allegation that the Attorney General's non-renewal decision "will prejudice" Mr. O'Neil's ability to renew out-of-state permits is unsupported by allegations of which out-of-state permits he possesses, when, if at all, these permits are up for renewal, and what standards are used in the out-of-state renewal processes. Finally, even if Mr. O'Neil faces damage resulting from the Attorney General's non-renewal decision before the time it takes to reach a full adjudication on the merits (he does not), any damage is remediable at law, and therefore the preliminary injunction should be denied.

## CONCLUSION

Defendants respectfully ask this Court to grant their Motion to Dismiss for the reasons stated herein, and to dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of each individual Defendant.

Respectfully submitted,

Defendants,

**STATE OF RHODE ISLAND AND RHODE ISLAND ATTORNEY GENERAL PETER NERONHA**, in his official capacity,

By:

**PETER F. NERONHA
ATTORNEY GENERAL**

*/s/ Samuel Ackerman*
Sarah Rice (#10465)
Assistant Attorney General
srice@riag.ri.gov
Samuel Ackerman (#10586)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 ext. 2113
(401) 222-2995 (Fax)
sackerman@riag.ri.gov

**CERTIFICATION**

    I, the undersigned, hereby certify that I have filed the within Document via the ECF System and that it is available for viewing and downloading on this 26th day of April, 2023.

*/s/ Samuel Ackerman*

9