# WEAPONS CARRY PERMIT PACKET

## POLICY
*
## LAWS
*
## APPLICATION



**PETER F. NERONHA**
**ATTORNEY GENERAL**

Dear Applicant:

By applying for a permit to carry a pistol or revolver with the Department of Attorney General, you are exercising your right under Rhode Island General Law §11-47-18. It is this statute which gives the Department of Attorney General the right and responsibility to administer this program in accordance with the law. It is intended as a service to the people of Rhode Island.

It is important to remember that a permit to carry a pistol or revolver does not authorize you to use the firearm. Such usage of a handgun is regulated by other provisions of RI law. Please carefully read the enclosed policy regarding the issuance of the pistol or revolver permit. It is intended to serve as a guideline to aid you in understanding the authority and responsibility of the Attorney General to carry out RI law.

Also contained in this application are the RI General Laws relating to weapons, known as the <u>Firearms Act</u>. Before you are granted a permit to carry a pistol or revolver, you must acknowledge that you are familiar with the provisions of the Act.

This application package does not include Federal laws pertaining to firearms. You must observe both Federal and RI laws. Federal law is administered by Federal agencies. For information relative to Federal regulation of firearms, you may contact the Bureau of Alcohol, Tobacco, and Firearms.

The application itself must be filled out completely and truthfully. It is a crime to knowingly give false information to obtain a permit to carry a pistol or revolver. Please read the instructions carefully and note that first time and renewal applicants must supply all information being requested to the Bureau of Criminal Identification Unit at the time of application.

The submission of the application for a permit to carry a pistol or revolver is the beginning of a process of review by members of the BCI Unit, which culminates in a recommendation of affirmation or denial. Should your application be denied, you will be advised by mail. If you wish to appeal this finding, you may contact the Chief of the BCI Unit at 274-4400 and a personal interview will be scheduled to reconsider the application.

A successful applicant for a permit to carry a pistol or revolver will be notified by mail to respond personally to the Department of Attorney General to obtain the permit. Please exercise your privilege to carry a pistol or revolver in the State of Rhode Island responsibly, properly, and safely.

Sincerely yours,


Adi Goldstein
Deputy Attorney General

# PISTOL <u>PERMIT POLICY</u>

## <u>INTRODUCTION</u>

Pursuant to Rhode Island General Laws § 11-47-18, the Attorney General may issue a license or permit to carry a pistol or revolver to any person twenty-one (21) years of age or over upon a proper showing of need. This statute requires the Attorney General to deny a pistol permit to all persons who do not demonstrate a proper showing of need to carry a pistol or revolver on their person. If an individual is able to demonstrate a proper showing of need, the Attorney General then has discretion to issue or deny a pistol permit. <u>The Providence Journal Company v. Pine</u>, No. C.A. 96-6274, (R.I. Super. Ct., June 24, 1998). No one in the State has a right to obtain a pistol permit. A pistol permit is a privilege left to the sound discretion of the Attorney General. <u>Id.</u>

The Attorney General will exercise his discretion in a manner designed to protect the public at large as well as the individual applicant for a pistol permit.

Pursuant to R.I. Gen. Laws § 11-47-15, the applicant must also qualify to obtain a permit. The right to carry a loaded, concealed firearm in public is different from the right to purchase or possess a handgun in one's own home or business. The privilege to carry a concealed firearm is limited to those who demonstrate a need for, and an understanding and acceptance of, this responsibility.

The Attorney General does not discriminate in the issuance of a pistol permit on grounds of race, sex, national origin, or any other reason prohibited by law.

## <u>PROCEDURE</u>

An applicant for a pistol permit must complete the entire application in full as explained in steps 1-15 on pages 33 and 34 Submit the completed application to the Attorney General at 4 Howard Avenue, Cranston, Rhode Island 02920. The Attorney General then checks the applicant's background with state, local and federal law enforcement databases. The Attorney General may also check Court records and other sources for pending criminal cases, restraining orders and/or discrepancies in the applicant's background, including prior history of mental illness.

The Attorney General will not issue a pistol permit to any applicant who is prohibited from possessing or carrying a firearm under any State or Federal law (e.g. 18 U.S.C. § 922(g)) or pursuant to any Court order.

If this initial check does not disqualify the applicant from obtaining a pistol permit, the Attorney General shall review the application on an individual basis to determine whether there has been a proper showing of need, as required by the statute, and whether the applicant is qualified.

The Office of the Attorney General may revoke, at any time, a license to carry permit pursuant to R.I.G.L. 11-47-13. A permit which has been revoked will not be returned to the permittee, regardless of any change in the circumstances which led to the revocation. This provision does not bar an individual from reapplying for a new permit.

## PROPER SHOWING OF NEED

In considering each individual application for a pistol permit the Attorney General must determine whether or not the applicant has demonstrated a proper showing of need to carry a loaded firearm in public, and consider the individual's demonstration of skill and responsibility to safely carry and use a firearm in compliance with all State, Federal and local laws. Because a loaded, concealed firearm in untrained hands presents danger to the public and the applicant, the Attorney General must consider countervailing risks to the public in assessing need.

While there cannot be any set formula or criteria to limit or restrict the Attorney General's discretion to issue or deny a pistol permit, the Attorney General considers the following factors in assessing an applicant's proper showing of need.

1.    Has the applicant demonstrated a specific articulable risk to life, limb or property? If so, has the applicant demonstrated how a pistol permit will decrease the risk?

2.    Can the applicant readily alter his or her conduct, or undertake reasonable measures other than carrying a loaded firearm, to decrease the danger to life, limb or property?

3.    Are there means of protection available to the applicant other than the possession of a loaded firearm that will alleviate the risk to his or her person or property?

4.    Has the applicant demonstrated the skill, training and ability to properly use a firearm in accordance with Rhode Island laws?

5.    Has the applicant presented a plan to properly secure the firearm so that it does not fall into unauthorized hands?

6.    How greatly will the possession of a loaded firearm by the applicant increase the risk of harm to the applicant or to the public?

7.    Has the applicant demonstrated that he or she will not use the firearm for an unlawful or improper purpose, and that he or she has not used a firearm for an unlawful or improper purpose in the past?

8.    Does past unlawful, dangerous, or violent conduct of the applicant justify denial at the Attorney General's discretion even if it is not sufficient to disqualify the applicant as a matter of law from possessing a firearm?

9.    Has the applicant been issued a protective order pursuant to chapter 15-5, chapter 15-15, or chapter 8-8.1 of the general laws?

10.   Any and all other factors deemed lawful and appropriate by the Attorney General to demonstrate that the applicant is or is not a person suitable to possess a loaded firearm in public.

After assessing the above factors, the Attorney General in his sole discretion shall grant or deny the pistol permit. In certain cases, the Attorney General may issue a pistol permit with restrictions in lieu of a denial.

In addition to these reasons, the Attorney General will give consideration to those persons who seek renewal of existing permits who have demonstrated through their actions and experience a level of responsibility commensurate with that expected of one who is privileged to carry a loaded firearm in the public sector.

**RESPONSIBILITIES**

Approved holders must maintain, use, and store their firearm or firearms in a responsible manner.  All permit holders are required to inform their respective city or town police departments, as well as the Bureau of Criminal Identification of the Department of Attorney General, within 24 hours of becoming aware of the loss or theft of a weapon.  If you do not report a loss or theft timely, your permit may be suspended.

<u>CONCLUSION</u>

This policy is meant as a general guideline to aid the public in understanding the Attorney General's authority to carry out the requirements of Rhode Island General Laws § 11-47-18 and it shall be followed as a guideline in the assessment of applications for a pistol permit.  This policy is not intended to and does not confer any rights on any person.  As required by law, the Attorney General shall retain the right to accept or reject any application for a pistol permit upon his sole determination of "a proper showing of need."

This policy supersedes all prior policies.
Dated:  January 23, 2001

# CHAPTER 11-47
# Weapons

## Index Of Sections

- **§ 11-47-1 Short title.**

- **§ 11-47-2 Definition of terms.**

- **§ 11-47-3 Carrying dangerous weapons or substances when committing crime of violence.**

- **§ 11-47-3.1 Carrying a stolen firearm when committing a crime of violence.**

- **§ 11-47-4 Being armed prima facie evidence of intention.**

- **§ 11-47-5 Possession of arms by person convicted of crime of violence or who is a fugitive from justice.**

- **§ 11-47-5.1 Larceny of a firearm.**

- **§ 11-47-6 Mental incompetents, drug addicts, and drunkards prohibited from possession.**

- **§ 11-47-7 Possession of firearm by alien.**

- **§ 11-47-8 License or permit required for carrying pistol – Possession of machine gun.**

- **§ 11-47-9 Persons exempt from restrictions.**

- **§ 11-47-9.1 Additional exemptions.**

- **§ 11-47-10 License or permit not required to carry to target range.**

- **§ 11-47-11 License or permit to carry concealed pistol or revolver.**

- **§ 11-47-12 License or permit fee.**

- **§ 11-47-13 Revocation of license or permit.**

- **§ 11-47-14 Licenses and permits to banks and carriers.**

- **§ 11-47-15 Proof of ability required for license or permit.**

- **§ 11-47-15.1 Qualifications required of law enforcement officers appointed after June 6, 1970.**

- **§ 11-47-15.2 Definitions of law enforcement firing positions.**

- **§ 11-47-15.3 Commission on law enforcement standards and training.**

- **§ 11-47-16 Certification of qualification.**

- **§ 11-47-17 Qualifications required of law enforcement officers appointed after June 17, 1959.**

- **§ 11-47-17.1 Mandatory or discretionary nature of § 11-47-15.1 requirements – Qualification reports to be filed.**

- **§ 11-47-18 License or permit issued by attorney general on showing of need – Issuance to retired police officers.**

- **§ 11-47-19 Machine gun manufacturers' licenses or permits.**

- **§ 11-47-20 Sale or possession of silencers.**

- **§ 11-47-20.1 Armor-piercing bullets.**

- **§ 11-47-20.2 Possession during commission of a felony.**

- **§ 11-47-20.3 Injury or death of law enforcement officer.**

- **§ 11-47-21 Restrictions on possession or carrying of explosives or noxious substances.**

- **§ 11-47-22 Forfeiture and destruction of unlawful firearms.**

- **§ 11-47-23 False information in securing firearm or license.**

- **§ 11-47-24 Alteration of marks of identification on firearms.**

- **§ 11-47-25 Antique firearms and collections.**

- **§ 11-47-26 Penalties for violations.**

- **§ 11-47-27 Standard of proof under §§ 11-47-1 – 11-47-34.**

- **§ 11-47-28 Arrest and detention for possession of firearms.**

- **§ 11-47-29 Certification of conviction of alien.**

- **§ 11-47-30 Sale, transfer or delivery of firearms to minors.**

- **§ 11-47-31 Sale, transfer or delivery of ammunition to minors.**

- **§ 11-47-32 Possession of ammunition by minor.**

- **§ 11-47-33 Possession of firearms by minors.**

- **§ 11-47-34 Firearms permits to minors.**

- **§ 11-47-35 Sale of concealable weapons – Safety courses and tests – Review board – Issuance of permits to certain government officers.**

- **§ 11-47-35.1 Persons exempt from § 11-47-35.**

- **§ 11-47-35.2 Sale of rifles/shotguns.**

- **§ 11-47-35.3 Annual report on application process administration.**

- **§ 11-47-36 Purchase of concealable firearms from out of state dealers.**

- **§ 11-47-37 Sale to minors and others forbidden.**

- **§ 11-47-38 Dealers to be licensed.**

- **§ 11-47-39 Issuance and conditions of dealer's license.**

- **§ 11-47-40 Register of sales of firearms – Display of firearms.**

- **§ 11-47-41 Government firearm registration prohibited.**

- **§ 11-47-42 Weapons other than firearms prohibited.**

- **§ 11-47-43 Collectors and police officers exempt from § 11-47-42.**

- **§ 11-47-44 Standard of proof under §§ 11-47-42 and 11-47-43.**

- **§ 11-47-45 Arrest and detention for possession of weapon prohibited by § 11-47-42.**

- **§ 11-47-46 Sections 11-47-42 – 11-47-45 inapplicable to firearms.**

- **§ 11-47-47 Display of weapons.**

- **§ 11-47-48 Report of gunshot wounds.**

- **§ 11-47-48.1 Report of lost or stolen weapons.**

- **§ 11-47-49 Firing across highways prohibited.**

- **§ 11-47-49.1 Firing in Blackstone Valley Flood Plain prohibited.**

- **§ 11-47-50 Firing without landowner's permission – Firing in compact area.**

- **§ 11-47-51 Loaded weapons in vehicles.**

- **§ 11-47-51.1 Discharge of firearm or incendiary or explosive substance or device from motor vehicle.**

- **§ 11-47-52 Carrying of weapon while under the influence of liquor or drugs.**

- **§ 11-47-53 Limitation of prosecutions under §§ 11-47-49 – 11-47-52 – Fines.**

- **§ 11-47-54 Licensing of shooting galleries.**

- **§ 11-47-55 Enforcement of chapter.**

- **§ 11-47-56 Constitutionality.**

- **§ 11-47-57 "Mace" or similar substances.**

- **§ 11-47-58 Firearms – State pre-emption.**

- **§ 11-47-59 Possession of knife during commission of crime.**

- **§ 11-47-60 Possession of firearms on school grounds.**

- **§ 11-47-60.1 Safe storage.**

- **§ 11-47-60.2 Possession of weapons on school grounds – Notification.**

- **§ 11-47-61 Drive-by shootings.**

- **§ 11-47-62 Immunity from prosecution – Criminal or civil.**

# TITLE 11
# Criminal Offenses

## CHAPTER 11-47
## Weapons

**§ 11-47-1 Short title.** – This chapter may be cited as the firearms act.

**§ 11-47-2 Definition of terms.** – When used in this chapter, the following words and phrases shall be construed as follows:

(1) "Antique firearm" shall be defined as that term is defined under the provisions of title 18, United States Code, subsection 921 (18 U.S.C. § 921).

(2) "Crime of violence" shall mean and include any of the following crimes or an attempt to commit any of them; murder, manslaughter, rape, first or second degree sexual assault, first or second degree child molestation, kidnapping, first and second degree arson, mayhem, robbery, burglary, breaking and entering, any felony violation involving the illegal manufacture, sale, or delivery of a controlled substance, or possession with intent to manufacture, sell, or deliver a controlled substance classified in schedule I or schedule II of § 21-28-2.08, any violation of § 21-28-4.01.1 or 21-28-4.01.2 or conspiracy to commit any violation of these statutes, assault with a dangerous weapon, assault or battery involving grave bodily injury, and/or assault with intent to commit any offense punishable as a felony; upon any conviction of an offense punishable as a felony offense under § 12-29-5.

(3) "Firearm" shall include any machine gun, pistol, rifle, air rifle, air pistol, "blank gun," "BB gun," so-called, or other instrument from which steel or metal projectiles are propelled, or which may readily be converted to expel a projectile, except recurve, compound, or longbows and except such instruments propelling such projectiles which instruments are designed or normally used for a primary purpose other than as a weapon. The frame or receiver of any such weapon shall be construed as a firearm under the provisions of this section.

(4) "Fugitive from justice" shall mean any person who has fled from any state, territory, the District of Columbia, or possession of the United States to avoid prosecution for a crime of violence or to avoid giving testimony in any criminal proceeding.

(5) "Licensing authorities" shall mean the board of police commissioners of a city or town where such board has been instituted, the chief of police or superintendent of police of other cities and towns having a regular

(6) organized police force, and, in towns where there is no chief of police or superintendent of police, it shall mean the town clerk who may issue licenses upon the recommendation of the town sergeant, and it shall also mean any other person or body duly authorized by the city or town charter or by state law.

(7) "Machine gun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term

shall also include the frame or receiver of any such weapon, any combination of parts designed and intended for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun can be assembled if the parts are in the possession or under the control of a person.

(8)  "Person" shall include individual, partnership, firm, association, or corporation.

(9)  "Pistol" shall include any pistol or revolver, and any shotgun, rifle, or similar weapon with overall length less than twenty-six inches (26"), but shall not include any pistol or revolver designed for the use of blank cartridges only.

(10)   "Sawed-off rifle" shall mean any rifle with overall length of less than twenty-six inches (26") and/or barrel length of less than sixteen inches (16").

(11)   "Sawed-off shotgun" shall mean any shotgun with overall length of less than twenty-six inches (26") and/or barrel length of less than eighteen inches (18").

(12)   "Sell" shall include let or hire, give, lend, and transfer, and the word "purchase" shall include hire, accept, and borrow, and the expression "purchasing" shall be construed accordingly.


**§ 11-47-3 Carrying dangerous weapons or substances when committing crime of violence.** – No person shall commit or attempt to commit a crime of violence when armed with or having available any firearm, any explosive substance, any noxious liquid, gas, or substance, or any acid. Every person violating the provisions of this section shall be punished for the first such conviction by imprisonment for not less than three (3) nor more than ten (10) years; and for a second conviction under this section by imprisonment for not less than ten (10) nor more than twenty (20) years and for a third or subsequent such conviction the person so convicted shall be sentenced to not less than fifteen (15) years to life imprisonment; and for the penalties provided in this section he or she shall not be afforded the provisions of suspension or deferment of sentence, nor of probation.


**§ 11-47-3.1 Carrying a stolen firearm when committing a crime of violence.** – No person shall commit a crime of violence when armed with or having available a stolen firearm. Every person violating the provisions of this section shall be punished for the first conviction by imprisonment for not less than five (5) nor more than ten (10) years; and for a second conviction under this section by imprisonment for not less than fifteen (15) nor more than twenty (20) years, and for a third or subsequent conviction under this section by imprisonment for not less than twenty (20) years and may be imprisoned for life. The sentence imposed shall be consecutive to the underlying sentence for the crime of violence.


**§ 11-47-4 Being armed prima facie evidence of intention.** – In the trial of a person for committing or attempting to commit a crime of violence the fact that he or she was armed with or had available a pistol or revolver without license to carry it, or was armed with or had available a machine gun, shall be prima facie evidence of his or her intention to commit the crime of violence.


**§ 11-47-5 Possession of arms by person convicted of crime of violence or who is a fugitive from justice.** –
(a)  No person who has been convicted in this state or elsewhere of a crime of violence or who is a fugitive from justice shall purchase, own, carry, transport, or have in his or her possession any firearm.

(b) Notwithstanding the provisions of subsection (a) herein, no person convicted of an offense punishable as a felony offense under § 12-29-5 shall purchase, own, carry, transport, or have in his or her possession any firearm, for a period of two (2) years following the date of such conviction.

(c) No person who is in community confinement pursuant to the provisions of § 42-56-20.2 or who is otherwise subject to electronic surveillance or monitoring devices as a condition of parole shall purchase, carry, transport, or have in his or her possession any firearm. This subsection shall not apply to any person who has not been convicted of (or pleaded guilty or nolo contendere to) a crime of violence in a court of competent jurisdiction.

(d) Every person violating the provisions of this section shall, upon conviction, be punished by imprisonment for not less than two (2) nor more than ten (10) years; and for penalties provided in this section he or she shall not be afforded the benefit of suspension or deferment of sentence nor of probation.

**§ 11-47-5.1 Larceny of a firearm. –**

(a) Every person who shall steal any firearm shall be deemed guilty of larceny. Firearm, as utilized in this section only, shall not apply to an air rifle, air pistol, "blank gun," or "BB gun." Every person violating the provisions of this section shall be punished, upon conviction, by imprisonment for not less than one year nor more than five (5) years; and for penalties provided in this section he or she shall not be afforded the provisions of suspension or deferment of sentence nor of probation.

(b) No person shall steal any firearm as defined in this section and then sell, lend, or transfer such firearm or firearms. Any person convicted of violating the provisions of this subsection shall be punished by imprisonment for not less than ten (10) years nor more than twenty (20) years, and further provided that the sentence shall be consecutive to any other sentence he or she may receive or is serving.


**§ 11-47-6 Mental incompetents, drug addicts, and drunkards prohibited from possession. –** No person who is under guardianship or treatment or confinement by virtue of being a mental incompetent, or who has been adjudicated or is under treatment or confinement as a drug addict, or who has been adjudicated or is under treatment or confinement as an habitual drunkard, shall purchase, own, carry, transport, or have in his or her possession or under his or her control any firearm. Any person affected by the provisions of this section, other than a person who has been pronounced criminally insane by competent medical authority, after the lapse of a period of five (5) years from the date of being pronounced cured by competent medical authority, may, upon presentation of an affidavit issued by competent medical authority to the effect that he or she is a mentally stable person and a proper person to possess firearms, make application for the purchase of the firearm(s). Any person affected by the provisions of this section, in making application for the purchase of firearms and in executing the application, thereby voluntarily waives his or her right to refuse or refrain from disclosing any confidential information, including, but not limited to, any information arising from the physician-patient relationship, pertinent to a determination by the proper authorities regarding the approval or disapproval of this application. Any person affected by the provisions of this section, in making application for the purchase of firearms and in executing the application, further agrees to allow the proper authorities to investigate any and all medical records of the applicant pertinent to a determination by the authorities regarding the approval or disapproval of this application. In the event that the application is approved and if the person has no other disqualifying record he or she will be allowed to purchase and possess firearms.

**§ 11-47-7 Possession of firearm by alien.** – No unnaturalized foreign born person who entered the United States in violation of the laws of the United States or, having legally entered the United States in a lawful manner but now remains in the United States in violation of the laws of the United States, shall purchase, own, carry, transport, or have in his or her possession or under his or her control any firearm.

When any person is charged under this section, the law enforcement agency bringing said charge shall, prior to arraignment, notify the United States Office of Immigration and Naturalization of said charge and further notify the court, at arraignment, of the alleged status of the person so charged.

**§ 11-47-8 License or permit required for carrying pistol – Possession of machine gun.** –

(a) No person shall, without a license or permit, issued as provided in §§ 11-47-11, 11-47-12 and 11-47-18, carry a pistol or revolver in any vehicle or conveyance or on or about his or her person whether visible or concealed, except in his or her dwelling house or place of business or on land possessed by him or her or as provided in §§ 11-47-9 and 11-47-10. The provisions of the above section shall not apply to any person who is the holder of a valid license or permit issued by the licensing authority of another state, or territory of the United States, or political subdivision thereof, allowing him or her to carry a pistol or revolver in any vehicle or conveyance or on or about his or her person whether visible or concealed, provided the person is merely transporting the firearm through the state in a vehicle or other conveyance without any intent on the part of said person to detain him or herself or remain within the state of Rhode Island. No person shall manufacture, sell, purchase, or possess a machine gun except as otherwise provided in this chapter. Every person violating the provision of this section shall, upon conviction, be punished by imprisonment for not less than one nor more than ten (10) years or by a fine up to ten thousand dollars ($10,000), or both, and except for a first conviction under this section shall not be afforded the provisions of suspension or deferment of sentence, nor a probation.

(b) No person shall have in his or her possession or under his or her control any sawed-off shotgun or sawed-off rifle as defined in § 11-47-2. Any person convicted of violating this subsection shall be punished by imprisonment for up to ten (10) years or by a fine of up to five thousand dollars ($5,000), or both, and for any subsequent conviction.

(c) No person shall have in his or her possession or under his or her control any firearm while the person delivers, possesses with intent to deliver, or manufactures a controlled substance. Any person convicted of violating this subsection shall be punished by imprisonment for not less than two (2) years nor more than twenty (20) years; and further provided, that the sentence shall be consecutive to any sentence the person may receive for the delivery, possession with intent to deliver, or the manufacture of the controlled substance. It shall not be a defense to a violation of this subsection that a person has a license or permit to carry or possess a firearm.

**§ 11-47-9 Persons exempt from restrictions.** – The provisions of § 11-47-8 shall not apply to sheriffs, deputy sheriffs, the superintendent and members of the state police, members of the Rhode Island airport police department, assistant director (adult services), deputy assistant director, associate directors, members of the Rhode Island state marshals, correctional officers, all within the department of corrections, members of the city or town police force, capitol police investigators of the department of attorney general appointed pursuant to § 42-9-8.1, the director, assistant director, and other inspectors and agents at the Rhode Island state fugitive task force appointed pursuant to § 12-6-7.2, railroad police while traveling to and from official assignments or while on assignments, conservation officers, or other duly appointed law enforcement officers, nor to members of the army, navy, air force, marine corps of the United States, the national guard, or organized reserves, when on duty, nor to members of organizations by law authorized to purchase or receive firearms from the United States or this state, provided such members are at or going to or from their places of assembly or target practice, nor to officers or employees of the United States authorized by law to carry a concealed firearm, nor to any civilian guard or criminal investigator carrying sidearms or a concealed firearm in the performance of his or her official

13

duties under the authority of the commanding officer of the military establishment in the state of Rhode Island where he or she is employed by the United States, nor to any civilian guard carrying sidearms or a concealed firearm in the performance of his or her official duties under the authority of the adjutant general where he or she is employed guarding a national guard facility, provided, however, that the commanding officer of such military establishment shall have on file with the attorney general of this state a list of the names and addresses of all such civilian guards and criminal investigators so authorized, nor to duly authorized military organizations when on duty, nor to members when at or going to or from their customary places of assembly, nor to the regular and/or ordinary transportation of pistols as merchandise, nor to any person while carrying a pistol unloaded and securely wrapped from the place of purchase to his or her home or place of business, or in moving goods from one place of abode or business to another. Persons exempted by the provisions of this section from the provisions of § 11-47-8 shall have the right to carry concealed firearms everywhere within this state; provided, however, that this shall not be construed as giving the right to carry concealed firearms to a person transporting firearms as merchandise or as household or business goods.

**§ 11-47-9.1 Additional exemptions.** – The provisions of §§ 11-47-8 and 11-47-11 shall not apply to members of the state police, members of city or town police forces, and members of the Rhode Island airport police department. Persons exempted by the provisions of this section from the provisions of § 11-47-8 shall have the right to carry concealed firearms everywhere within this state; provided, however, that this shall not be construed as giving the right to carry concealed firearms to a person transporting firearms as merchandise or as household or business goods.

**§ 11-47-10 License or permit not required to carry to target range.** – No license or permit shall be required for the purpose of carrying or transporting any pistol or revolver from one's home or place of business to a bona fide target practice range, nor from a bona fide target practice range to one's home or place of business, to engage in any shoot meet, or practice, provided that the pistol or revolver is broken down, unloaded and carried as openly as circumstances will permit, or provided that the pistols or revolvers are unloaded and secured in a separate container suitable for the purpose.

**§ 11-47-11 License or permit to carry concealed pistol or revolver.** –
(a) The licensing authorities of any city or town shall, upon application of any person twenty-one (21) years of age or over having a bona fide residence or place of business within such city or town, or of any person twenty-one (21) years of age or over having a bona fide residence within the United States and a license or permit to carry a pistol or revolver concealed upon his or her person issued by the authorities of any other

(b) state or subdivision of the United States, issue a license or permit to the person to carry concealed upon his or her person a pistol or revolver everywhere within this state for four (4) years from date of issue, if it appears that the applicant has good reason to fear an injury to his or her person or property or has any other proper reason for carrying a pistol or revolver, and that he or she is a suitable person to be so licensed. The license or permit shall be in triplicate in form to be prescribed by the attorney general and shall bear the fingerprint, photograph, name, address, description, and signature of the licensee and the reason given for desiring a license or permit and in no case shall it contain the serial number of any firearm. The original shall be delivered to the licensee. Any member of the licensing authority, its agents, servants, and employees shall be immune from suit in any action, civil or criminal, based upon any official act or decision, performed or made in good faith in issuing a license or permit under this chapter.

(c) Notwithstanding any other chapter or section of the general laws of the state of Rhode Island, the licensing authority of any city or town shall not provide or release to any individual, firm, association or corporation the name, address, or date of birth of any person who has held or currently holds a license or permit to carry

a concealed pistol or revolver. This section shall not be construed to prohibit the release of any statistical data of a general nature relative to age, gender and racial or ethnic background nor shall it be construed to prevent the release of information to parties involved in any prosecution of § 11-47-8 or in response to a lawful subpoena in any criminal or civil action which said person is a party to such action.

**§ 11-47-12 License or permit fee. –** A fee of forty dollars ($40.00) shall be charged and shall be paid for each license or permit to the licensing authority issuing the same. Every such license or permit shall be valid for four (4) years from the date when issued unless sooner revoked. The fee charged for issuing of such license or permit shall be applied for the use and benefit of the city, town, or state of Rhode Island.

**§ 11-47-13 Revocation of license or permit. –** Any such license or permit may be revoked for just cause at any time by the authority granting it, and, upon revocation, such authority shall give immediate notice to the attorney general, who shall immediately note the revocation, with the date of revocation, upon the copy of the license or permit on file in his or her office.

**§ 11-47-14 Licenses and permits to banks and carriers. –** The attorney general may issue a license or permit to any banking institution doing business in this state or to any public carrier who is in the business of transporting mail, money, securities, or other valuables, to possess and use machine guns under such regulations as the attorney general may prescribe.

**§ 11-47-15 Proof of ability required for license or permit. –** No person shall be issued a license or permit to carry a pistol or revolver concealed upon his or her person until he or she has presented certification as prescribed in § 11-47-16 that he or she has qualified with a pistol or revolver of a caliber equal to or larger than the one he or she intends to carry, that qualification to consist of firing a score of 195 or better out of a possible score of 300 with thirty (30) consecutive rounds at a distance of twenty-five (25) yards on the army "L" target, firing "slow" fire. The "slow" fire course shall allow ten (10) minutes for the firing of each of three (3) ten (10) shot strings.

**§ 11-47-15.1 Qualifications required of law enforcement officers appointed after June 6, 1970. –** Except as provided in § 11-47-15.3, all law enforcement officers of this state and its political subdivisions whose permanent appointment shall take place later than June 6, 1970, shall qualify on the official national rifle association B-21 police combat target firing a score of 165 or better out of a possible score of 250 with fifty (50) rounds in the distance, time period, and position required in the course.
Stage A. – 7 yards 10 shots crouch position, time 25 seconds.
Stage B. – 12 yards 5 shots point shoulder left hand 5 shots point shoulder right hand, both unsupported and 5 shots      kneeling, time 75 seconds.
Stage C. – 21 yards 5 shots point shoulder left hand supported, 5 shots point shoulder right hand supported, time 45 seconds.
Stage D. – 25 yards 5 shots prone, 5 shots left hand barricade, 5 shots right hand barricade, time one minute 45 seconds.
All stages are started with the weapon loaded with 5 rounds and holstered.

**§ 11-47-15.2 Definitions of law enforcement firing positions. –**
(a) Crouch Position – Exerted effort to reduce the size of the body, weapon may be fired with one or two hands, the shooter may not drop to his or her knee(s).

(b) Point Shoulder – A semi-crouch position with weapon held at shoulder level.

(c) Kneeling – Kneeling on one knee, the other extended towards the target. One arm may be supported on the forward knee. The weapon may be fired with either hand and may be supported by the free hand.

(d) Barricade – Standing on both feet drawing the weapon and using the free hand to support it, with the use of the barricade.

(e) Prone – Body extended on the ground, head towards the target. The weapon may be supported by both hands which are extended towards the target. The shooter shall assume this position by dropping to his or her knees. Weapon shall be drawn while in kneeling position, free hand shall be extended forward to support shooter as he continues into the prone position.

## § 11-47-15.3 Commission on law enforcement standards and training. –

(A) In lieu of the provisions of §§ 11-47-15.1, 11-47-15.2 and 11-47-17; each law enforcement department of this state and its political subdivisions may, on an annual basis, submit to the commission on law enforcement standards and training, herein after referred to as the commission, a proposal for the training and qualification of their officers on all firearms which they are authorized to carry or use in the performance of their official duties.

(B) Each such proposal shall include training and qualification in the following areas:
    (1) Decision shooting
    (2) Reduced light shooting
    (3) Moving targets
    (4) Use of cover
    (5) Nondominate hand shooting
    (6) Alternate position shooting
    (7) Reloading drills
    (8) Malfunction drills

(B) A minimum number of one hundred (100) rounds shall be fired by each officer during the training and qualification.

(C) Qualification shall be no less than twenty percent (20%) nor more than fifty percent (50%) of the total rounds fired. A minimum qualifying score shall be sixty-six percent (66%) of the rounds fired during the qualification phase.

(D) The commission shall review each proposal and, within fourteen (14) days notify the department, in writing, whether the proposal is accepted or rejected. In the case of rejection, the commission shall make recommendations to the department which, if implemented, would make the proposal acceptable. Upon receipt of this notification, the department shall have fourteen (14) days to submit a new proposal that is acceptable to the commission.

(E) In the event that a department neglects to submit a proposal to the commission or fails to submit a proposal that is approved by the commission, the officers of that department shall be required to fulfill the requirements for qualification as set out in §§ 11-47-15.1, 11-47-15.2, 11-47-17 or 11-47-17.1.

(F) All law enforcement officers of this state and its political subdivisions whose permanent appointment shall take place after July 1, 1997, will be required to qualify under the provisions of this section with all weapons which they are authorized to carry or use in the execution of their official duties.

(G) Any law enforcement officer of this state and its political subdivisions whose permanent appointment took place prior to July 1, 1997, may elect to qualify under the applicable provisions of §§ 11-47-15.1, 11-47-15.2, 11-47-17 or 11-47-17.1.

**§ 11-47-16 Certification of qualification. –** The range officer of the Rhode Island state police, the range officer of any city or town police department maintaining a regular and continuing firearms training program, a pistol instructor certified by the National Rifle Association and/or the United States Revolver Association, and other qualified persons as the attorney general may designate are authorized to certify the qualification required by §§ 11-47-15 and 11-47-15.1. The certification required by §§ 11-47-15 and 11-47-15.1 and § 11-47-15.3 shall be accomplished on a form to be prescribed by the attorney general.

**§ 11-47-17 Qualifications required of law enforcement officers appointed after June 17, 1959. –** Except as provided in § 11-47-15.3 all law enforcement officers of this state and its political subdivisions whose permanent appointment shall take place after June 17, 1959, will be required to qualify with the pistol or revolver with which they are armed prior to their permanent appointment, that qualification to be the same as that required in § 11-47-15. Constables, special officers, and all law enforcement officers who by law are authorized to carry side-arms and whose appointments are made on a recurring basis will be required to qualify not later than one year following the date of enactment of this section, and their commissions or warrants will be plainly marked or stamped "QUALIFIED WITH PISTOL OR REVOLVER" and will be signed and dated by the

certifying authority attesting to that fact. The failure of any law enforcement officer to qualify under the provisions of this section revokes his privilege of carrying a pistol or revolver, whether concealed or not, on or about his or her person. All law enforcement officers of this state and its political subdivisions will repeat this qualification at periods of not more than one year.

**§ 11-47-17.1 Mandatory or discretionary nature of § 11-47-15.1 requirements – Qualification reports to be filed. –**
(a) All law enforcement officers of this state and its political subdivisions whose permanent appointment shall take place later than June 6, 1970 shall be required to qualify with the pistol or revolver with which they are armed prior to their permanent appointment, that qualification to be as required in §§ 11-47-15.1 and 11-47-15.3. All permanent appointed law enforcement officers of this state and its political subdivisions who are required to qualify under § 11-47-17, may, at the discretion of the officer, qualify under either §§ 11-47-15, 11-47-15.1 or 11-47-15.3. The failure of any law enforcement officer to qualify under the provisions of this section revokes his or her privilege of carrying a pistol or revolver, whether concealed or not, on or about his or her person. Qualification under this section will be required at periods of not more than one year.
(b) Copies of all of the qualification reports shall be filed with the office of the attorney general.

**§ 11-47-18 License or permit issued by attorney general on showing of need – Issuance to retired police officers. –**
(a) The attorney general may issue a license or permit to any person twenty-one (21) years of age or over to carry a pistol or revolver, whether concealed or not, upon his or her person upon a proper showing of need, subject to the provisions of §§ 11-47-12 and 11-47-15, that license or permit may be issued notwithstanding the provisions of § 11-47-7.

(b) All state police officers and permanent members of city and town police forces of this state who have retired in good standing after at least twenty (20) years of service or retired in good standing due to a physical disability other than a psychological impairment, may be issued a license or permit by the attorney general subject to the provisions of §§ 11-47-12 and 11-47-15. Any member of the licensing authority, and its

agents, servants, and employees shall be immune from suit in any action, civil or criminal, based upon any official act or decision, performed or made in good faith in issuing a license or permit under this chapter.

(c)  Notwithstanding any other chapter or section of the general laws of the state of Rhode Island, the attorney general shall not provide or release to any individual, firm, association or corporation the name, address, or date of birth of any person who has held or currently holds a license or permit to carry a concealed pistol or revolver. This section shall not be construed to prohibit the release of any statistical data of a general nature relative to age, gender and racial or ethnic background nor shall it be construed to prevent the release of information to parties involved in any prosecution of § 11-47-8 or in response to a lawful subpoena in any criminal or civil action which said person is a party to such action.

**§ 11-47-19 Machine gun manufacturers' licenses or permits. –** The attorney general may issue to any person, firm, or corporation, engaged in manufacturing in this state, a license or permit to manufacture and sell machine guns and any or all machine gun parts under such regulations as the attorney general may prescribe.

**§ 11-47-20 Sale or possession of silencers. –** It shall be unlawful within this state to manufacture, sell, purchase, or possess any muffler, silencer, or device for deadening or muffling the sound of a firearm when discharged. Violations of this section shall be punished by imprisonment for not less than one year and one day.

**§ 11-47-20.1 Armor-piercing bullets. –** It shall be unlawful within this state for any person to import, manufacture, sell, purchase, or otherwise transfer any bullets which have steel inner cores or cores of equivalent hardness and truncated cones and which are designed for use in pistols as armor-piercing or metal-piercing bullets. Any person who violates the provisions of this section shall be punished by imprisonment for not more than three (3) years or a fine of not more than five thousand dollars ($5,000), or both. This section shall not apply to the purchase of those bullets by the Rhode Island State Police, by any city or town police department of the state of Rhode Island; or by the department of environmental management for display as a part of a firearms training course under its auspices.

**§ 11-47-20.2 Possession during commission of a felony. –** Any person who uses bullets referred to in § 11-47-20.1 in the commission of a felony or who carries bullets of that kind in any weapon during the commission of a felony, shall, in addition to the punishment provided for the commission of such felony, be punished by imprisonment for not less than one year nor more than ten (10) years or a fine of not more than ten thousand dollars ($10,000), or both.

**§ 11-47-20.3 Injury or death of law enforcement officer. –** Any person who uses such bullets as defined in § 11-47-20.1 in the shooting of any law enforcement officer acting in the performance of his or her official duties so as to cause injury or death to the officer shall, upon conviction, be sentenced to life imprisonment.

**§ 11-47-21 Restrictions on possession or carrying of explosives or noxious substances. –** Any person, except a member of the state police, the sheriff or the sheriff 's deputies, a member of the police force of any city or town, or a member of the army, navy, air force, or marine corps of the United States, or of the national guard or organized reserves when on duty, who possesses, or carries on or about his or her person or in a vehicle, a bomb or bombshell, except for blasting or other commercial use, or who, with intent to use the same unlawfully against the person or property of another, possesses or carries any explosive substance, or any noxious liquid, gas, or substance, shall be guilty of a violation of this chapter and punished as provided in § 11-47-26.

**§ 11-47-22 Forfeiture and destruction of unlawful firearms. –** No property right shall exist in any firearm unlawfully possessed, carried, or used, and all unlawful firearms are hereby declared to be nuisances and forfeited to the state. When forfeited firearms shall be taken from any person, they shall be surrendered to the superintendent of state police, or to the chief of police in the city or town in which they are taken, or to the town sergeant of such town where there is no chief or superintendent of police. The officer to whom they are surrendered shall, except upon a certificate of a justice of the superior court or the attorney general that the nondestruction of the weapons is necessary or proper to the ends of justice, proceed to destroy all such firearms at stated intervals of not more than one year. Provided, however, that if any forfeited firearm shall be found to be the property of an innocent owner, it shall be returned to the owner if and when no longer needed for purposes of evidence. Any owner of a firearm who shall knowingly fail to report the loss or theft of the firearm to the proper law enforcement authorities shall not be entitled to its return.

**§ 11-47-23 False information in securing firearm or license. –** No person shall, in purchasing, or otherwise securing delivery of a shotgun, rifle, pistol, or revolver, or in applying for a license to carry it, give false information or offer false evidence of his or her identity. Violation of the provisions of this section may be punished by imprisonment for not more than five (5) years.

**§ 11-47-24 Alteration of marks of identification on firearms. –** No person shall change, alter, remove, or obliterate the name of the maker, model, manufacturer's number, or other mark of identification on any firearm. Possession of any firearm upon which any such mark shall have been changed, altered, removed, or obliterated, shall be prima facie evidence that the possessor has changed, altered, removed, or obliterated it. Violation of the provisions of this section may be punished by imprisonment for not more than five (5) years.

**§ 11-47-25 Antique firearms and collections. –** This chapter shall not apply to antique firearms unsuitable for use, nor to collections of firearms utilized and maintained for educational, scientific, or any similar purpose without intent to use the firearms.

**§ 11-47-26 Penalties for violations. –** Unless otherwise specified, any violation of any provision of this chapter shall be punished by a fine of not more than one thousand dollars ($1,000) or imprisonment for not more than five (5) years or both such fine and imprisonment; provided, however, that a violation of any of the provisions of §§ 11-47-1 – 11-47-34, inclusive, with relation to air rifle, air pistol, "blank gun," "BB gun," so-called, or other instrument other than a machine gun, shotgun, rifle, or pistol, from which steel or other metal projectiles are propelled, shall for the first offense be punished by a fine of not more than fifty dollars ($50.00) and for the second or any subsequent offense by a fine of not more than one hundred dollars ($100) or by imprisonment for not more than thirty (30) days, or both; and provided, further, however, that the provisions of chapter 1 of title 14 shall apply in the case of any person under the age of eighteen (18) years.

**§ 11-47-27 Standard of proof under §§ 11-47-1 – 11-47-34. –** No negative allegation of any kind need be averred or proved in any complaint under §§ 11-47-1 – 11-47-34, inclusive, and the carrying or use of any firearm contrary to the provisions of those sections shall be evidence that the possession, carrying or use of any firearm is unlawful, but the respondent in any case brought under those sections may show any fact that would render the possession, or use, or carrying of the firearm lawful.

**§ 11-47-28 Arrest and detention for possession of firearms. –** Every officer authorized to make an arrest may, without complaint and warrant, arrest any person who has in his or her possession any firearm, whenever the officer has reasonable ground to suspect that the person possesses or is using or is carrying the firearm contrary to law. Any person so arrested may be detained a reasonable time, not exceeding twenty-four (24) hours, for the purpose of making an investigation concerning the person, but no person so arrested shall be detained longer than twenty-four (24) hours without complaint being made against him or her before some proper court or justice. If the officer making the arrest shall at any time within the twenty-four (24) hours satisfy himself or
herself that there is no ground for making a criminal complaint against the person, he or she shall thereupon be discharged from custody.

**§ 11-47-29 Certification of conviction of alien. –** In the case of the conviction under §§ 11-47-1 – 11-47-34, inclusive, of a person who is not a citizen of the United States, it shall be the duty of the clerk of the court in which conviction is secured to certify the fact of the conviction to the proper officer of the United States government having supervision of the deportation of aliens.

**§ 11-47-30 Sale, transfer or delivery of firearms to minors. –** It shall be unlawful within this state for any person to sell, transfer, give, convey, or cause to be sold, transferred, given or conveyed any firearm to any person under eighteen (18) years of age, except for the limited purposes set forth in §§ 11-47-33 and 11-47-34 and with the prior approval or consent of the parent or legal guardian of the minor.

**§ 11-47-31 Sale, transfer or delivery of ammunition to minors. –** It shall be unlawful within this state for any person to sell, transfer, give, convey, or cause to be sold, transferred, given or conveyed any ammunition, including any priming charge of powder, propelling charge of powder, or any form of missile or projectile to be ejected from a firearm to any person under eighteen (18) years of age, except for the limited purposes set forth in §§ 11-47-33 and 11-47-34 and with the prior approval or consent of the parent or legal guardian of the minor.

**§ 11-47-32 Possession of ammunition by minor. –** Except as provided in § 11-47-33, it shall be unlawful within this state for any person under eighteen (18) years of age to possess and use ammunition, including any priming charge of powder, propelling charge of powder, or any form of missile or projectile to be ejected from a firearm.

**§ 11-47-33 Possession of firearms by minors. –** (a) It shall be unlawful within this state for any person under eighteen (18) years of age to possess and use any firearm unless he or she shall hold a permit as provided in § 11-47-34, and unless the person is in the presence of a parent or guardian or supervising adult at any regular and recognized camp or rifle range approved by the Rhode Island state police or by the chief of police of the city or town in which the camp or rifle range is located and provided further that this provision shall not apply to minors engaged in lawful hunting activity under the supervision of a parent or guardian or qualified adult, minors participating in Reserve Officer Training Corps programs, ceremonial parade activities, competitive and target shooting, participants in state militia activities and minors participating in a basic firearms education program, and provided, further, however, that a person under eighteen (18) years of age may carry a firearm, unloaded, in a suitable case to and from his or her home and the camp or range and from the camp or range to other camp or range when accompanied by a parent, guardian or supervising adult.

(b) For purposes of this section only, the term "qualified adult" shall mean any person twenty-one (21) years of age or older and permitted by law to possess and use said firearm.

**§ 11-47-34 Firearms permits to minors.** – The Rhode Island state police or the chief of police of the city or town in which the person resides shall issue permits to any person under eighteen (18) years of age only upon satisfactory proof of being engaged in a course of training in the use of firearms at a regular and recognized camp or rifle range, and further provided that the person has the written consent of a parent or guardian. Valid membership cards of junior gun clubs or of junior divisions of senior gun clubs incorporated in the state of Rhode Island shall be prima facie evidence of the person under eighteen (18) years of age being engaged in a course of training in the use of firearms at a regular and recognized camp or rifle range.

**§ 11-47-35 Sale of concealable weapons – Safety courses and tests – Review board – Issuance of permits to certain government officers.** –

   (a) No seller shall deliver a pistol or revolver to a purchaser until seven (7) days shall have elapsed from twelve o'clock (12:00) noon of the day following the day of application for the purchase, and when delivered, the pistol or revolver shall be unloaded and securely wrapped, with the bill of sale to be enclosed within the wrapper with the pistol or revolver. Any citizen of the United States and/or lawful resident of this state who is twenty-one (21) years of age or older, and any nonresident member of the armed forces of the United States who is stationed in this state and who is twenty-one (21) years of age or older, may upon application purchase or acquire a pistol or revolver. At the time of applying for the purchase of a concealable firearm, the purchaser shall: (A) complete and sign in triplicate and deliver to the seller the application form described below, and in no case shall it contain the serial number of the pistol or revolver; and (B) shall present to the seller a pistol/revolver safety certificate issued by the department of environmental management. The certificate shall be retained in the possession of the buyer. The pistol/revolver safety certificate shall certify that the purchaser has completed a basic pistol/revolver safety course as shall be administered by the department of environmental management.

(Face of application form)
Application to Purchase Pistol or Revolver
Date . . . . . . . . . . . . . . . . . . . . . . Hour A.M. P.M.
Name
Address
(Street and number) (City or town) (State)
Date of Birth . . . . . . . . . . . . . . . . . . . . . . . . Place of Birth
Height . . . . . . . . . . . . . Weight . . . . . . . . . . . . . . . Color hair
Color eyes
Scars
Tattoos
Other identifying marks
Are you a citizen of the United States
Are you a citizen of Rhode Island
How long
Where stationed
(Armed Forces only)
Have you ever been convicted of a crime of violence
(See § 11-47-2)
Have you ever been adjudicated or under confinement as addicted to a controlled substance
Have you ever been adjudicated or under confinement for alcoholism
Have you ever been confined or treated for mental illness
From whom is pistol or revolver being purchased
Seller's address

Seller's signature
Applicant's signature
(See § 11-47-23 for penalty for false information on this application)
(Reverse side of application form)
AFFIDAVIT: I certify that I have read and am familiar with the provisions of §§ 11-47-1 – 11-47-55, inclusive, of the general laws of the State of Rhode Island and Providence Plantations, and that I am aware of the penalties for violation of the provisions of the cited sections. I further certify that I have completed the required basic pistol/revolver safety course.
Signed
(over)
County of
State of Rhode Island
Subscribed and sworn before me this . . . . day of . . . . A.D. 20. .
Notary Public

  (2) The seller shall on the date of application, sign and forward by registered mail or by delivery in person, the original and duplicate copies of the application to the superintendent of the Rhode Island state police or the chief of police in the city or town in which the seller has his or her residence or place of business. The superintendent of the Rhode Island state police or the chief of police in the city or town in which the seller has his or her residence or place of business shall mark or stamp the original copy of the application form with the date and the time of receipt and return it by the most expeditious means to the seller. The triplicate copy duly signed by the seller shall within seven (7) days, be sent by him or her by registered mail to the attorney general. The seller shall retain the original copy duly receipted by the police authority to whom sent or delivered for a period of six (6) years with other records of the sale. It shall be the duty of the police authority to whom the duplicate copy of the application form is sent or delivered to make a background check of the applicant to ascertain whether he or she falls under the provisions of § 11-47-5, 11-47-6, 11-47-7, or 11-47-23. If, after the lapse of seven (7) days from twelve o'clock (12:00) noon of the day following application, no disqualifying information has been received from the investigating police authority by the seller, he or she will deliver the firearm applied for to the applicant. Upon the finding of no disqualifying information under the provisions of the above cited sections of this chapter, and in no case later than thirty (30) days after the date of application, the duplicate and triplicate copies of the application will be destroyed. Retention of the duplicate and triplicate copies in violation of this act or any unauthorized use of the information contained therein by a person or agency shall be punishable by a fine of not more than one thousand dollars ($1,000). The provisions of this section shall not apply to bona fide sales at wholesale to duly licensed retail dealers, nor to purchases by retail dealers duly licensed under the provisions of § 11-47-39.


  (b) The department of environmental management shall establish the basic pistol/revolver safety course required hereunder. Said safety course shall consist of not less than two (2) hours of instruction in the safe use and handling of pistols and revolvers and the course shall be available to buyers continually throughout the year at convenient times and places but at least monthly at locations throughout the state, or more frequently as required. Proficiency in the use of pistols or revolvers shall not be prerequisite to the issuance of the safety certificate. No person shall be required to complete the course more than once, provided however, that any person completing the course who is unable to produce the safety certificate issued by the department of environmental management shall be required to take the course again unless such person provides evidence to said department that he or she has successfully completed the course.
(2) The administration of the basic pistol/revolver safety course required by this section shall not exceed the cost of thirty-five thousand dollars ($35,000) in any fiscal year.


  (c) After January 1, 1980, proof of passage of the department of environmental management's basic hunter safety course will be equivalent to the pistol/revolver safety certificate mandated by this section.

(d) Any person who has reason to believe that he or she does not need the required handgun safety course may, at any time after May 8, 1980, apply by any written means to the department of environmental management to take an objective test on the subject of matter of the handgun safety course. The test shall be prepared, as well as an instruction manual upon which the test shall be based, by the department. The manual shall be made available by any means to the applicant who may, within the time limits for application, take the objective test at the department or at any location where the handgun safety course is being given. Any person receiving a passing grade on the test shall be issued a pistol/revolver safety certificate by the department.

(e)  There is hereby established within the department of environmental management a review board which shall consist of five (5) members as follows: one member from the Rhode Island house of representatives to be appointed by the speaker, one member from the Rhode Island senate to be appointed by the majority leader, two (2) members who are residents of the state representing the public, to be appointed by the governor, one of whom shall be from the Rhode Island rifle and revolver association, and the director of the department of environmental management or his or her designee. The legislative members of the review board shall serve so long as they shall remain members of the house from which they were appointed and until their successors are duly appointed and qualified. The board members representing the public shall serve at the pleasure of the governor. Vacancies shall be filled in like manner as the original appointments.

(2) It shall be the duty of the review board to monitor and evaluate the development of the basic pistol/revolver safety course required by this section, to ensure compliance with the provisions of subsection (b) of this section, and to periodically make or recommend such changes in the safety course as the review board deems advisable, not inconsistent with the provisions of this section. It shall further be the duty of the review board to decide all appeals from any decisions of the department of environmental management rendered pursuant to its responsibilities as set forth in subsection (b) of this section.

(3) There shall be no civil liability incurred and no cause of action of any nature shall arise against any member of the review board or its agents, servants, or employees as a result of any decisions made by the board or for any action taken by the board or its members, agents, servants, or employees.

(f)  The following persons shall be issued basic pistol/revolver permits by the department of environmental management: sheriffs, deputy sheriffs, the superintendent and members of the state police, prison or jail wardens or their deputies, members of the city or town police force, members of the park police, conservation officers, and officers of the United States government authorized by law to carry a concealed firearm and, at the discretion of the department of environmental management, any person who can satisfactorily establish that he or she formerly held, such office or were so authorized.

(g) Any person who is serving in the army, navy, air force, marine corps or coast guard on active duty shall not be required to obtain a basic pistol/revolver safety certificate or basic pistol/revolver permit under this section so long as he or she remains on such active duty.

(h) Any person who is serving in the active reserve components of the army, navy, air force, marine corps or coast guard, or any person in an active duty paid status in the Rhode Island national guard, shall not be required to obtain a basic pistol/revolver safety certificate under this section so long as he or she remains in active status.


**§ 11-47-35.1 Persons exempt from § 11-47-35.** – The provisions of § 11-47-35 shall not apply to full-time members of the state police, or full-time members of the state marshal's office, or full-time members of city or town police departments, or state marshals or correctional officers or persons licensed under § 11-47-11.

**§ 11-47-35.2 Sale of rifles/shotguns. –**

   (a) No seller shall deliver a rifle or shotgun to a purchaser thereof until seven (7) days shall have elapsed from twelve o'clock (12:00) noon of the day following the day of application for the purchase, and when delivered, the rifle or shotgun shall be unloaded and securely wrapped, with the bill of sale therefor to be enclosed within the wrapper with the rifle or shotgun. Any citizen of the United States and/or lawful resident of this state who is eighteen (18) years of age or older, and any non-resident member of the armed forces of the United States who is stationed in this state and who is eighteen (18) years of age or older, may, upon application, purchase or acquire a rifle or shotgun. At the time of applying for the purchase of a shotgun or rifle the purchaser shall complete and sign in triplicate and deliver to the seller the application form described below, and in no case shall it contain the serial number of the rifle or shotgun.

(Face of application form)
Application to Purchase Shotgun or Rifle
Date . . . . . . . . . . . . . . . . . . . . . . Hour A.M. P.M.
Name
Address
(Street and number) (City or town) (State)
Date of Birth . . . . . . . . . . . . . . . . . . . . . . . . . Place of Birth
Height . . . . . . . . . . . . . Weight . . . . . . . . . . . . . . . Color hair
Color eyes
Scars
Tattoos
Other identifying marks
Are you a citizen of the United States
Are you a citizen of Rhode Island
How long
Where stationed
(Armed Forces only)
Have you ever been convicted of a crime of violence
(See § 11-47-2 General Laws of Rhode Island)
Have you ever been adjudicated or under confinement as addicted to a controlled substance
Have you ever been adjudicated or under confinement for alcoholism
Have you ever been confined or treated for mental illness
From whom is shotgun or rifle being purchased
Seller's address
Seller's signature
Applicant's signature
(See § 11-47-23 for penalty for false information on this application)
(Reverse side of application form)
AFFIDAVIT: I certify that I have read and am familiar with the provisions of §§ 11-47-1 – 11-47-59, inclusive, of the general laws of the State of Rhode Island and Providence Plantations, and that I am aware of the penalties for violation of the provisions of the cited sections.
Signed
County of
State of Rhode Island
Subscribed and sworn before me this . . . . day of . . . . A.D. 19. .
Notary Public

   (b) The seller shall, on the date of application, sign and forward by registered mail or by delivery in person, the original and duplicate copies of the application to the superintendent of the Rhode Island state police or the chief of police in the city or town in which the seller has his or her residence or place of business. The superintendent of the Rhode Island state police or the chief of police in the city or town in which the seller has

his or her residence or place of business shall mark or stamp the original copy of the application form with the date and time of receipt and return it by the most expeditious means to the seller. The triplicate copy duly signed by the seller shall within seven (7) days be sent by him or her by registered mail to the attorney general. The seller shall retain the original copy duly receipted by the police authority to whom sent or delivered for a period of six (6) years with other records of the sale. It shall be the duty of the police authority to whom the duplicate copy of the application form is sent or delivered to make a background check of the applicant to ascertain whether he or she falls under the provisions of § 11-47-5, 11-47-6, 11-47-7, or 11-47-23. If after the lapse of seven (7) days from twelve o'clock (12:00) noon of the day following application, no disqualifying information has been received from the investigating police authority by the seller, he or she will deliver the firearm applied for to the applicant. Upon the finding of no disqualifying information under the provisions of the above cited sections of this chapter, and in no case later than thirty (30) days after the date of application, the duplicate and triplicate copies of the application will be destroyed. Retention of the duplicate and triplicate copies in violation of this chapter or any unauthorized use of the information contained therein by a person or agency shall be punishable by a fine of not more than one thousand dollars ($1,000). The provisions of this section shall not apply to bona fide sales at wholesale to duly licensed retail dealers, nor to purchases by retail dealers duly licensed under the provisions of § 11-47-39.

   (c) The provisions of this section shall not apply to full-time members of the state police or full-time members of city or town police departments, or persons licensed under §§ 11-47-9 and 11-47-11, or to sales of air rifles or " BB guns" or to sales of antique firearms as defined in § 11-47-2.


**§ 11-47-35.3 Annual report on application process administration. –** The attorney general shall provide the judiciary committees of the senate and house of representatives an annual report including the number of applications made pursuant to this section for the prior calendar year. The report shall include, but not be limited to, the number of applications received from sellers, the number of applications resulting in a determination that the potential buyer or transferee was prohibited from receipt or possession of a firearm pursuant to Rhode Island or federal law, the estimated costs of administering this section, and the number of instances in which a person requests amendment of the record pertaining to the person pursuant to §§ 11-47-35 and 11-47-35.2.


**§ 11-47-36 Purchase of concealable firearms from out of state dealers. –** No citizen of this state shall purchase any concealable firearm outside of the state of Rhode Island unless he or she has duly executed the application form prescribed in § 11-47-35, the application form to be obtained by the purchaser from the city or town clerk of the city or town in which he or she resides or has his place of business. The original and duplicate copies of the application shall be delivered in person, duly executed, by the purchaser to the superintendent of the Rhode Island state police or to the chief of police of the city or town in which the purchaser resides. The purchaser shall send the triplicate copy of the application by registered mail to the attorney general within twenty-four (24) hours of the time of filing with the appropriate police authority cited above. It shall be the duty of the police authority to whom the original and duplicate copies of the application are delivered to check the applicant's record to ascertain whether he or she falls under the provisions of § 11-47-5, 11-47-6, 11-47-7, or 11-47-23. If after the lapse of seventy-two (72) hours from twelve o'clock (12:00) noon of the day following the date of application, no disqualifying record has been found by the investigating police authority, the original and duplicate copies of the application marked or stamped "approved" and signed by the investigating police authority will be returned to the applicant by the most expeditious means. The approved duplicate copy of the application shall be sent by the purchaser to the out-of-state dealer as proof of lawful purchase, and the original shall be retained by the purchaser along with the bill of sale for the firearm purchased for a period of six (6) years as proof of lawful purchase. The triplicate copy of the application shall be retained by the attorney general for a period which shall in no case exceed ninety (90) days, provided that no evidence of the nature as would disqualify the applicant has been found.

**§ 11-47-37 Sale to minors and others forbidden.** – No person shall sell a pistol or revolver to any person under the age of twenty-one (21) or to one who he or she has reasonable cause to believe falls under the provisions of §§ 11-47-5, 11-47-6, 11-47-7, or 11-47-23.

**§ 11-47-38 Dealers to be licensed.** – No retail dealer shall sell or otherwise transfer, or expose for sale or transfer, or have in his or her possession with intent to sell, or otherwise transfer, any pistol, revolver, or other firearm without being licensed as hereinafter provided.

**§ 11-47-39 Issuance and conditions of dealer's license.** – The duly constituted licensing authorities of any city, town, or political subdivision of this state may grant licenses in form prescribed by the attorney general effective for not more than one year from date of issue, permitting the licensee to sell pistols and revolvers at retail within this state subject to the following conditions in addition to those specified in §§ 11-47-35 and 11-47-36, for breach of any of which the license shall be forfeited and the licensee subject to punishment as provided in this chapter:

  (1) The business shall be carried on only in the building designated in the license.

  (2) The license or a copy thereof, certified by the issuing authority, shall be displayed on the premises where it can easily be read.

  (3) No pistol or revolver shall be sold in violation of any provision of this chapter, nor shall a pistol or revolver be sold under any circumstances unless the purchaser is personally known to the seller or shall present clear evidence of his or her identity.

  (4) The fee for issuing the license shall be five dollars ($5.00). The fee charged for the issuing of the license shall be applied for the use and benefit of the city or town.

**§ 11-47-40 Register of sales of firearms – Display of firearms.** –

(a) Every person, firm, or corporation selling a pistol, revolver, or other firearm whether the seller is a retail dealer, pawnbroker, or otherwise, shall keep a register in which shall be entered at the time of sale, the date of sale, name, age, and residence of every purchaser of the a pistol, revolver, or other firearm, together with the caliber, make, model, manufacturer's number, or other mark of identification on the pistol, revolver, or other firearm. Every person, firm, or corporation who shall fail to keep a register and to enter the acts required by this section, shall, upon conviction, be punished as provided in this chapter. The register shall be open at all reasonable hours for the mandatory monthly inspection of licensed firearm dealers to be conducted by state and/or local police officials.

(b) This section shall not apply to wholesale dealers' bona fide sales at wholesale to duly licensed retail dealers. It shall be unlawful for any person, firm, or corporation dealing in firearms to display any pistol, revolver, or imitation thereof, or any firearm of a size which may be concealed upon the person, or placard advertising the sale thereof, in any part of the premises of the person, firm, or corporation where it can be readily seen from the outside. Firearm as utilized in this section only shall not apply to an air rifle, air pistol, "blank gun," or "BB gun."

**§ 11-47-41 Government firearm registration prohibited.** – No government agency of this state or its political subdivisions shall keep or cause to be kept any list or register of privately owned firearms or any list or register of the owners of those firearms; provided, however, that the provisions of this section shall not apply to firearms

which have been used in committing any crime of violence, nor to any person who has been convicted of a crime of violence.

### § 11-47-42 Weapons other than firearms prohibited. –

(a) No person shall carry or possess or attempt to use against another any instrument or weapon of the kind commonly known as a blackjack, slingshot, billy, sandclub, sandbag, metal knuckles, slap glove, bludgeon, stun-gun, or the so called "Kung-Fu" weapons, nor shall any person, with intent to use unlawfully against another, carry or possess a dagger, dirk, stiletto, sword-in-cane, bowie knife, or other similar weapon designed to cut and stab another, nor shall any person wear or carry concealed upon his person, any of the above-mentioned instruments or weapons, or any razor, or knife of any description having a blade of more than three (3) inches in length measuring from the end of the handle where the blade is attached to the end of the blade, or other weapon of like kind or description. Any person violating the provisions of this subsection shall be punished by a fine of not more than one thousand dollars ($1,000), or by imprisonment for not more than one year, or both, and the weapon so found shall be confiscated.

(2) Provided, however, any person violating the provisions of this subsection while he or she is incarcerated within the confines of the adult correctional institution shall be punished by a fine of not less than one thousand dollars ($1,000) nor more than three thousand dollars ($3,000), or by imprisonment for not less than one year nor more than five (5) years, or both, and the weapon so found shall be confiscated.

(b) No person shall sell to a person under eighteen (18) years of age, without the written authorization of the minor's parent or legal guardian, any stink bomb, blackjack, slingshot, bill, sandclub, sandbag, metal knuckles, slap glove, bludgeon, stungun, paint ball gun, so called "kung-fu" weapons, dagger, dirk, stiletto, sword-in-cane, bowie knife, razor, or knife of any description having a blade of more than three inches (3") in length as described in subsection (a), or any multi-pronged star with sharpened edges designed to be used as a weapon and commonly known as a chinese throwing star, except that an individual who is actually engaged in the instruction of martial arts and licensed under § 5-43-1 may carry and possess any multi-pronged star with sharpened edges for the sole purpose of instructional use. Any person violating the provisions of this subsection shall be punished by a fine of not less than one thousand dollars ($1,000) nor more than three thousand dollars ($3,000), or by imprisonment for not less than one year, nor more than five (5) years or both, and the weapons so found shall be confiscated.

### § 11-47-43 Collectors and police officers exempt from § 11-47-42. – The provisions of § 11-47-42, so far as they forbid the possession of certain instruments or weapons, shall not apply to any person who possesses or is making a collection of the same as curios, or for educational, professional, scientific, or any other lawful purpose, without intent to use the instrument or weapon unlawfully. Nor shall the provisions of § 11-47-42, so far as they relate to the possession or carrying of any billy, apply to sheriffs, constables, police, or other officers or guards whose duties require them to arrest or to keep and guard prisoners or property, nor to any person summoned by those officers to aid them in the discharge of their duties while actually engaged in their duties.

### § 11-47-44 Standard of proof under §§ 11-47-42 and 11-47-43. – No negative allegation of any kind need be averred or proved in any complaint under §§ 11-47-42 and 11-47-43, and the possession of any blackjack, slingshot, billy, sandclub, sandbag, metal knuckles, bludgeon, dirk, dagger, stiletto, or other similar weapon designed to cut and stab another, and the carrying or use of any the instrument or weapons or of any of the instruments or weapons forbidden by § 11-47-42 to be carried, worn, or used, shall be evidence that the possession, use, wearing, or carrying, as the case may be, of any the instrument or weapon, is unlawful, but the respondent in any the case may show any fact that would render the possession or use, or wearing or carrying of the instrument or weapon lawful.

27

**§ 11-47-45 Arrest and detention for possession of weapon prohibited by § 11-47-42. –** Every officer authorized to make an arrest for any criminal offense may arrest without complaint and warrant any person who has in his or her possession any instrument or weapon described in § 11-47-42 whenever the officer has reasonable ground to suspect that the person possesses, or is using, wearing or carrying the instrument or weapon contrary to law. Any person so arrested may be detained a reasonable time, not exceeding twenty-four (24) hours, for the purpose of making an investigation concerning the person, but no person so arrested shall be detained longer than twenty-four (24) hours without complaint being made against him or her before some proper court or justice. If the officer making the arrest shall at any time within the twenty-four (24) hours satisfy himself or herself that there is no ground for making a criminal complaint against the person, he or she shall be discharged from custody.

**§ 11-47-46 Sections 11-47-42 – 11-47-45 inapplicable to firearms. –** The provisions of §§ 11-47-42 – 11-47-45, inclusive, shall not be construed to relate to the possession and carrying of air guns, pistols or firearms of any description.

**§ 11-47-47 Display of weapons. –** No person, firm, or corporation shall display in a place of business by means of a window display any pistol, revolver, or other firearm, as defined in § 11-47-2, or any dagger, dirk, bowie knife, stiletto, metal knuckles, or blackjack; provided, however, that dealers in sporting goods may include in a window display pistols or revolvers upon a permit issued by the chief of police or town sergeant of any city or town. Any person, firm, or corporation violating the provisions of this section shall be punished by a fine not exceeding twenty-five dollars ($25.00) for the first offense and one hundred dollars ($100) for every subsequent offense.

**§ 11-47-48 Report of gunshot wounds. –** Every physician attending or treating a case of bullet wound, gunshot wound, powder burn, or any other injury arising from or caused by the discharge of a gun, pistol, or other firearm, or whenever any the case is treated in a hospital, sanitarium, dispensary, or other institution the person in charge thereof shall report the case at once to the police authorities of the town or city where the physician, hospital, sanitarium, dispensary or institution is located. This section shall not apply to wounds, burns, or injuries received by any member of the armed forces of the United States or of this state while engaged in the actual performance of duty. Whoever violates any provision of this section shall be punished by a fine of not less than fifty dollars ($50.00) nor more than one hundred dollars ($100).

**§ 11-47-48.1 Report of lost or stolen weapons. –** Every person who owns a firearm shall report the loss or theft of their firearm to the local law enforcement agency within twenty-four (24) hours of the discovery of the loss or theft. Whoever knowingly violates this section shall be punished by a fine of not less than fifty dollars ($50.00) nor more than one hundred dollars ($100).

**§ 11-47-49 Firing across highways prohibited. –** Every person who shall discharge any firearm or other contrivance arranged to discharge shot, bullets, arrows, darts, or other missiles in or across any public road, street, square, or lane shall, upon conviction be guilty of a misdemeanor, and as such, shall be subject to a fine not exceeding five hundred dollars ($500) or one year in prison, or both.

**§ 11-47-49.1 Firing in Blackstone Valley Flood Plain prohibited. –** Every person who shall hunt or discharge any firearm within the Blackstone Valley Flood Plains or Marshes, also known as the "Valley Marshes," shall

be subject to a fine of not less than fifty dollars ($50.00) nor more than five hundred dollars ($500) for the first offense, a fine of not less than one hundred dollars ($100) nor more than five hundred dollars ($500) or imprisonment for sixty (60) days, or both, for the second offense, and for any subsequent offense a fine of not less than one hundred fifty dollars ($150) nor more than five hundred dollars ($500) or imprisonment for ninety (90) days, or both.

**§ 11-47-50 Firing without landowner's permission – Firing in compact area. –** (a) Every person, not being at the time under military duty, who shall discharge any firearm, " BB gun", or other contrivance arranged to discharge shot, bullets, arrows, darts, or other missiles, within the compact part of any city or town, or who shall discharge a firearm or other contrivance elsewhere, except upon land owned or occupied by him or her or by permission of the owner or occupant of the land on or into which he or she may shoot, shall be guilty of a misdemeanor, and as the, shall be subject to a fine not exceeding five hundred dollars ($500) or one year in prison, or both; provided, however, that any city or town may by ordinance permit the discharge on nonposted land.

   (b) The provisions of this section shall not apply to the owner of land who uses, or who gives permission to another to use without charge, a recurve, compound or longbow, provided that they are not used within two hundred fifty feet (250') of a dwelling house.

**§ 11-47-51 Loaded weapons in vehicles. –** It is unlawful for any person to have in his or her possession a loaded rifle or loaded shotgun or a rifle or shotgun from the magazine of which all shells and cartridges have not been removed, in or on any vehicle or conveyance or its attachments while upon or along any public highway, road, lane, or trail within this state; provided, however, that the provisions of this section shall not apply to sheriffs, deputy sheriffs, the superintendent and members of the state police, prison or jail wardens or their deputies, members of the city or town police force, investigators of the department of attorney general appointed pursuant to § 42-9-8.1, the director, assistant director and other inspectors and agents at the Rhode Island state fugitive task force appointed pursuant to § 12-6- 7.2, nor to other duly appointed law enforcement officers, including conservation officers, nor to members of the army, navy, air force, or marine corps of the United States, or the national guard or organized reserves, when on duty, nor to officers or employees of the United States authorized by law to carry a concealed firearm, nor to any civilian guard or criminal investigator carrying sidearms or a concealed firearm in the performance of his or her official duties under the authority of the commanding officer of the military establishment in the state of Rhode Island where he or she is employed by the United States.

**§ 11-47-51.1 Discharge of firearm or incendiary or explosive substance or device from motor vehicle. –**
   (a) No person shall unlawfully discharge a firearm or incendiary or explosive substance or device from a motor vehicle in a manner which creates a substantial risk of death or serious personal injury to another person. Every person violating the provisions of this section shall be punished by imprisonment for not less than ten (10) years nor more than twenty (20) years and shall be fined not less than five thousand dollars ($5,000.00) nor more than fifty thousand dollars ($50,000.00), or both.

   (2) In all the cases, the justice imposing sentence shall impose not less than the minimum sentence of ten (10) years imprisonment and may only impose a sentence less than that minimum if he or she finds that substantial and compelling circumstances exist which justify imposition of the alternative sentence. The a finding may be based upon the character and background of the defendant, the cooperation of the defendant with law enforcement authorities, the nature and circumstances of the offense and/or the nature and quality of the evidence presented at trial. If a sentence which is less than imprisonment for a term of ten (10) years is

imposed, the trial justice shall set forth on the record the circumstances which he or she found as justification for imposition of the lesser sentence.

(b) Any person injured as a result of a violation of this section shall be entitled to the civil remedies provided by § 7-15-4.

**§ 11-47-52 Carrying of weapon while under the influence of liquor or drugs. –** It is unlawful to carry or transport any firearm in this state when intoxicated or under the influence of intoxicating liquor or narcotic drugs.

**§ 11-47-53 Limitation of prosecutions under §§ 11-47-49 – 11-47-52 – Fines. –** No complaint for a violation of any of the provisions of §§ 11-47-49 – 11-47-52, inclusive, shall be sustained unless brought within thirty (30) days after the commission of the offense, and all fines for the violation shall inure to the state.

**§ 11-47-54 Licensing of shooting galleries. –** Every person who shall keep any pistol gallery, rifle gallery, or other building or other enclosure in any city or town of this state, where firearms are used, without a license from the duly constituted licensing authority of the city or town, shall, upon conviction, be fined two hundred dollars ($200) for the first offense, and five hundred dollars ($500) for each subsequent offense; provided, however, that the provisions of this section shall not apply to organizations that receive arms and ammunition from the United States or this state.

**§ 11-47-55 Enforcement of chapter. –** Sheriffs, deputy sheriffs, the superintendent and members of the state police, members of the city or town police force, or other duly appointed law enforcement officers, including conservation officers, shall have the power to enforce the provisions of this chapter.

**§ 11-47-56 Constitutionality. –** If any part of this chapter is for any reason declared void, its invalidity shall not affect the validity of the remaining portions of this chapter.

**§ 11-47-57 "Mace" or similar substances. –** Any person eighteen (18) years of age or over may carry on his or her person and use, unless otherwise prohibited by law, any non-lethal noxious substance or liquid for his protection or the protection of others; however, the use of any non-lethal noxious substance or liquid for any other purpose shall be punishable by a fine of not more than twenty-five dollars ($25.00).

**§ 11-47-58 Firearms – State pre-emption. –** The control of firearms, ammunition, or their component parts regarding their ownership, possession, transportation, carrying, transfer, sale, purchase, purchase delay, licensing, registration, and taxation shall rest solely with the state, except as otherwise provided in this chapter.

**§ 11-47-59 Possession of knife during commission of crime. –** No person shall commit or attempt to commit any crime of violence while having in his or her possession a knife with a blade more than three (3) inches long. Every person violating the provisions of this section shall upon conviction, be sentenced for a term not less than one year nor more than five (5) years and/or fined not exceeding three thousand dollars ($3,000).

**§ 11-47-60 Possession of firearms on school grounds.** – (a) No person shall have in his or her possession any firearm or other weapons on the school grounds. For the purposes of this section, school grounds shall mean the property of a public or private elementary or secondary school or in those portions of any building, stadium, or other structure on school grounds which were, at the time of the violation, being used for an activity sponsored by or through such a school in this state or while riding school provided transportation. Every person violating the provisions of this section shall, upon conviction, be sentenced to imprisonment for not less than one year nor more than five (5) years, or shall be fined not less than five hundred dollars ($500) nor more than five thousand dollars ($5,000). Any juvenile adjudicated delinquent pursuant to this statute shall, in addition to whatever other penalties are imposed by the family court, lose his/her license to operate a motor vehicle for up to six (6) months. If such a juvenile has not yet obtained the necessary age to obtain said license, the court may impose as part of its sentence, a delay in his/her right to obtain the license when eligible to do so, for a period of up to six (6) months.

   (b) The provisions of this section shall not apply to any person who shall be exempt pursuant to the provisions of §§ 11-47-9, 11-47-11, and 11-47-18 or to the following activities when the activities are officially recognized and sanctioned by the educational institution: (1) firearm instruction and/or safety courses; (2) government-sponsored military-related programs such as ROTC; (3) interscholastic shooting and/or marksmanship events; (4) military history and firearms collection courses and/or programs; and (5) the use of blank guns in theatrical and/or athletic events.

   (c) The provisions of this section shall not apply to colleges, universities, or junior colleges.


**§ 11-47-60.1 Safe storage.** – (A) Nothing in this section shall be construed to reduce or limit any existing right to purchase and own firearms and/or ammunition or to provide authority to any state or local agency to infringe upon the privacy of any family, home or business except by lawful warrant.

   (B) A person who stores or leaves on premises under his or her control, a loaded firearm and who knows or reasonably should know that a child is likely to gain access to the firearm without the permission of the child's parent or guardian and the child obtains access to the firearm and thereby causes injury to himself/herself or any other person, is guilty of the crime of "Criminal Storage of a Firearm" and upon conviction shall be fined not more than one thousand dollars ($1,000) or imprisoned for not more than one (1) year or both. For purposes of this section, a child shall be defined as any person who has not attained the age of sixteen (16) years.

   (C) The aforementioned provisions shall not apply whenever any of the following occurs: (1) The child obtains the firearm as a result of an illegal entry of any premises by any person or an illegal taking of the firearm from the premises of the owner without permission of the owner; (2) Firearm is kept in a locked container or in a location which a reasonable person would believe to be secured; (3) The firearm is carried on the person or within such a close proximity thereto so that the individual can readily retrieve and use the firearm as if carried on the person; (4) The firearm is locked with a locking device; (5) The child obtains or obtains and discharges the firearm in a lawful act of self-defense or defense of another person; (6) The person who keeps a loaded firearm on any premises which is under his/her custody or control has no reasonable expectations, based on objective facts and circumstances, that a child is likely to be present on the premises.

   (D) If the person who allegedly violated this section, is the parent or guardian of a child who is injured or who dies as the result of an accidental shooting, the attorney general's department shall consider among other factors, the impact of the injury or death on the person who has allegedly violated this section when decided whether to prosecute an alleged violation.
It is the intent of the general assembly that a parent or guardian of a child who is injured or who dies of an accidental shooting, shall be prosecuted only in those instances in which the parent or guardian behaved in a grossly negligent manner.

**§ 11-47-60.2 Possession of weapons on school grounds – Notification.** – (a) If a student is found to be carrying a weapon, as defined in § 11-47-42, a firearm or replica of same, or commits an aggravated assault on school grounds as defined in § 11-47-60, the principal/designee shall immediately notify the student's parents and the local police and turn the weapon over, if any, to the local enforcement agency.

(b) Any person who has reasonable cause to know that any person is in violation of this statute shall notify the principal/designee. The principal/designee shall forthwith notify the student's parents and the local police. Any person acting in good faith who makes such a report under this section shall have immunity from any civil liability that might otherwise be incurred or imposed as a result of making the report.

(c) School superintendents shall receive notice from the clerk of the family court regarding the disposition of all cases involving juveniles from their school districts adjudged pursuant to this statute. This information shall remain confidential and be shared with school officials who deal directly with the student.

(d)The provisions of this section should not apply to the following activities when the activities are officially recognized and sanctioned by the educational institution: (1) firearm instructed and/or safety course; (2) government-sponsored military-related programs such as ROTC; (3) interscholastic shooting and/or

(e) marksmanship events; (4) military history and firearms collection courses and/or programs; and (5) the use of blank guns in theatrical and/or athletic events.

(f) The provisions of this section shall not apply to colleges, universities or junior colleges.

**§ 11-47-61 Drive-by shootings.** – Every person who shall discharge a firearm from a motor vehicle in a manner which creates a substantial risk of death or serious injury shall, upon conviction, be fined not less than five thousand dollars ($5,000) nor more than fifty thousand dollars ($50,000) or imprisoned for not less than ten (10) years nor more than twenty (20) years, or both.

**§ 11-47-62 Immunity from prosecution – Criminal or civil.** – Notwithstanding the provisions of any general or special law, rule or regulation to the contrary, it shall be lawful for an owner of a rifle, pistol, silhouette, archery, skeet, trap, black powder, or other similar range to operate said range in excess of the applicable noise or noise pollution, law, ordinance or by-law provided said owner of the range continues to be in compliance with any applicable noise control law, ordinance or by-laws in existence at the time of the construction of such range. No owner shall be liable in any action for nuisance, and no court shall enjoin the use or operation of said range on the basis of noise or noise pollution provided said owner continues to be in compliance with any noise control law, ordinance or by-laws in effect at the time of the construction of the range.
No standards in rules adopted by any state, city or town agency for limiting levels of noise in terms of decibel level which may occur in the outdoor atmosphere shall apply to the ranges exempted from liability under the provisions of this section.
Nothing in this section shall be construed to authorize or permit an owner of a rifle, pistol, silhouette, archery, skeet, trap, black powder, or other similar range to change the use and/or type of said range, or to expand the use and/or type of said range.

# REVISED 06/29/2022

## APPLICATION INSTRUCTIONS FOR LICENSE TO CARRY A CONCEALABLE WEAPON

**NO APPLICATIONS WILL BE CONSIDERED UNLESS THE FOLLOWING HAVE BEEN ACCOMPLISHED:**

This official application form must be filled out completely by the applicant. Incomplete applications will be denied due to missing information.
Please **PRINT OR TYPE** application or it will be returned if not legible.

**New and Renewals** that have **not been expired for 3 or more years** will need the following:

☐ The application MUST BE SIGNED AND STAMPED by the local Police Chief or a city hall official in the city or town of the applicant's permanent residence.
*Must be signed, dated, and stamped by a Notary Public, attesting to be true copies.*

☐ Enclose two (2) 2" X 2" pictures of the applicant taken without headgear or glasses.
*This photo must be **a clear, colored, and up-to-date** picture of the head and face. Please PRINT the applicant's name on the back of each picture. If your photos are not **cut to size** and are submitted larger than 2x2 the application will be considered incomplete.*

☐ Proof of qualification before a certified weapons **instructor,** i.e., N.R.A. Instructor or Police range instructor.
*Qualifications will only be accepted up to one year old and you **cannot** qualify yourself.*

☐ A copy of **THE INSTRUCTOR'S** NRA/FBI firearms **INSTRUCTOR CERTIFICATION** with a visible expiration date is REQUIRED.

☐ **NEW** applications require both three (3) references **AND** three (3) reference letters and are to be submitted along with the application. A total of six (6) references all together (must be six (6) separate individuals.) All three references letter are to be TYPED (not handwritten) for the applicant pertaining to the gun permit and must be SIGNED, DATED AND NOTARIZED. Reference letters must be written by the reference, not the applicant, and cannot be identical.

☐ **RENEWAL** applicants require three (3) references. NO reference LETTERS are need. Unless your permit has been expired for 3 or more years.

☐ Submit a photocopy of TWO forms of positive identification.
*Must be signed, dated, and stamped by a Notary Public, attesting to be true copies. i.e. License, State I.D., Passport, Resident Card, Birth Certificate, Permit issued from your home or other State.*

☐ All NON-RESIDENT APPLICANTS must include a copy of their home state permit, notarized.

☐ A typed letter must be submitted by **ALL** applicants stating the reasons why a carry concealed weapons permit is needed. All letters must be dated. We will not accept a photocopy of any letter. Please include any DOCUMENTATION that will support the needs mentioned in your letter. i.e., proof of business or rental properties.

☐ If the permit is to be used for **ANY** EMPLOYMENT, a **typed and signed** letter of explanation must **ALSO** be submitted on your employer's letterhead and included with the application. Also, include a copy of the business license as proof that the business exists.

☐ All **NEW** pistol permits issued from this office must have a full set of applicant's fingerprints submitted on a FBI FINGERPRINT APPLICANT CARD [FD-258 (Rev. 12-29-82)] included with the application. Fingerprint card must be signed by applicant.
This is not necessary for a **renewal** application UNLESS your permit has been expired for 3 or more years.

☐ Retired Police Officers applying under 11-47-18 must submit a letter of verification from the Chief of Police of the department which they retired from stating that they have completed 20 years of good standing.

The applicant will be notified by mail of approval or denial of the permit. If approved, the applicant must appear in person to pick up the permit. This application, fingerprint card, and photo's become part of the records of the Attorney General and will <u>not</u> be returned.

If at any time you would like **TO CHECK ON THE STATUS** of your application, please email your name, date of birth, and permit number if applicable to CCWPermits@riag.ri.gov.

**DO NOT** SEND a check or money order WITH YOUR APPLICATION, it will be returned.
A Forty-dollar ($40.00) payment will be required when picking up an approved permit.

All permits will expire FOUR (4) YEARS from the date of issue. The renewal of your permit is your obligation. No application or notification of expiration of the permit will be sent to you. This department is dependent on other agencies for information necessary to complete the application.

Incomplete applications cannot undergo the full review process. Please ensure your application is complete prior to dropping off or mailing in your application.

All applications should be dropped off or mailed to our office at 4 Howard Ave. Cranston, RI 02920 ATTN: CCW permits.

**PLEASE NOTE:**
**The recipient of this permit agrees that he/she shall not duplicate or allow to be duplicated the permit or any part of it, including, but not limited to, the State Seal or a facsimile thereof contained therein in any matter. The recipient expressly agrees that any violation of this provision is grounds to revoke his or her permit.**

**Questions or concerns can be e-mailed to CCWPermits@riag.ri.gov**

 

## APPLICATION FOR LICENSE TO CARRY A CONCEALABLE WEAPON

DATE _____

R.I. A.G.
PERMIT NUMBER _____

NAME_____
　　　　　　First　　　　　　　　　Middle　　　　　　　　Last

PERMANENT
ADDRESS_____
　　　　　Number & Street Name　　**(No P.O. Boxes accepted**)

_____
　　City or Town　　　　　　　　State　　　　　　　　Zip

TELEPHONE
NUMBER_____
　　　　　Home　　　　　　　　Business　　　　　　Other/Cell

E-MAIL (optional)_____

SOCIAL SECURITY　　　　　　　Job title/
NUMBER: _____OCCUPATION: _____

EMPLOYER: _____

_____
Employer's Address　　Street Name and Number　　City or Town　　State & Zip

DETAIL JOB
DESCRIPTION:_____

_____

DATE OB BIRTH_____    PLACE OF BIRTH_____

Height_____    Weight_____    Eye color_____    Hair color_____

List all other address for **THE LAST THREE YEARS**, including <u>DATES</u> and locations:

_____

_____

 

Have you ever been arrested or charged for any offense?  ☐ Yes   ☐ No — IF SO, GIVE DEATAILS:
_____
_____

Have you ever been cited or summoned for any violation?  ☐ Yes   ☐ No — IF SO, GIVE DETAILS:
_____

Have you ever been under guardianship, confined or treated for mental illness? ☐ Yes   ☐ No — IF SO, GIVE
DETAILS: _____

Have you ever been convicted of a crime?  ☐ Yes  ☐ No — IF SO, GIVE DETAILS: _____
_____

Have you ever PLED NOLO CONTENDRE to any charge or violation?  ☐ Yes  ☐ No — IF SO, GIVE
DETAILS: _____

Are you under indictment in any court for a crime punishable by imprisonment exceeding one year?
☐ Yes   ☐ No — IF SO, GIVE DETAILS AND DATES: _____
_____

Have you applied for a permit to carry a concealed pistol or revolver from a local city or town in Rhode Island?

☐ Yes   ☐ No **IF** SO, GIVE CITY OR TOWN_____

(**If so, enclose photocopy, notary-signed and dated, attesting copies are true**)

ACTIVE? _____EXPIRED? _____ DENIED? _____REVOKED? _____

Have you applied for a permit to carry a concealed pistol or revolver from The Attorney General? ☐ Yes ☐ No

(**If so, enclose photocopy, notary-signed and dated, attesting copies are true**)

Have you ever applied for a pistol permit to carry a handgun in another state?  ☐ Yes   ☐ No — IF YES,
STATE AND CITY: _____
 Were you denied? _____If so, GIVE DETAILS_____
(**Enclose photocopy, notary-signed and dated, attesting copies are true**)

HAVE YOU EVER HAD A LEGAL NAME CHANGE?  ☐ Yes   ☐ No — IF YES, PLEASE STATE
FORMER NAME_____

PLEASE LIST NICKNAMES OR ALIAS USED BY YOU_____
_____

ARE YOU A CITIZEN OF THE UNITED STATES?     ☐ Yes ☐ No  HOW LONG? _____
(**If you are not a citizen of the United States, a copy of both sides of your alien registration card must be
included with this application.**)




TO THE CHIEF OF POLICE OR CITY HALL OFFICIAL_____

City or Town  and State

THIS IS TO INFORM YOU THAT _____

Applicant's Name        (Printed or Typed)

Is applying for a pistol permit to carry a concealed pistol or revolver in the state of Rhode Island. We would like for you to verify that this subject lives in your city or town or state, in your jurisdiction only.

_____

Police Chief or City Hall's Official Signature            Date<br>
** An official stamp or seal is requested **

**(POLICE CHIEF MAY SEND IN A LETTER IF HE OR SHE WISHES REGARDING THE APPLICANT)**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**AFFIDAVIT**</u>

I CERTIFY THAT **I HAVE READ AND I AM FAMILIAR** WITH THE PROVISIONS OF **11-47-1  TO 11-47-62**, INCLUSIVE, OF THE GENERAL LAWS OF RHODE ISLAND, 1956, AS AMENDED, AND THAT **I AM AWARE** OF THE PENALTIES FOR VIOLATIONS OF THE PROVISIONS OF THE CITED SECTIONS.  I FURTHER UNDERSTAND THAT ANY ALTERATION OF THIS PERMIT IS JUST CAUSE FOR REVOCATION.

_____

**Applicant's Signature**

BEFORE A NOTARY PUBLIC

SUBSCRIBED AND SWORN TO BEFORE ME IN _____

CITY                              STATE

THIS_____       DAY OF_____,  20_____.

_____            _____

**Notary Public Signature**                              **Notary Stamp Required**

NOTE: THE **RI COMBAT COURSE** IS FOR LAW ENFORCEMENT PERSONNEL ONLY

**ALL OTHERS MUST QUALIFY IN ACCORDANCE TO 11-47-15**


APPLICANT MUST QUALIFY AND INSTRUCTOR MUST COMPLETE SECTION BELOW WITHIN ONE (1) YEAR **PRIOR** TO SUBMITTING APPLICATION.


WEAPON QUALIFICATION SCORE:    **CAL.OF WEAPON**_____

AMY-L_____    SCORE_____    R.I. COMBAT_____    SCORE_____

_____
**SIGNATURE** of N.R.A. instructor or POLICE RANGE OFFICER            **DATE**

_____
PRINTED NAME & TELEPHONE NO# OF N.R.A. INSTRUCTOR OR POLICE RANGE OFFICER


_____
**N.R.A. NUMBER** OR **POLICE DEPARTMENT NAME**

Copy of INSTRUCTORS NRA/ FBI CERTIFICATE OR CERTIFICATION CARD
**with visible expiration date must be included.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


THREE (3) REFERENCES ARE REQUIRED:


_____
Name                          Area Code/Tele No#                    Years Known

_____
Address/City/State/Zip


_____
Name                          Area Code/Tele No#                    Years Known

_____
Address/City/State/Zip


_____
Name                          Area Code/Tele No#                    Years Known

_____
Address/City/State/Zip