# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL P. O'NEIL ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | C.A. No. 23-cv-70 |
| ) | |
| PETER F. NERONHA, in his official ) | |
| capacity as Attorney General of the State ) | |
| of Rhode Island, and THE STATE OF ) | |
| RHODE ISLAND ) | |
|     Defendant(s) ) | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO AMEND THE COMPLAINT

Pursuant to F.R.Civ.P. 15(a)(2) and 20, Plaintiff Michael O'Neil hereby moves to amend the Complaint to add as Plaintiffs Daniel Patterson, Donald Labiole, Joseph Patton, Richard Cook, Richard Laporte and Peter Tremeentozzi and to make various other non-substantive edits to the Amended Complaint. Defendants have denied State-issued CCW permits to the additional plaintiffs for the same reason as Plaintiff O'Neil, i.e., that they had not made a showing of "need" because they already had a CCW permit issued by a municipality.

### STANDARD OF REVIEW

Rule 15(a)(1) provides that with respect to a motion to amend the complaint: "The court should freely give leave when justice so requires." As one treatise has said, in such circumstances, "…the burden is usually on the party opposing the amendment to demonstrate why the amendment should not be permitted." Baicker-McKee, Janssen, Corr, <u>Federal Civil Rules Handbook 2016</u>, p. 542 (Thomson Reuters 2018), citing <u>C.F. v. Capistrano Unified School District</u>, 654 F.3d 975, 985 (9th Cir. 2011) (policy should be applied with "extreme liberality"); see also, <u>Lacedra v. Donald W. Wyatt Detention Facility</u>, 334 F.Supp.2d 114, 127-28 (D.R.I. 2004) (Lagueux, J.) (in civil rights cases, trial court should liberally allow amendments and apply "relation back" doctrine).

Rule 20(a)(1) states that persons may be joined in one action as plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." F.R.Civ.P. 20(a). One treatise has said:

> Joinder of parties is generally encouraged in the interest of judicial economy, subject to fulfillment of two prerequisites: the persons who join as plaintiffs…must be interested in claims that arise out of the same transaction or occurrence, or series of transactions and occurrences, and all the parties joined must share in common at least one question of law or fact.

Baicker-McKee, Janssen, Corr, Federal Civil Rules Handbook 2016, p. 614, citing Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000).

ARGUMENT

The Court should permit the amendment of the complaint because the additional plaintiffs have claims that arise out of the same series of transactions or occurrences and they share common questions of fact or law. Lee v. Cook County, Ill., 635 F.3d 969, 971 (7th Cir. 2011) ("Multiple plaintiffs are free to join their claims in a single suit when '*any* question of law or fact common to all plaintiffs will arise in the action.'" (emphasis original)); Mosely v. General Motors Corp., 497 F.2d 1330, 1332-34 (8th Cir. 1974); Dougherty v. Mieczkowski, 661 F.Supp. 267, 277-78 (D.Md. 1987). In Mosley, the court addressed whether ten African-American employees of General Motors could bring a lawsuit together alleging various forms of discrimination with each plaintiff part of each count asserting different forms of discrimination. The district court held that each plaintiff had to bring a separate action.

On appeal, the Eighth Circuit said:

> The purpose of [rule 20(b)] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. [citation omitted]. Single trials tend to lessen the delay, expense and inconvenience to all concerned. Reflecting this policy, the Supreme Court has said: "Under the Rules, the impulse

2

> is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."

497 F.2d at 1332-33, quoting, <u>United Mineworkers of America v. Gibbs</u>, 383 U.S. 715, 724 (1966). The court first held that the plaintiffs' claims arose from the same series of transactions or occurrences: "Each of the ten plaintiffs alleged that he had been injured by the same general policy of discrimination by General Motors…we conclude that a company-wide policy purportedly designed to discriminate against blacks in employment…arises out of the same series of transactions or occurrence." <u>Id.</u> at 1333-34.

With respect to whether there were common issues of fact or law, the court first noted that not all questions of fact or law be must be common. <u>Id.</u> at 1334. Rather,

> The right to relief here depends on the ability to demonstrate the each of the plaintiffs was wronged by racially discriminatory policies on the part of the defendants…The discriminatory character of the defendants' conduct is thus basic to each plaintiff's recovery. The fact that each plaintiff may have suffered different effects from the alleged discrimination is immaterial for purposes of determining the common question of law or fact.

<u>Id.</u> The Eighth Circuit reversed the district court and remanded with instructions to permit the plaintiffs to proceed jointly. <u>Id.</u>

Here, like the original Plaintiff O'Neil, the additional six plaintiffs allege that Defendants denied the renewal of their State-issued CCW permits for the same reason, i.e., that they already had CCW permits issued by municipalities. Like Plaintiff O'Neil, the additional six plaintiffs allege that denials on this basis are an unconstitutional exercise of discretion by Defendants. Like Plaintiff O'Neil, the additional six plaintiffs allege that Defendants' actions violate their rights under the Second and Fourteenth Amendments. There are common questions of fact and law.

Further, unlike Plaintiff O'Neil, these plaintiffs do not seek to operate a firearms business and, thus, would not be subject to Defendants' mootness argument. The Court should allow the

addition of these plaintiffs on the grounds of judicial economy.  See, Spomer v. Littleton, 414 U.S. 514, 521-22 (1974) (remanding the case for determining of whether plaintiffs can address mootness issue by amending complaint to add new defendant); In re Thornburgh, 869 F.2d 1503, 1509 (D.C.Cir. 1898) ("There is authority to the effect that a court may respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative."); M.K. v. Tenet, 216 F.R.D. 133, 143 (D.D.C. 2002) (granting plaintiff's motion to amend the complaint to add additional plaintiffs under Rule 20, in part, "to promote trial convenience, expedite the final determination of disputes, and prevent multiple lawsuit.").

Plaintiff proposes to address Defendants' mootness argument by adding additional plaintiffs who would not be subject to that argument.  Even if the Court were to agree with Defendants' argument—and Plaintiff asserts it should not—it makes sense and promotes judicial economy to add plaintiffs who can continue the litigation without having to refile another case.

## CONCLUSION

For the reasons stated, the Court should grant Plaintiff's motion to amend the complaint.

Respectfully submitted,
**MICHAEL O'NEIL**
By his attorneys,

| | |
|---|---|
| */s/ Thomas W. Lyons* | */s/ Frank R. Saccoccio* |
| Thomas W. Lyons #2946 | Frank R. Saccoccio Esq. #5949 |
| Strauss, Factor, Laing & Lyons | Saccoccio Law Office |
| One Davol Square, Suite 305 | 928 Atwood Avenue |
| Providence, RI 02903 | Johnston, Rhode Island 02919 |
| (401) 456-0700 | (401) 944-1600 * 942-8921 Fax |
| tlyons@straussfactor.com | Frank.CSLawOffice@gmail.com |

## CERTIFICATE OF SERVICE

      I hereby certify that on September 1, 2023, a copy of the foregoing was filed and served electronically on all registered CM/ECF users through the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                                                   /s/ Thomas W. Lyons