## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

MICHAEL P. O'NEIL, DANIEL      :
PATTERSON, DONALD LABRIOLE    :
JOSEPH PATTON, RICHARD COOK    :
RICHARD LAPORTE and PETER       :
TREMEENTOZZI                   :
     Plaintiffs               :
                              :
        v.               :         C.A. No. 23-cv-70
                              :
PETER F. NERONHA, in his official     :
capacity as Attorney General of the State   :
of Rhode Island, and THE STATE OF     :
RHODE ISLAND                 :
     Defendants            :

## SECOND AMENDED COMPLAINT FOR EQUITABLE RELIEF

## PRELIMINARY STATEMENT

Plaintiffs Michael O'Neil, Daniel Patterson, Donald Labriole, Joseph Patton, Richard Cook, Richard Laporte and Peter Tremeentozzi, bring this action to challenge the constitutionality of Defendants' denial of their applications to renew Plaintiffs' permits for the concealed carry of a firearm (CCW). Plaintiffs assert that Defendants' denial violates the Second Amendment of the United States Constitution as well as the Fourteenth Amendment and Art. 1, Sec. 2 of the Rhode Island Constitution.

## PARTIES

1. Plaintiff Michael O'Neil is a resident of Warwick, Rhode Island, and a citizen of the State of Rhode Island.

2. Plaintiff Daniel Patterson is a resident of the Town of Exeter, a Federally Licensed Firearms Dealer, and a citizen of the State of Rhode Island.

1

3. Plaintiff Donald Labriole is a resident of the Town of Coventry and a citizen of the State of Rhode Island.

4. Plaintiff Joseph Patton is a resident of the Town of Foster and a citizen of the State of Rhode Island.

5. Plaintiff Richard Cook is a resident of the Town of Charlestown and a citizen of the State of Rhode Island.

6. Plaintiff Richard Laporte is a resident of the Town of North Kingstown and a citizen of the State of Rhode Island.

7. Plaintiff Peter Tremeentozzi is a resident of the Town of Johnston, a Federally Licensed Firearms Dealer, and a citizen of the State of Rhode Island

8. Defendant Peter F. Neronha is sued in his official capacity as the Attorney General of the Defendant State of Rhode Island.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343, 2001, 2002, and 42 U.S.C. § 1983 and 1988.

10. The Court has ancillary jurisdiction over the claims brought under the Rhode Island Constitution and any other state law.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because Defendants took their unconstitutional actions in this district.

## FACTS

12. Plaintiff Michael O'Neil is over the age of 21, he has not been convicted of any felony, he is not a fugitive from justice, he is not in community confinement or otherwise subject to electronic surveillance, he is not mentally incompetent, a drug addict or a drunkard, he is not

an immigrant who entered or remained in the country illegally, and he has obtained a so-called "blue card" from the Rhode Island Department of Environmental Management. In other words, O'Neil meets all the statutory requirements under the Rhode Island Firearms Act, R.I.Gen.L. § 11-47-1, et seq., to possess firearms, including handguns.

13. Plaintiff Daniel Patterson, is over the age of 21, not a felon, not a fugitive from justice, not in community confinement or otherwise subject to electronic surveillance, not mentally incompetent, not a drug addict or a drunkard, not an immigrant who entered or remained in the country illegally, has obtained a "blue card" from the Rhode Island Department of Environmental Management, along with a Federal Firearms Dealers License from the Department of Alcohol, Tobacco, and Firearms.

14. Plaintiff, Donald Labriole, is over the age of 21, not a felon, not a fugitive from justice, not in community confinement or otherwise subject to electronic surveillance, not mentally incompetent, not a drug addict or a drunkard, not an immigrant who entered or remained in the country illegally, and has obtained a "blue card" from the Rhode Island Department of Environmental Management.

15. Plaintiff, Joseph Patton, is over the age of 21, not a felon, not a fugitive from justice, not in community confinement or otherwise subject to electronic surveillance, not mentally incompetent, not a drug addict or a drunkard, not an immigrant who entered or remained in the country illegally, and has obtained a "blue card" from the Rhode Island Department of Environmental Management.

16. Plaintiff, Richard Cook, is over the age of 21, not a felon, not a fugitive from justice, not in community confinement or otherwise subject to electronic surveillance, not mentally incompetent, not a drug addict or a drunkard, not an immigrant who entered or remained in the

3

country illegally, and has obtained a "blue card" from the Rhode Island Department of Environmental Management.

17. Plaintiff, Richard Laporte, is over the age of 21, not a felon, not a fugitive from justice, not in community confinement or otherwise subject to electronic surveillance, not mentally incompetent, not a drug addict or a drunkard, not an immigrant who entered or remained in the country illegally, and has obtained a "blue card" from the Rhode Island Department of Environmental Management.

18. Plaintiff, Peter Tremeentozzi, is over the age of 21, not a felon, not a fugitive from justice, not in community confinement or otherwise subject to electronic surveillance, not mentally incompetent, not a drug addict or a drunkard, not an immigrant who entered or remained in the country illegally, has obtained a "blue card" from the Rhode Island Department of Environmental Management, along with a Federal Firearms Dealers License from the Department of Alcohol, Tobacco, and Firearms.

19. Under the Firearms Act, both the Rhode Island Attorney General and municipalities have the authority to issue CCW permits, §§ 11-47-18 and 11-47-11, respectively.

20. The provision by which municipalities have authority to issue CCW permits states, in part: "The licensing authorities of any city or town **shall**, upon application of any person twenty-one (21) years of age or over having a bona fide residence or place of business within the city or town, or of any person twenty-one (21) years of age or over having a bona fide residence within the United States and a license or permit to carry a pistol or revolver concealed upon his or her person issued by the authorities of any other state or subdivision of the United States, issue a license or permit to the person to carry concealed upon his or her person a pistol or revolver everywhere within this state for four (4) years from date of issue, if it appears that the applicant

4

has good reason to fear an injury to his or her person or property or has any other proper reason for carrying a pistol or revolver, and that he or she is a suitable person to be so licensed." (emphasis added). R.I.Gen.L. § 11-47-11(a).

21. The Section under which the Attorney General issues CCW permits states, in part: "The attorney general **may** issue a license or permit to any person twenty-one (21) years of age or over to carry a pistol or revolver, whether concealed or not, upon his or her person **upon a proper showing of need**, subject to the provisions of §§ 11-47-12 and 11-47-15; that license or permit may be issued notwithstanding the provisions of § 11-47-7." (emphasis added). R.I.Gen.L. §11-47-18(a).

22. The Firearms Act does not define "need."

23. The Attorney General has not promulgated regulations that define "need."

24. The Attorney General has created a set of factors in its "Weapons Carry Permit Packet" which the Department purportedly uses to determine whether an applicant has made a proper showing of "need." These factors include:

(1) Has the applicant demonstrated a specific articulable risk to life, limb, or property? If so, has the applicant demonstrated how a pistol permit will decrease the risk?

(2) Can the applicant readily alter his or her conduct, or undertake reasonable measures other than carrying a loaded firearm, to decrease the danger to life, limb, or property?

(3) Are there means of protection available to the applicant other than the possession of a loaded firearm that will alleviate the risk to his or her person or property?

(4) Has the applicant demonstrated the skill, training, and ability to properly use a firearm in accordance with Rhode Island laws?

(5) Has the applicant presented a plan to properly secure the firearm so that it does not fall into unauthorized hands?

(6) How greatly will the possession of a loaded firearm by the applicant increase the risk of harm to the applicant or to the public?

(7) Has the applicant demonstrated that he or she will not use the firearm for an unlawful or improper purpose, and that he or she has not used a firearm for an unlawful or improper purpose in the past?

(8) Does past unlawful, dangerous, or violent conduct of the applicant justify denial at the Attorney General's discretion even if it is not sufficient to disqualify the applicant as a matter of law from possessing a firearm?

(9) Has the applicant been issued a protective order pursuant to chapter 15-5, chapter 15-15, or chapter 8- 8.1 of the general laws?

(10) Any and all other factors deemed lawful and appropriate by the Attorney General to demonstrate that the applicant is or is not a person suitable to possess a loaded firearm in public.

25. However, the information packet also states there is no "set formula or criteria to limit or restrict the Attorney General's decision to issue or deny a pistol permit."

26. Plaintiff O'Neil has applied for and has been granted a Department of Attorney General CCW permit upon renewal every four years since 2013.

27. Plaintiff O'Neil has in the past also been granted CCW permits by the Town of Johnston and the City of Warwick.

28. On October 25, 2020, Plaintiff O'Neil filed an application with the Rhode Island Department of the Attorney General to renew his CCW permit.

29. On or about April 2022, October 2021, January 2022, April 2021, September 2021 and January 2022, the Plaintiffs Daniel Patterson, Donald Labriole, Joseph Patton, Richard Cook, Richard Laporte and Peter Tremeentozzi, respectively, filed renewal applications with the Rhode Island Department of the Attorney General to renew his/their CCW permits.

30. On January 25, 2021, the Attorney General denied Plaintiff O'Neil's CCW renewal application, stating "you have not provided a proper showing of need for a permit to be issued" because you already have a concealed carry permit from the City of Warwick which "provides you with the ability to lawfully carry a pistol or revolver in the State of Rhode Island." However, the denial otherwise failed to articulate any reason set forth in the Defendants' factors for denial.

31. Within a few months of submitting their renewal applications, the Plaintiffs Daniel Patterson, Donald Labriole, Joseph Patton, Richard Cook, Richard Laporte and Peter Tremeentozzi received denial letters from the Attorney General, stating that based on their city or Town permit, that there was a failure to demonstrate a need. Additionally, some of the letters stated that the Attorney General has broad discretion to issue or deny CCW licenses.

32. On March 10, 2021, Plaintiff O'Neil, along with counsel, met via telephone, with representatives from the Attorney General on his appeal and requested reconsideration of the renewal denial. During that meeting, O'Neil's counsel articulated reasons for having the Attorney General's permit in addition to the Warwick permit, including that the Attorney General's permit allows for reciprocity for concealed carry permits in other states and that having a second permit provides a "backup" in case the municipal permit expires prior to renewal.

33. On April 1, 2021, the Attorney General again issued a denial indicating that the "need" was insufficient and decided "in its broad discretion to issue a permit…to deny your application due to the fact you have not provided a proper showing of need…"

34. On July 8, 2021, Plaintiff O'Neil filed a motion for reconsideration of this denial.

35. On July 21, 2021, Defendants denied reconsideration of the denial for substantially the same reasons as stated previously.

36. Like O'Neil, Plaintiffs Daniel Patterson, Donald Labriole, Joseph Patton, Richard Cook, Richard Laporte, and Peter Tremeentozzi each filed appeals of their renewal denials and/or a request for reconsideration, which were later denied.

37. On August 9, 2021, Plaintiff O'Neil filed a petition for writ of certiorari with the Rhode Island Supreme Court seeking review of the Defendants' denial.

38. On December 17, 2021, the Supreme Court denied Plaintiff O'Neil's petition.

39. Like O'Neil, Plaintiffs Daniel Patterson, Donald Labriole, Joseph Patton, Richard Cook, Richard Laporte and Peter Tremeentozzi, each filed a petition for writ of certiorari with the Rhode Island Supreme Court seeking review of the Defendants' denial. Unlike O'Neil, their petitions were each initially granted.

40. Plaintiffs Daniel Patterson, Donald Labriole, Joseph Patton, Richard Cook, Richard Laporte and Peter Tremeentozzi each filed their 12A statements and were awaiting the scheduling conferences for a Show Cause or Full Briefing Schedule.

41. On February 15, 2023, Plaintiff O'Neil filed this action in the Federal Court.

42. On February 15, 2023, the Rhode Island Supreme Court withdrew the grants of petitions for writs of certiorari for Plaintiffs Daniel Patterson, Donald Labriole, Joseph Patton, Richard

Cook, Richard Laporte and Peter Tremeentozzi without explanation, leaving them without a determination on the CCW denials.

43. Plaintiffs have carried concealed weapons in the past pursuant to their State CCW permits.

44. At the time of Plaintiff O'Neil's denial, he had not yet secured his Federal Firearms License.

45. At the time of Plaintiff Daniel Patterson's and Peter Tremeentozzi's denials, they each had already secured and were maintaining their Federal Firearms License(s).

46. Plaintiff O'Neil wants the option to engage in "open" carry of a weapon because he has, prior to submitting his 2020 renewal application, desired and/or spoke about opening and has recently opened a firearm business in the State of Rhode Island.

47. Plaintiff O'Neil, due to the business, can and may be in possession of numerous firearms, both owned by the business and/or customers, necessitating the need for open carry.

48. Plaintiff O'Neil, due to the business, can and may be required to accept delivery of firearms, both for the business and/or for customers, necessitating the need for open carry.

49. Plaintiff O'Neil, due to the business, can and may be required to transport and/or deliver firearms, both for the business and/or for customers, necessitating the need for open carry.

50. Under R.I.Gen.L. § 11-47-18, Plaintiffs may engage in "open" carry only if they have the State CCW permit and they want the option to engage in "open" carry.

51. Plaintiff O'Neil has a CCW permit from other states. He is reasonably concerned that the denial of his application by Defendants will prejudice his ability to renew those other permits or obtain others as concealed carry permit applications typically ask whether the applicant has ever had an application denied elsewhere.

52. Specifically, the denial by the Attorney General requires Plaintiff O'Neil to disclose this denial and explain the reason for the denial in out-of-state applications.

53. Plaintiff O'Neil, in 2022, renewing his Commonwealth of Massachusetts CCW permit, did disclose in his renewal application that his renewal of the Attorney General Permit was denied.

54. Plaintiff O'Neil, in 2022, explained that the denial of the Attorney General Permit was due to a newly implemented policy, which was being appealed.

55. Plaintiff O'Neil, in 2021, renewing his New Hampshire CCW permit, did disclose in his renewal application that his renewal application of the Attorney General Permit was denied.

56. Plaintiff O'Neil, in 2021, explained that the denial of the Attorney General Permit was being appealed.

## CLAIMS

### COUNT I-VIOLATION OF THE SECOND AMENDMENT

57. Plaintiffs reallege the allegations of Paragraphs 1 through 56.

58. The Second Amendment to the United States Constitution provides: "A well-regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

59. In District of Columbia v. Heller, 554 U.S. 570 (2008), the Supreme Court held that the Second Amendment provides individuals a right to keep and carry arms for self-defense and defense of others in the event of a violent confrontation.

60. In McDonald v. Chicago, 561 U.S. 742 (2010), the Court held that the Second Amendment applies to the states through operation of the Fourteenth Amendment.

61. In Caetano v. Massachusetts, 577 U.S. 411 (2016), the Court reiterated its conclusions in Heller and McDonald that "the Second Amendment extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding …" and that this "Second Amendment right is fully applicable to the States[.]"

62. In <u>N.Y. State Rifle and Pistol Association v. Bruen</u>, 142 S.Ct. 2111 (2022), the Court held that Second and Fourteenth Amendments together guarantee individual Americans not only the right to "keep" firearms in their homes, but also the right to "bear arms," meaning "to carry a handgun for self-defense outside the home."

63. The Supreme Court held that, "[t]o justify [a] regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'"

64. The Supreme Court specifically identified Rhode Island as a "shall issue" state for CCW permits because "the Rhode Island Supreme Court has flatly denied that the '[d]emonstration of a proper showing of need' is a component of [R.I.Gen.L. § 11-47-11]." <u>Bruen</u>, 142 S.Ct. at 2123, n.1, quoting <u>Godomski v. Tavares</u>, 113 A.3d 387, 392 (R.I. 2015).

65. Furthermore, the Court rejected the statutory schemes of "may issue" states whereby "authorities have discretion to deny concealed-carry licenses even when the applicant satisfies the statutory criteria," such as when "the applicant has not demonstrated … suitability for the relevant license." Rather, the Court pointed to "'shall issue' jurisdictions" wherein licenses are issued "whenever applicants satisfy certain threshold requirements, without granting licensing officials discretion to deny licenses based on a perceived lack of need or suitability."

66. Accordingly, subject to a few specific limitations, if a member of "the people" wishes to "keep" or "bear" a protected "arm," then the ability to do so "shall not be infringed."

67. Plaintiffs are members of "the people" who desire to "bear" a protected "arm" in public, either concealed or open.

68. Under <u>Bruen</u>, "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." <u>Id</u>. at 2126.

69. <u>Bruen</u> disapproved of discretion during the permitting process, instead making clear that governments may rely only on stringent statutory criteria. Defendants' laws, factors, and actions, however, allow unbridled discretion and the abuses that stem from unbridled discretion.

70. Accordingly, the burden is on the government to justify the denial of Plaintiffs' CCW renewal applications based on the historical tradition of the activity that it is now attempting to regulate and ban.

71. Defendants' denial of Plaintiffs applications to renew their State CCW permit denies them the right to engage in "open" carry in Rhode Island.

72. Defendants' denial of Plaintiff Michael O'Neil's application to renew his State CCW permit harms his ability to obtain and renew CCW permits from other states.

73. Defendants' denial of Plaintiffs applications to renew their State CCW permit denies them the right to engage in "open" carry in Rhode Island.

74. By infringing the right to bear arms in public in these ways, the Defendants' laws and regulations violate their rights under the  Second Amendment.

75. As such, Defendant's laws, customs, practices, and policies, infringing the Second Amendment's protection of the right to "bear arms" in public, damages Plaintiffs' rights in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief against such laws, customs, policies, and practices, and pursuant to 42 U.S.C. §§ 1983 and 1988. Plaintiffs are entitled to the reasonable costs of this lawsuit, including his reasonable attorneys' fees.

**COUNT II-VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT AND ARTICLE 1, SEC. 2 OF THE RHODE ISLAND CONSTITUTION**

76. Plaintiffs reallege the allegations of Paragraphs 1 through 75.

77. Plaintiffs have a liberty interest in their Second Amendment rights and a property interest in the CCW permits previously issued by Defendants.

78. By failing to provide sufficient notice of the grounds upon which a CCW permit may be denied, the Defendants have violated Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article 1 Section 2 of the Rhode Island Constitution.

79. Defendants have violated Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment and Article 1 Section 2 of the Rhode Island Constitution which require an unbiased tribunal for hearing and a decision based exclusively on the evidence submitted.

80. Defendants' application of their statute and factors is overly broad and vague because the statute imposes an overly stringent and undefined requirement of "need" in violation of the Second Amendment and the factors grant the Attorney General unbridled discretion.

81. On their face, Defendants' statute and factors are unconstitutionally vague in violation of the Fourteenth Amendment's Due Process Clause and Art. 1, § 2 of the Rhode Island Constitution because a person of ordinary intelligence would not know what showing of need is required,

13

and because the statute and the factors lack clear standards and objective criteria thus allowing Defendants to deny Plaintiffs' application to renew his/their CCW permit based on ambiguous, subjective, arbitrary or discriminatory reasons.

82. This arbitrary enforcement violates the Fourteenth Amendment of the United States Constitution and Article 1, Sec. 2 of the Rhode Island Constitution and pursuant to 42 U.S.C. §§ 1983 and 1988, and R.I.G.L. § 42-92-1, therefore Plaintiffs are entitled the reasonable costs of this lawsuit, including his/their reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Michael O'Neil, Daniel Patterson, Donald Labriole, Joseph Patton, Richard Cook, Richard Laporte and Peter Tremeentozzi requests that judgment be entered in their favor and against Defendants as follows:

1. An order preliminarily and permanently requiring Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, to issue a CCW permit to Plaintiffs;

2. A declaration that Defendants' statute and rules requiring an applicant to make an undefined showing of "need," as set forth, violates the Second Amendment;

3. A declaration that the Defendants' process for the consideration of concealed carry applications violates the Due Process Clause of the Fourteenth Amendment and Art. 1, Sec. 2 of the Rhode Island Constitution;

4. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988 and R.I.G.L. § 42-92-1;

5. Any other relief as the Court deems just and appropriate.

**MICHAEL O'NEIL, DANIEL PATTERSON, DONALD LABRIOLE, JOSEPH PATTON, RICHARD COOK, RICHARD LAPORTE, AND PETER TREMEENTOZZI,**
By their attorneys,

/s/ Thomas W. Lyons
Thomas W. Lyons #2946
Strauss, Factor, Laing & Lyons
One Davol Square, Suite 305
Providence, RI 02903
(401) 456-0700
tlyons@straussfactor.com

/s/ Frank R. Saccoccio
Frank R. Saccoccio Esq. #5949
Saccoccio Law Office
928 Atwood Avenue
Johnston, Rhode Island 02919
(401) 944-1600 * 942-8921 Fax
Frank.CSLawOffice@gmail.com

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, a copy of the foregoing was filed and served electronically on all registered CM/ECF users through the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Thomas W. Lyons