UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL O'NEIL, DANIEL PATTERSON, DONALD LABRIOLE, JOSEPH PATTON, RICHARD COOK, RICHARD LAPORTE and PETER TREMEENTOZZI<br>      Plaintiffs<br><br>v.<br><br>PETER F. NERONHA, in his official Capacity as Attorney General of the State Of Rhode Island, and THE STATE OF RHODE ISLAND<br>      Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:   C.A. No.: 23-cv-70<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR EQUITABLE RELIEF**

**PARTIES**

1. Admitted that Plaintiff Michael O'Neil, at the time of application to the Office of the Attorney General, was a resident of Warwick, Rhode Island.

2. Admitted that Plaintiff Daniel Patterson, at the time of application to the Office of the Attorney General, was a resident of the Town of Exeter, Rhode Island, and a Federally Licensed Firearms Dealer.

3. Admitted that Plaintiff Donald Labriole, at the time of application to the Office of the Attorney General, was a resident of the Town of Coventry, Rhode Island.

4. Admitted that Plaintiff Joseph Patton, at the time of application to the Office of the Attorney General, was a resident of the Town of Foster, Rhode Island.

5. Admitted that Plaintiff Richard Cook, at the time of application to the Office of the Attorney General, was a resident of the Town of Charlestown, Rhode Island.

6. Admitted that Plaintiff Richard Laporte, at the time of application to the Office of the Attorney General, was a resident of the Town of North Kingstown, Rhode Island.

7. Admitted that Plaintiff Peter Tremeentozzi, at the time of application to the Office of the Attorney General, was a resident of the Town of Johnston, Rhode Island.

8. Admitted that Peter F. Neronha is the Attorney General of the State of Rhode Island and that this suit is brought against him in his official capacity only.

## JURISDICTION AND VENUE

9. Paragraph No. 9 asserts a legal conclusion to which no response is required. To the extent that Paragraph No. 9 asserts facts, they are denied.

10. Paragraph No. 10 asserts a legal conclusion to which no response is required. To the extent that Paragraph No. 10 asserts facts, they are denied.

11. Paragraph No. 11 asserts a legal conclusion to which no response is required. To the extent that Paragraph No. 11 asserts facts, they are denied.

## FACTS

12. Admitted that Mr. O'Neil is over the age of 21 and is not an immigrant who entered or remained in the country illegally. Further admitted that the Office of the Attorney General has no reason to believe that Mr. O'Neil is a drug addict or drunkard. Lastly, admitted that Mr. O'Neil has obtained a so-called "blue card" from the Rhode Island Department of Environmental Management. The State is without sufficient information to admit and thus denies allegations that Mr. O'Neil has never been convicted of a felony, is not a fugitive from justice, is not

in community confinement or otherwise subject to electronic surveillance, and has not been adjudicated mentally incompetent. The last sentence of paragraph 12 is a legal conclusion to which no response is necessary; to the extent the sentence requires response, it is denied.

13. Admitted that Mr. Patterson is over the age of 21 and is not an immigrant who entered or remained in the country illegally. Further admitted that the Office of the Attorney General has no reason to believe that Mr. Patterson is a drug addict or drunkard. Lastly, admitted that Mr. Patterson has obtained a so-called "blue card" from the Rhode Island Department of Environmental Management and a Federal Firearms Dealers License from the Department of Alcohol, Tobacco, and Firearms. The State is without sufficient information to admit and thus denies allegations that Mr. Patterson has never been convicted of a felony, is not a fugitive from justice, is not in community confinement or otherwise subject to electronic surveillance, and has not been adjudicated mentally incompetent.

14. Admitted that Mr. Labriole is over the age of 21 and is not an immigrant who entered or remained in the country illegally. Further admitted that the Office of the Attorney General has no reason to believe that Mr. Labriole is a drug addict or drunkard. Lastly, admitted that Mr. Labriole has obtained a so-called "blue card" from the Rhode Island Department of Environmental Management. The State is without sufficient information to admit and thus denies allegations that Mr. Labriole has never been convicted of a felony, is not a fugitive from justice, is not in community confinement or otherwise subject to electronic surveillance, and has not been adjudicated mentally incompetent.

15. Admitted that Mr. Patton is over the age of 21 and is not an immigrant who entered or remained in the country illegally. Further admitted that the Office of the Attorney General has no reason to believe that Mr. Patton is a drug addict or drunkard. Lastly, admitted that Mr. Patton has obtained a so-called "blue card" from the Rhode Island Department of Environmental Management. The State is without sufficient information to admit and thus denies allegations that Mr. Patton has never been convicted of a felony, is not a fugitive from justice, is not in community confinement or otherwise subject to electronic surveillance, and has not been adjudicated mentally incompetent.

16. Admitted that Mr. Cook is over the age of 21 and is not an immigrant who entered or remained in the country illegally. Further admitted that the Office of the Attorney General has no reason to believe that Mr. Cook is a drug addict or drunkard. Lastly, admitted that Mr. Cook has obtained a so-called "blue card" from the Rhode Island Department of Environmental Management. The State is without sufficient information to admit and thus denies allegations that Mr. Cook has never been convicted of a felony, is not a fugitive from justice, is not in community confinement or otherwise subject to electronic surveillance, and has not been adjudicated mentally incompetent.

17. Admitted that Mr. Laporte is over the age of 21 and is not an immigrant who entered or remained in the country illegally. Further admitted that the Office of the Attorney General has no reason to believe that Mr. Laporte is a drug addict or drunkard. Lastly, admitted that Mr. Laporte has obtained a so-called "blue card" from the Rhode Island Department of Environmental Management. The State is

without sufficient information to admit and thus denies allegations that Mr. Laporte has never been convicted of a felony, is not a fugitive from justice, is not in community confinement or otherwise subject to electronic surveillance, and has not been adjudicated mentally incompetent.

18. Admitted that Mr. Tremeentozzi is over the age of 21 and is not an immigrant who entered or remained in the country illegally. Further admitted that the Office of the Attorney General has no reason to believe that Mr. Tremeentozzi is a drug addict or drunkard. Lastly, admitted that Mr. Tremeentozzi has obtained a so-called "blue card" from the Rhode Island Department of Environmental Management and a Federal Firearms Dealers License from the Department of Alcohol, Tobacco, and Firearms. The State is without sufficient information to admit and thus denies allegations that Mr. Tremeentozzi has never been convicted of a felony, is not a fugitive from justice, is not in community confinement or otherwise subject to electronic surveillance, and has not been adjudicated mentally incompetent.

19. Paragraph 19 consists of characterizations, which require no response. To the extent a response is required, Paragraph 19 is denied.

20. Admitted that R.I.Gen.L. §11-47-11(a) states, in part: "The licensing authorities of any city or town shall, upon application of any person twenty-one (21) years of age or over having a bona fide residence or place of business within the city or town, or of any person twenty-one (21) years of age or over having a bona fide residence within the United States and a license or permit to carry a pistol or revolver concealed upon his or her person issued by the authorities of any other

state or subdivision of the United States, issue a license or permit to the person to carry concealed upon his or her person a pistol or revolver everywhere within this state for four (4) years from date of issue, if it appears that the applicant has good reason to fear an injury to his or her person or property or has any other proper reason for carrying a pistol or revolver, and that he or she is a suitable person to be so licensed."

21. Admitted that R.I.Gen.L. 11-47-18(a) states, in part: "The attorney general may issue a license or permit to any person twenty-one (21) years of age or over to carry a pistol or revolver, whether concealed or not, upon his or her person upon a proper showing of need, subject to the provisions of §§ 11-47-12 and 11-47-15; that license or permit may be issued notwithstanding the provisions of § 11-47-7."

22. Paragraph 22 consists of legal arguments and therefore no response is required. To the extent a response is required, Paragraph 22 is denied.

23. Paragraph 23 consists of legal arguments and therefore no response is required. To the extent a response is required, Paragraph 23 is denied.

24. Admitted that the Attorney General published a "Weapons Carry Permit Packet" offering guidance on R.I.Gen.L. §11-47-18 with a non-exhaustive list of factors the Attorney General considers in assessing an applicant's proper showing of need. Admitted that the factors are worded as stated in Plaintiffs' Second Amended Complaint. To the extent this paragraph contains other allegations, they are denied.

25. Admitted that the "Weapons Carry Permit Packet" states that there "cannot be any set formula or criteria to limit or restrict the Attorney General's discretion to issue

or deny a pistol permit . . . ." To the extent this paragraph contains other allegations, they are denied.

26. Admitted that Mr. O'Neil was issued a pistol permit from the Office of the Attorney General with an expiration date of January 31, 2021. State Defendants do not have enough information to admit or deny the balance of the allegations contained in this paragraph and therefore these allegations are denied.

27. Admitted that Mr. O'Neil has been granted and currently holds a City of Warwick permit allowing him to concealed carry a pistol statewide with an expiration date of November 26, 2023. State Defendants do not have enough information to admit or deny the balance of the allegations contained in this paragraph and therefore these allegations are denied.

28. Admitted that Mr. O'Neil, on October 25, 2020, filed an application with the Rhode Island Department of the Attorney General for a CCW permit. To the extent this paragraph contains other allegations, they are denied.

29. Admitted that Mr. Patterson submitted an application for an Attorney General CCW permit dated April 11, 2022; Mr. Labriole submitted an application for an Attorney General CCW permit dated August 18, 2021; Mr. Patton submitted an application for an Attorney General CCW permit dated January 3, 2022; Mr. Cook submitted an application for an Attorney General CCW permit dated April 16, 2021; Mr. Laporte submitted an application for an Attorney General CCW permit dated September 29, 2021; and Mr. Tremeentozzi submitted an application for an Attorney General CCW permit dated December 3, 2021. To the extent this paragraph contains other allegations, they are denied.

30. Admitted that the Attorney General denied Mr. O'Neil's October 25, 2020, application for a CCW permit on January 25, 2021. Admitted that the application was denied for "not provid[ing] a proper showing of need for a permit to be issued." To the extent this paragraph contains other allegations, they are denied.

31. Admitted that Daniel Patterson, Donald Labriole, Joseph Patton, Richard Cook, Richard Laporte and Peter Tremeentozzi received denial letters from the Attorney General related to their pistol permit applications. Further admitted that each denial letter contains an explanation of the denial in each case. The balance of this paragraph consists of characterization of the letters, to which no response is required. To the extent that a response is required, the rest of the paragraph is denied.

32. Admitted that on March 10, 2021, Mr. O'Neil and his attorney, Mr. Saccoccio, met with Michael Figueiredo and Edward Troiano from the Office of the Attorney General. Admitted that the meeting proceeded in accordance with the contents of the July 31, 2023, Declaration of Edward Troiano, ECF 16-2 at 2-3. The rest of the paragraph consists of characterizations, which do not require a response. To the extent that a response is required, the rest of the paragraph is denied. Admitted that on April 1, 2021, the Office of the Attorney General affirmed its denial of Mr. O'Neil's CCW application. The rest of the paragraph consists of characterizations, which do not require a response. To the extent that a response is required, the rest of the paragraph is denied.

33. Admitted that on April 1, 2021, the Office of the Attorney General affirmed its decision to deny Mr. O'Neil's application for a CCW permit. The rest of the paragraph consists of characterizations, which do not require a response. To the extent that a response is required, the rest of the paragraph is denied.

34. Admitted that on July 8, 2021, Mr. O'Neil filed a motion for reconsideration of the denial.

35. Admitted that on July 21, 2021, the Office of the Attorney General affirmed its denial of the CCW permit. The rest of the paragraph consists of characterizations, which do not require a response. To the extent that a response is required, the rest of the paragraph is denied.

36. Admitted that Daniel Patterson, Donald Labriole, Joseph Patton, Richard Cook, Richard Laporte, and Peter Tremeentozzi were each provided an additional letter from the Attorney General affirming its denial of the permit after having the opportunity to confer with the Office of Attorney General about the original denial. To the extent this paragraph contains other allegations, they are denied.

37. Admitted that on August 9, 2021, Mr. O'Neil filed a petition for writ of certiorari with the Rhode Island Supreme Court seeking review of the CCW permit denial by the Office of the Attorney General.

38. Admitted that on December 17, 2021, the Rhode Island Supreme Court denied Mr. O'Neil's petition for writ of certiorari.

39. Denied that the Rhode Island Supreme Court granted writs of certiorari for Mr. Patterson, Mr. Labriole, Mr. Patton, Mr. Cook, Mr. Laporte, or Mr. Tremeentozzi.

40. The allegations in this paragraph are denied.

41. Admitted that on February 15, 2023, Mr. O'Neil filed this action in the Federal Court.

42. The allegations in this paragraph are denied.

43. State Defendants do not have enough information to admit or deny the allegations contained in this paragraph and therefore these allegations are denied.

44. State Defendants do not have enough information to admit or deny the allegations contained in this paragraph and therefore these allegations are denied.

45. Admitted that both Mr. Patterson and Mr. Tremeentozzi had unexpired Federal Firearms Licenses at the time they applied for an Attorney General's CCW permit. To the extent this paragraph contains other allegations, they are denied.

46. State Defendants do not have enough information to admit or deny the allegations contained in this paragraph and therefore these allegations are denied.

47. State Defendants do not have enough information to admit or deny the allegations contained in this paragraph and therefore these allegations are denied.

48. State Defendants do not have enough information to admit or deny the allegations contained in this paragraph and therefore these allegations are denied.

49. State Defendants do not have enough information to admit or deny the allegations contained in this paragraph and therefore these allegations are denied.

50. Admitted that § 11-47-18 states, in pertinent part, "[t]he attorney general may issue a license or permit to any person twenty-one (21) years of age or over to carry a pistol or revolver, whether concealed or not . . . ." The balance of the paragraph consists of legal conclusions, which do not require response. To the extent Paragraph 50 contains any additional allegations, they are denied.

51. Admitted that Mr. O'Neil, as of October 25, 2020, had CCW permits from other states. State Defendants do not have enough information to admit or deny the allegations regarding Mr. O'Neil's current permit status in other states. The State Defendants do not have enough information to admit or deny the balance of the allegations contained in this paragraph and therefore those allegations are denied.

52. State Defendants do not have enough information to admit or deny the allegations contained in this paragraph and therefore these allegations are denied.

53. State Defendants do not have enough information to admit or deny the allegations contained in this paragraph and therefore these allegations are denied.

54. State Defendants do not have enough information to admit or deny the allegations contained in this paragraph and therefore these allegations are denied.

55. State Defendants do not have enough information to admit or deny the allegations contained in this paragraph and therefore these allegations are denied.

56. State Defendants do not have enough information to admit or deny the allegations contained in this paragraph and therefore these allegations are denied.

## CLAIMS

### COUNT I - VIOLATION OF THE SECOND AMENDMENT

57. This paragraph incorporates all prior paragraphs. All preceding paragraphs of this Answer are therefore restated as if set forth fully herein.

58. Admitted that the U.S. Const. amend. II reads as follows: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

59. This paragraph consists of legal arguments and therefore no response is required. To the extent a response is required, denied.

60. This paragraph consists of legal arguments and therefore no response is required. To the extent a response is required, denied.

61. This paragraph consists of legal arguments and therefore no response is required. To the extent a response is required, denied.

62. This paragraph consists of legal arguments and therefore no response is required. To the extent a response is required, denied.

63. This paragraph consists of legal arguments and therefore no response is required. To the extent a response is required, denied.

64. Admitted that the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen* identified Rhode Island as a "shall issue" jurisdiction for CCW permits. The remainder of the paragraph consists of legal arguments and therefore no response is required. To the extent a response is required, denied.

65. This paragraph consists of legal arguments and therefore no response is required. To the extent a response is required, denied.

66. This paragraph consists of legal arguments and therefore no response is required. To the extent a response is required, denied.

67. This paragraph consists of legal arguments and therefore no response is required. To the extent a response is required, denied.

68. This paragraph consists of legal arguments and therefore no response is required. To the extent a response is required, denied.

69. This paragraph consists of legal arguments and therefore no response is required.

    To the extent a response is required, denied.

70. This paragraph consists of legal arguments and therefore no response is required.

    To the extent a response is required, denied.

71. This paragraph consists of legal arguments and therefore no response is required.

    To the extent a response is required, denied.

72. This paragraph consists of legal arguments and therefore no response is required.

    To the extent a response is required, denied.

73. This paragraph consists of legal arguments and therefore no response is required.

    To the extent a response is required, denied.

74. This paragraph consists of legal arguments and therefore no response is required.

    To the extent a response is required, denied.

75. This paragraph consists of legal arguments and therefore no response is required.

    To the extent a response is required, denied.

## COUNT II – VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT AND ARTICLE 1, SEC. 2 OF THE RHODE ISLAND CONSTITUTION

76. This paragraph incorporates all prior paragraphs. All preceding paragraphs of this Answer are therefore restated as if set forth fully herein.

77. This paragraph consists of legal arguments and therefore no response is required.

    To the extent a response is required, denied.

78. This paragraph consists of legal arguments and therefore no response is required.

    To the extent a response is required, denied.

79. This paragraph consists of legal arguments and therefore no response is required.

    To the extent a response is required, denied.

80. This paragraph consists of legal arguments and therefore no response is required.

    To the extent a response is required, denied.

81. This paragraph consists of legal arguments and therefore no response is required.

    To the extent a response is required, denied.

82. This paragraph consists of legal arguments and therefore no response is required.

    To the extent a response is required, denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs lack Article III standing to the extent stated in this Court's Order of June 28, 2023.

2. Plaintiffs claims are not ripe for review.

3. Plaintiffs' claims are barred in whole or in part by sovereign immunity.

4. Plaintiffs' claims are barred in whole or in part by public official immunity.

5. Plaintiffs' claims were decided on the merits by the Rhode Island Supreme Court and are thus barred from federal district court under the *Rooker-Feldman* doctrine.

6. Plaintiffs' claims were decided on the merits by the Rhode Island Supreme Court and are thus barred by claim preclusion.

7. The laws at issue enjoy the presumption of validity and, in fact, were duly enacted.

8. Defendants have not violated any established right under the Constitution or laws of the United States or Rhode Island or any political subdivision or any act of Congress providing for the protection of civil rights.

9. Defendants have not violated any clearly established constitutional or statutory rights that a reasonable person is likely to have known and therefore are entitled to qualified immunity.

10. Plaintiffs are not entitled to attorney's fees and/or costs under Federal or State law.

11. The State reserves the right to assert such other and further defenses not specifically asserted herein.

WHEREFORE, State Defendants demand judgment in their favor and against Plaintiffs on all counts of Plaintiffs' Amended Complaint plus attorneys' fees and costs as permitted by law.

Respectfully submitted,

PETER F. NERONHA
ATTORNEY GENERAL

 /s *Sarah W. Rice*
Sarah W. Rice, Bar No. 10465
Deputy Chief, Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, Extension 2054
Fax: (401) 222-3016
SRice@riag.ri.gov

*Attorneys for Defendant Peter F. Neronha in his official capacity*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, I filed and served this document through the ECF system upon all parties of record. This document as electronically served is available for viewing and/or downloading from the ECF system.

_____/s *Sarah W. Rice*_____

Sarah W. Rice (#10465)