UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**MICHAEL O'NEIL, et al.**

*Plaintiffs*

v.

**PETER F. NERONHA, in his official capacity as Attorney General of the State of Rhode Island, and THE STATE OF RHODE ISLAND**

*Defendants*

C.A. No. 23-cv-00070-WES-PAS

### DEFENDANTS THE STATE OF RHODE ISLAND AND ATTORNEY GENERAL PETER F. NERONHA'S MOTION FOR SUMMARY JUDGMENT

The State of Rhode Island and Attorney General Peter F. Neronha, in his official capacity, (collectively, the State) move for summary judgment pursuant to Fed. R. Civ. P. 56 on plaintiffs' Second Amended Compliant, which challenges the State's licensing regime for public carry of handguns for self-defense under the Second Amendment and other constitutional grounds.

When the Supreme Court announced its framework for reviewing Second Amendment claims in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), it emphasized that the "'right secured by the Second Amendment is not unlimited'"—it is not "'a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.'" *Id.* at 21 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)).  Instead, the Second Amendment protects the right to keep and "bear commonly used arms in public subject to certain reasonable, well-defined restrictions." *Id.* at 70.  Those "reasonable regulation[s]" include restrictions placed

on the "manner of public carry" of firearms, including restrictions preventing individuals from carrying "deadly weapons in a manner likely to terrorize others." *Id*. at 59 (emphasis omitted). And the Court emphasized that *"nothing"* in its Second Amendment jurisprudence "should be interpreted to suggest the unconstitutionality of . . . 'shall-issue' licensing regimes." *Id.* at 38 n.9; *see also id.* at 80 (Kavanaugh, J., concurring).

Rhode Island has one of the "shall issue" licensing regimes the Supreme Court recognized as constitutional. *Id.* Under the Rhode Island law, an applicant for a public carry permit has two avenues to obtain a concealed carry permit. An applicant may obtain a permit from any city or town in which he or she is a bona fide resident or has a place of business. R.I. Gen. Laws § 11-47-11. If an applicant satisfies the criteria listed in § 11-47-11(a), the municipal licensing authority *shall* issue a concealed carry permit. *Id*; *see also Mosby v. Devine*, 851 A.2d 1031, 1047 (R.I. 2004). An applicant may also apply to obtain a concealed or open carry permit from the Attorney General. The Attorney General retains the discretion to issue concealed or open carry permits "upon a proper showing of need." *See* R.I. Gen. Laws § 11-47-18. An individual with either permit may public carry a concealed handgun in the State of Rhode Island.

By this lawsuit, plaintiffs contend that R.I. Gen. Laws § 11-47-18's requirement that they make a "proper showing of need" deprives them of their constitutional right to public carry handguns for self-defense. A faithful application of *Bruen* establishes that Rhode Island's licensing regime does not burden plaintiffs' Second Amendment rights. Ordinary, law-abiding applicants like plaintiffs may public carry handguns in a concealed manner with the municipal licenses they hold pursuant to § 11-47-11. The Second Amendment requires no more. *See Bruen,* 597 U.S. at 76 ("the Second Amendment protects the right of law-abiding people to carry a gun outside the home for self-defense"). There is no Second Amendment right to carry handguns openly when

2

concealed carry is available. As the Supreme Court made clear, "States could lawfully eliminate one kind of public carry" so long as another public carry option remains available. *Id.* at 59.

In *Bruen*, the licensing regime under review effectively prohibited *all* forms of public carry because open carry was illegal and concealed carry permissible only where an applicant "demonstrate[d] a special need for self-protection distinguishable from that of the general community." *Id.* at 12 and 93-94 (describing New York licensing regime for open and concealed carry) (Breyer, J. dissenting). Rhode Island's licensing regime is far less restrictive than the regime at issue in *Bruen*. It does not "operate[] to prevent law-abiding citizens with ordinary self-defense needs from carrying arms in public for that purpose." *See id.* at 60. Instead, it allows public carry with a concealed carry permit that local authorities "shall" issue without any showing of need. *Mosby*, 851 A.2d at 1047. The Attorney General, however, retains discretion as the state's chief law enforcement officer to issue an additional open or concealed carry permit for applicants who make a "proper showing of need" beyond those of the ordinary, law-abiding citizen. *See* R.I. Gen. Laws §§ 11-47-11(a) and 11-47-18(a).

Even if § 11-47-18(a)'s "proper showing of need" requirement imposed some minimal burden on plaintiffs' expressed preference for open carry, that requirement is consistent with our Nation's long tradition of enforcing licensing regimes and regulating the "manner of public carry" of firearms—as demonstrated by the attached declarations of Dr. Brennan Rivas and Professor Robert Spitzer. *See Bruen*, 597 U.S. at 59. It also does not constitute any unconstitutional deprivation of a liberty or property interest protected by the due process clauses of the state and federal constitutions.

For these reasons, which are detailed in the accompanying memorandum of reasons, the State is entitled to summary judgment on plaintiffs' Second Amended Complaint. A declaration

should issue stating that the State's dual-licensing regime for the public carry of handguns is constitutionally permissible.

## REQUEST FOR A HEARING

Pursuant to Local Rule 7, the State of Rhode Island and its Attorney General respectfully request a hearing on the foregoing motion.

DEFENDANTS PETER F. NERONHA
and THE STATE OF RHODE ISLAND,

By their Attorneys,

*/s/ James J. Arguin*
James J. Arguin (#10972)

*/s/ Paul T.J. Meosky*
Paul T.J. Meosky (#10742)

Special Assistant Attorneys General
Office of the Attorney General
150 South Main Street
Providence, R.I. 02903
(401) 274-4400 exts. 2078/2074
(401) 222-2995 (Fax)
jarguin@riag.ri.gov/pmeosky@riag.ri.gov

Dated: November 27, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ James J. Arguin*
