

DATE DOWNLOADED: Thu Dec 19 10:03:55 2024
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
Revised Statutes of the State of Maine, Passed August 29, 1883, and Taking Effect January 1, 1884 (4).

ALWD 7th ed.
. Revised Statutes of the State of Maine, Passed August 29, 1883, & Taking Effect January 1, 1884 (4).

APA 7th ed.
(4). Revised Statutes of the State of Maine, Passed August 29, 1883, and Taking Effect January 1, 1884. Portland, Loring, Short & Harmon.

Chicago 17th ed.
Revised Statutes of the State of Maine, Passed August 29, 1883, and Taking Effect January 1, 1884. Portland, Loring, Short & Harmon.

McGill Guide 9th ed.
Revised Statutes of the State of Maine, Passed August 29, 1883, & Taking Effect January 1, 1884 (Portland: Loring, Short & Harmon., 4)

AGLC 4th ed.
Revised Statutes of the State of Maine, Passed August 29, 1883, and Taking Effect January 1, 1884 (Loring, Short & Harmon., 4

MLA 9th ed.
Revised Statutes of the State of Maine, Passed August 29, 1883, and Taking Effect January 1, 1884. Portland, Loring, Short & Harmon. HeinOnline.

OSCOLA 4th ed.
Revised Statutes of the State of Maine, Passed August 29, 1883, and Taking Effect January 1, 1884. Portland, Loring, Short & Harmon.        Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

FOURTH REVISION.

# THE
# REVISED STATUTES

OF THE

# STATE OF MAINE,

PASSED AUGUST 29, 1883, AND TAKING EFFECT JANUARY 1, 1884.

BY THE AUTHORITY OF THE LEGISLATURE.



PORTLAND:
PUBLISHED BY LORING, SHORT & HARMON
AND
WILLIAM M. MARKS, PRINTER.
1884.

Entered according to Act of Congress, in the year 1884, by JOSEPH O. SMITH, Secretary of the State of Maine, in trust for said State, in the office of the Librarian of Congress, at Washington, District of Columbia.

Case 1:23-cv-00070-WES-PAS   Document 44-18   Filed 01/06/25   Page 4 of 6 PageID #: 2366

# TITLE ELEVEN.

## Crimes and Offences, Proceedings in Criminal Cases. Punishments and Incidental Provisions.

CHAP. 117. Offences against the sovereignty of the state.
       118. Offences against the lives and persons of individuals.
       119. Offences against habitations and other buildings.
       120. Larceny, and receiving stolen goods.
       121. Forgery and counterfeiting, and fraudulent stocks.
       122. Offences against public justice.
       123. Offences against the public peace.
       124. Offences against chastity, morality and decency.
       125. Gambling.
       126. Cheating by false pretences; frauds and conspiracies.
       127. Malicious mischiefs, and trespasses on property.
       128. Offences against the public health, safety and policy.
       129. Libels.
       130. Proceedings, for the prevention of crimes.
       131. Jurisdiction of offences, and general provisions relating thereto.
       132. Appointment of municipal and police judges, and proceedings of magistrates in criminal cases.
       133. Commencement of proceedings in criminal cases.
       134. Proceedings in court in criminal cases.
       135. Sentence, and its execution in criminal cases, and the liberation of poor convicts.
       136. Collection and disposal of fines and costs in criminal cases.
       137. Disposal of insane criminals.
       138. Pardons, and fugitives from justice.
       139. Coroners' inquests.

## CHAPTER 117.

### OFFENCES AGAINST THE SOVEREIGNTY OF THE STATE.

SEC. 1. Treason, its definition, proof and punishment.
     2. Misprision of treason, its definition, proof and punishment.
     3. Limitation of prosecutions therefor to three years.
     4. Usurpation of jurisdiction by a foreign power. Overt acts.
     5. Removal of, injury to, or refusal to deliver up the great seal, how punished.
     6. Use of the great seal except at the office of secretary of state, punished.
     7. Removal, secretion, mutilation of, or refusal to return public books and papers, forbidden and punished.
     8. Retiring public officers shall deliver public money or other property to successors. Punishment for refusal.
     9. Person, falsely assuming to act as a state officer, how to be punished.

Treason, defined; how to be proved.   SEC. 1. Treason consists in levying war against the State, adhering to its enemies, and giving them aid and comfort. No person can be con-

CHAP.130.

## CHAPTER 130.

### PROCEEDINGS FOR THE PREVENTION OF CRIMES.

SEC. 1. Justices of the supreme and superior courts, and magistrates, may require sureties of the peace and good behavior.
    2. On complaint that an offence is threatened, a magistrate may issue a warrant, if he thinks fit, to bring the accused before him.
    3. Accused may then be ordered to find sureties to keep the peace, for not more than one year, and to pay the costs, but shall not be bound over to court unless a specific offence is charged.
    4. If he complies, he shall be discharged; if not, he shall be committed, and the magistrate shall return the papers to the next court.
    5. Proceedings, if complaint is not sustained. Costs, if malicious or frivolous.
    6. Appeal to the next supreme or superior court, and proceedings.
    7. Consequences, if the appellant fails to prosecute.
    8. How recognizance may be taken after commitment.
    9. When a magistrate may require sureties, without a formal complaint.
    10. Persons going armed, without reasonable cause.
    11. All recognizances shall be returned to the appellate court, which may remit the penalty.
    12. Sureties on recognizances may surrender their principals, as in case of bail in civil actions.

SEC. 1. The justices of the supreme judicial and superior courts, and judges of municipal and police courts, in vacation or in court, and trial justices in their counties, have power to cause all laws for the preservation of the public peace to be kept; and in the execution thereof may require persons to give security to keep the peace and be of good behavior, as hereinafter provided. *Justices of the supreme and superior courts, and magistrates, may require sureties of the peace and good behavior. R.S.,c.130,§1.*

SEC. 2. Any such magistrate, on complaint that any person threatens to commit an offence against the person or property of another, shall examine, on oath, the complainant and any other witnesses produced, reduce the complaint to writing, and cause the complainant to sign it; and, if on examination of the facts he thinks that there is just cause to fear the commission of such offence, he shall issue a warrant reciting the substance of the complaint, and commanding the officer, to whom it is directed, forthwith to arrest the accused and bring him before such magistrate or court, subject to section seven of chapter one hundred and thirty-two. *On complaint that an offence is threatened, proceedings. R.S.,c.130,§2.*

SEC. 3. When the accused is brought before the magistrate and his defence is heard, he may be ordered to recognize, with sufficient sureties, in the sum required by the magistrate, to keep the peace toward all persons, and especially toward the person requiring the security, for a term not exceeding one year, and to pay the costs of prosecution; but he shall not be bound over to any court, unless he is also charged with some other specific offence requiring it. *Accused may be ordered to find sureties to keep the peace, not exceeding one year, and to pay costs. R.S.,c.130,§3. 10 Me., 332.*

SEC. 4. If the accused complies with such order, he shall be discharged; if he does not, he shall be committed to jail for the time for which he was required to find sureties, or until he complies with such order; and the magistrate shall state in the mittimus the cause of commitment, and the time and sum for which security was required, and *If he complies, he shall be discharged; otherwise, he shall be committed. R.S.,c.130,§4.*

59

CHAP. 130.

return a copy of the warrant to the next supreme judicial or superior court in said county, and such court shall have cognizance of the case, as if the accused had appealed thereto.

**Proceedings, if complaint is not sustained. R.S., c.130, § 5. —if frivolous, or malicious, proceedings.**

SEC. 5. If the magistrate, on examination of the facts, is not satisfied that there is just cause to fear the commission of any offence, he shall immediately discharge the accused; and if he judges the complaint to be unfounded, frivolous, or malicious, he may order the complainant to pay the costs of prosecution, who shall thereupon be answerable to the magistrate, officer, and witnesses for their fees as for his own debt.

**Appeal to the next supreme or superior court, and proceedings thereon. R.S., c.130, § 6.**

SEC. 6. Any person aggrieved by the order of such magistrate requiring him thus to recognize, may on giving the security required, appeal to the next supreme judicial or superior court in the county; and the magistrate shall thereupon require such witnesses as he thinks proper, to recognize to appear at the appellate court; and such court may affirm or reverse the order of the magistrate, require the accused to recognize anew with sufficient sureties, and make such order as to costs as it deems reasonable.

**Consequences, if appellant fails to prosecute. R.S., c.130, § 7.**

SEC. 7. If the appellant fails to prosecute his appeal, his recognizance shall be in force for any breach of its conditions without an affirmation of said order, and shall stand as security for any costs which he is ordered by the court to pay.

**Recognizance after commitment. R.S., c.130, § 8. 1873, c.137, § 2.**

SEC. 8. A person committed for not recognizing as aforesaid may be discharged by a justice of the supreme judicial court or a bail commissioner, on giving the security required.

**When magistrate on view, may require sureties without a formal complaint. R.S., c.130, § 9.**

SEC. 9. Whoever in the presence of any of the magistrates aforesaid, or of any court of record, makes an affray; threatens to kill or beat another, or to commit any violence against his person or property; or contends with hot and angry words to the disturbance of the peace, may be ordered, without process or other proof, to recognize to keep the peace and be of good behavior for a term not exceeding three months, and may be otherwise dealt with as is provided in the preceding sections.

**Persons going armed, without reasonable cause. R. S.; c. 130, § 10.**

SEC. 10. Whoever goes armed with any dirk, pistol, or other offensive and dangerous weapon, without just cause to fear an assault on himself, family, or property, may, on complaint of any person having cause to fear an injury or breach of the peace, be required to find sureties to keep the peace for a term not exceeding one year, and, in case of refusal, may be committed as provided in the preceding sections.

**Recognizances shall be returned to court, which may remit penalty. R. S., c. 130, § 11.**

SEC. 11. All recognizances taken under this chapter shall be returned to the supreme judicial or superior court on or before the first day of the next term, and be there filed by the clerk as of record; and, in any suit thereon, if the forfeiture is found or confessed, the court may remit so much of the penalty, and on such terms, as it thinks proper.

**Sureties on recognizances may surrender their principals, &c. R. S., c. 130, § 12.**

SEC. 12. Any surety in such recognizance may surrender the principal the same as bail in civil cases, and he shall thereupon be discharged from liability for any subsequent breach of the recognizance; and the principal may recognize anew with sufficient sureties for the residue of the term before a trial justice, and then be discharged.