

DATE DOWNLOADED: Fri Dec 20 10:49:11 2024
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
Revised Statutes of the State of Maine, Passed October 22, 1840 (1841).

ALWD 7th ed.
. Revised Statutes of the State of Maine, Passed October 22, 1840 (1841).

APA 7th ed.
(1841). Revised Statutes of the State of Maine, Passed October 22, 1840. Augusta, W.R. Smith, Printers to the State.

Chicago 17th ed.
Revised Statutes of the State of Maine, Passed October 22, 1840. Augusta, W.R. Smith, Printers to the State.

McGill Guide 9th ed.
Revised Statutes of the State of Maine, Passed October 22, 1840 (Augusta: W.R. Smith, Printers to the State., 1841)

AGLC 4th ed.
Revised Statutes of the State of Maine, Passed October 22, 1840 (W.R. Smith, Printers to the State., 1841

MLA 9th ed.
Revised Statutes of the State of Maine, Passed October 22, 1840. Augusta, W.R. Smith, Printers to the State. HeinOnline.

OSCOLA 4th ed.
Revised Statutes of the State of Maine, Passed October 22, 1840. Augusta, W.R. Smith, Printers to the State.          Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# REVISED STATUTES

OF THE

## State of Maine,

**Passed October 22, 1840.**

---

Entered according to act of Congress, in the year 1841, by PHILIP C. JOHNSON, Secretary of the State of Maine, in trust for said State, in the clerk's office of the district court of Maine.

# THE REVISED STATUTES

OF THE

## STATE OF MAINE,

PASSED OCTOBER 22, 1840;

TO WHICH ARE PREFIXED

## THE CONSTITUTIONS

OF THE

## United States and of the State of Maine,

AND TO WHICH ARE SUBJOINED THE OTHER

## PUBLIC LAWS OF 1840 AND 1841,

WITH AN

## APPENDIX.

PRINTED AND PUBLISHED IN COMPLIANCE WITH A RESOLVE OF OCTOBER 22, 1840.

Augusta:
PUBLISHED BY WILLIAM R. SMITH & Co., PRINTERS TO THE STATE.
1841.

# TITLE TWELFTH.

## Of crimes and offences, proceedings in criminal cases, punishments and prisons, and incidental provisions.

CHAPTER 153. Of offences against the sovereignty of the state.
154. Of offences against the lives and persons of individuals.
155. Of offences against habitations, and other buildings, including arson, burglary and similar crimes.
156. Of larceny, and the receiving of stolen goods.
157. Of forgery and counterfeiting.
158. Of offences against public justice.
159. Of offences against the public peace.
160. Of offences against chastity, morality and decency.
161. Of cheating by false pretences, gross frauds, and conspiracy.
162. Of malicious mischief, and trespasses on property.
163. Of offences against the public health, safety and policy.
164. Of nuisances.
165. Of libel.
166. Crimes and offences within the jurisdiction of different courts.
167. General provisions relating to crimes and punishments.
168. Of sentence and execution thereof in criminal cases.
169. Of proceedings for prevention of crimes.
170. Of the power and proceedings of justices of the peace in criminal cases.
171. Of commencement of proceedings in criminal cases.
172. Of proceedings in court in criminal cases.
173. As to the disposal of insane persons, when prosecuted for crimes or offences.
174. Of fugitives from justice, and conditional pardons.
175. Of the liberation of poor convicts.
176. Of coroners' inquests.
177. Of the state prison.
178. Of houses of correction.

## CHAPTER 153.

### OF OFFENCES AGAINST THE SOVEREIGNTY OF THE STATE.

SECT. 1. Treason.
2. Two witnesses necessary for conviction, unless on confession.
3. Misprision of treason.
4. Necessary proof.
SECT. 5. Limitation, as to time of prosecution.
6. Usurpation of jurisdiction, by foreign power, within limits defined by the treaty of 1783.

SECTION 1. Whoever shall be guilty of treason, by levying war against the state, adhering to its enemies, giving them aid and comfort, shall be punished with death. *Treason. Const. art. 1, § 12.*

SECT. 2. No person shall be indicted and convicted of treason, unless on the testimony of two witnesses to the same overt act, or by confession in open court. *Two witnesses necessary for conviction, unless on confession. Const. art. 1, § 12.*

SECT. 3. If any person shall have knowledge of any treason committed, or to be committed, and shall conceal the same, and shall not, as soon as may be, give information thereof upon oath to the governor of the state, a judge of a court of record, or to a *Misprision of treason. 1821, 1, § 2, 3.*

shall place the same on file with the indictment, and subjoin to the CHAP. 168. record of the sentence a brief abstract of the sheriff's return on the warrant.

# CHAPTER 169.

### OF PROCEEDINGS FOR PREVENTION OF CRIMES.

SECT. 1. Of the commencement of criminal proceedings.
2. Magistrates may require sureties for the peace and good behavior.
3. Of the examination of the complainant.
4. When a warrant may issue.
5. In certain cases sureties required, for keeping the peace, &c. without binding to appear at any court.
6. Party to be discharged, on complying.
7. On refusal, to be committed to the county jail; but still entitled to a hearing on his appeal.
8. Proceedings, if the complaint be not sustained. Costs, if malicious or frivolous.

SECT. 9. When party, complained of, shall pay costs.
10. Appeal to the next district court.
11. Proceedings upon the appeal.
12. Consequences, if the appellant fail to prosecute.
13. Recognizance may be taken, after commitment.
14. Return of such recognizance.
15. When magistrate may require sureties, without a formal complaint.
16. Persons going armed, without reasonable cause.
17. Power of court, to remit the penalty of a recognizance.
18. Sureties on recognizances may surrender their principals, as in case of bail in civil actions.

SECTION 1. No person shall be held to answer in any court for an alleged crime or offence, other than contempt of court, unless upon an indictment by a grand jury, except in the following cases: *Of the commencement of criminal proceedings.*

*First.* When a prosecution by information is expressly authorized by statute.

*Second.* In proceedings before a municipal or police court, or a justice of the peace.

*Third.* In proceedings before courts martial.

SECT. 2. The justices of the supreme judicial court, of the district court, justices of municipal courts and police courts in vacation, as well as in open court, and justices of the peace, in their respective counties, shall have power to cause all laws made for the preservation of the public peace to be kept; and, in the execution of that power, may require persons to give security to keep the peace, or be of the good behavior, or both, in the manner provided in this chapter. *Magistrates may require sureties for the peace and good behavior.*

SECT. 3. Any such magistrate, on complaint made to him, that any person has threatened to commit an offence against the person or property of another, shall examine the complainant on oath, and also any witnesses who are produced, and reduce the complaint to writing, and cause the complainant to subscribe the same. *Of the examination of the complainant.*

SECT. 4. If there should appear to such magistrate, on an examination of the facts, that there is just cause to apprehend and fear the commission of such offence, he shall issue a warrant under his hand and seal, containing a recital of the substance of the com- *When a warrant may issue. 1821, 76, § 1.*

CHAP. 169.
plaint, and commanding the officer to whom the same may be directed, forthwith to arrest the person complained of, and bring him before such magistrate or court, having jurisdiction of the case.

*In certain cases, sureties required, for keeping the peace, &c. without binding to appear at any court.*
*1821, 76, § 1.*
*1 Fairf. 325.*

SECT. 5. When the person, complained of, is brought before the magistrate, he may be required, after his defence has been heard, to enter into a recognizance with sufficient sureties, in such sum as shall be ordered, to keep the peace towards all the people of the state, and especially towards the person requiring the security, for such term as the magistrate may order, not exceeding one year, but shall not be bound over to any court, unless he is also charged with some specific and other offence, for which he ought to be held to answer at such court.

*Party to be discharged, on complying*
*1821, 76, § 1.*

SECT. 6. If the person complained of shall comply with the order of such magistrate, he shall be discharged.

*On refusal, to be committed to the county jail, but still entitled to a hearing on his appeal.*
*1821, 76, § 1.*

SECT. 7. If the person shall refuse or neglect so to recognize, the magistrate shall commit him to the county jail during the period for which he was required to find sureties, or till he shall so recognize; and the magistrate shall state in the warrant the cause of commitment, and also the time and the sum for which security was required. The magistrate shall also return a copy of the warrant to the district court, next to be holden in the same county, and such court shall have cognizance of the case in the same manner, as if the party accused had appealed to said court.

*Proceedings, if the complaint be not sustained. Costs, if malicious or frivolous.*

SECT. 8. When the magistrate, on examination of the facts, shall not be satisfied, that there is just cause to fear the commission of any such offence, he shall immediately discharge the party complained of; and, if the magistrate shall judge the complaint unfounded, malicious or frivolous, he may order the complainant to pay the costs of prosecution, who shall thereupon be answerable to the magistrate and officer for their fees, as for his own debt.

*When party, complained of, shall pay costs.*

SECT. 9. When the person complained of is required to give security for the peace, or for his good behavior, the court or magistrate may further order, that the costs of prosecution, or any part thereof, shall be paid by such person, who shall stand committed until such costs are paid, or he is otherwise discharged.

*Appeal, to the next district court.*

SECT. 10. Any person, aggrieved by the order of such judge of a municipal or police court, or justice of the peace, in requiring him to recognize as aforesaid, may, on giving the security required, appeal to the next district court in the same county.

*Proceedings upon the appeal.*

SECT. 11. When an appeal is taken from an order of such justice or court, the magistrate shall require such witnesses, as he may think necessary, to recognize for their appearance at the court appealed to; and such court may affirm the order of the judge or justice, or discharge the appellant, or require him to recognize anew with sufficient sureties, as the court may deem proper; and make such order as to the costs, as may be deemed reasonable.

*Consequences, if the appellant fail to prosecute.*

SECT. 12. If the appellant shall fail to prosecute his appeal, his recognizance shall remain in full force, as to any breach of the condition, without an affirmation of the judgment or order, and stand as a security for any costs, which may be ordered by the court to be paid by the appellant.

*Recognizance*

SECT. 13. Any person committed for not finding sureties or

refusing to recognize, as required by the court or magistrate, may be discharged by any judge or justice of the peace, on giving such security, as was required.

CHAP. 169.
may be taken after commitment.

SECT. 14. Every recognizance, taken pursuant to the foregoing provisions, shall be transmitted to the district court, on or before the first day of the next ensuing term, and shall there be filed by the clerk, as of record.

Return of such recognizance.

SECT. 15. Whoever, in the presence of any magistrate, mentioned in the second section of this chapter, or before any court of record, shall make any affray or threaten to kill or beat another, or commit any violence against his person or property, or shall contend, with hot and angry words, to the disturbance of the peace, may be ordered, without process or any other proof, to recognize for keeping the peace, or being of the good behavior for a term, not exceeding three months, and, in case of refusal, may be committed to prison as before directed.

When magistrate may require sureties, without a formal complaint, &c.

SECT. 16. Any person, going armed with any dirk, dagger, sword, pistol, or other offensive and dangerous weapon, without a reasonable cause to fear an assault on himself, or any of his family or property, may, on the complaint of any person having cause to fear an injury or breach of the peace, be required to find sureties for keeping the peace for a term, not exceeding one year, with the right of appeal as before provided.

Persons going armed, without reasonable cause.
1821, 76, § 1.

SECT. 17. In a suit, on such recognizance taken in a criminal case, if a forfeiture is found or confessed, the court, on petition, may remit the penalty, or such part of it as they may think proper, on such terms as they may think right.

Power of court, to remit the penalty of a recognizance.
1821, 50, § 4.

SECT. 18. Any surety in a recognizance may surrender the principal in the same manner, as if he had been his bail in a civil cause, and, on such surrender, shall be discharged from all liability for any act of the principal after such surrender, which would be a breach of the recognizance; and, upon such surrender, the principal may recognize anew with sufficient surety or sureties for the residue of the term, before any justice of the peace, and shall thereupon be discharged.

Sureties on recognizances may surrender their principals as in case of bail in civil actions.

## CHAPTER 170.

OF THE POWER AND PROCEEDINGS OF JUSTICES OF THE PEACE IN CRIMINAL CASES.

SECT. 1. Justices may require aid, on view, without a warrant.
2. Their jurisdiction.
3. When a justice shall issue his warrant.
4. Examination, on trial, of the party accused.
5. Of commitment or binding over to a higher court.
SECT. 6. Duty of justices, as to arrests, and examinations into treasons, felonies, &c.
7. Trial and sentence within their jurisdiction.
8. Respondent may appeal; but required to recognize.
9. To carry up copies of the case.