


DATE DOWNLOADED: Fri Dec 20 12:20:26 2024
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
William H. R. Wood. Digest of the Laws of California: Containing all Laws of a General Character which will be in Force on the First Day of January, 1858 (1857).

ALWD 7th ed.
Wood, William H. R. Digest of the Ls of California: Containing all Ls of a General Character which will be in Force on the First Day of January, 1858 (1857).

APA 7th ed.
Wood, W. (1857). Digest of the Laws of California: Containing all Laws of General Character which will be in Force on the First Day of January, 1858. San Francisco, S.D. Valentine & Son.

Chicago 17th ed.
Wood William H. R. Digest of the Laws of California: Containing all Laws of a General Character which will be in Force on the First Day of January, 1858. San Francisco, S.D. Valentine & Son.

McGill Guide 9th ed.
William H. R. Wood, Digest of the Ls of California: Containing all Ls of a General Character which will be in Force on the First Day of January, 1858 (San Francisco: S.D. Valentine & Son., 1857)

AGLC 4th ed.
William H. R. Wood, Digest of the Laws of California: Containing all Laws of a General Character which will be in Force on the First Day of January, 1858 (S.D. Valentine & Son., 1857

MLA 9th ed.
Wood, William H. R. Digest of the Laws of California: Containing all Laws of a General Character which will be in Force on the First Day of January, 1858. San Francisco, S.D. Valentine & Son. HeinOnline.

OSCOLA 4th ed.
Wood, William H. R. Digest of the Laws of California: Containing all Laws of a General Character which will be in Force on the First Day of January, 1858. San Francisco, S.D. Valentine & Son.            Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

# DIGEST

OF

# THE LAWS OF CALIFORNIA:

CONTAINING

## ALL LAWS OF A GENERAL CHARACTER

WHICH WILL BE IN FORCE ON THE FIRST DAY OF JANUARY, 1858;

ALSO, THE

DECLARATION OF INDEPENDENCE, CONSTITUTION OF THE UNITED STATES, ARTICLES OF CONFEDERATION, KENTUCKY AND VIRGINIA RESOLUTIONS OF 1798–'99, ACTS OF CONGRESS RELATIVE TO PUBLIC LANDS AND PRE-EMPTIONS;

TOGETHER WITH

JUDICIAL DECISIONS, BOTH OF THE SUPREME COURT OF THE UNITED STATES AND OF CALIFORNIA; TO WHICH ARE ALSO APPENDED NUMEROUS FORMS FOR OBTAINING PRE-EMPTION AND BOUNTY LANDS, ETC., ETC.

PREPARED UNDER AN ACT OF THE LEGISLATURE OF CALIFORNIA OF THE SESSION OF 1857,

BY

WILLIAM H. R. WOOD.

———

SAN FRANCISCO:
PUBLISHED BY S. D. VALENTINE AND SON,
COMMERCIAL BOOK AND JOB STEAM PRINTING ESTABLISHMENT,
Nos. 127 and 129 Sansome Street.
....
1857.

ENTERED according to Act of Congress, in the year of our Lord eighteen hundred and fifty-seven,
BY WILLIAM H. R. WOOD,
In the Clerk's Office of the District Court of the Northern District of the State of California.

### JUDICIAL DECISIONS.

1. If it appears, on the examination of a person before the committing magistrate, that the prisoner is guilty of felony, though different from that specified in the warrant, he should be committed for the offense of which he appears to be guilty. People v. Smith, 1 Cal. 9.

2. On *habeas corpus*, if the commitment is found to be illegal, and it also appears that the party is guilty of an offense, the court will not discharge him without allowing time for his arrest by proper authority. Crandall's case, 2 Cal. 144.

3. The prisoner has a right to exhaust all his challenges at any time before the jury are sworn. People v. Kohler, 4 Cal. 198.

4. The criminal code of this state has abolished the subtle distinctions and nice technicalities usually observed in an indictment at common law. People v. Thompson, 4 Cal. 238.

5. It is no error that the time fixed for the execution of sentence of death is longer than that prescribed by the statute. Id.

6. A prisoner, indicted for murder, and convicted of manslaughter, who on his own motion obtains a new trial, does not thereby subject himself to the risk of conviction for murder. People v. Gilmore, 4 Cal. 376.

7. An indictment for murder should not contain a count for manslaughter. Id.

8. Although the statute requires an act to be "without considerable provocation" to constitute a certain crime, yet it does not enter into the gist of the charge, and need not be averred in the indictment. People v. Nugent, 4 Cal. 341.

9. An indictment found by a grand jury of *twenty-four* is erroneous and void. People v. Thurston, 5 Cal. 69.

10. The statute limits the acting number of the grand jury to *twenty-three*. Id.

11. In case of felony the prisoner must be present during the whole of his trial. People v. Kohler, 5 Cal. 72.

12. "Reasonable doubt" defined. People v. Milgate, 5 Cal. 127.

13. An accomplice, electing to be tried separately, is a competent witness for his co-defendants, the credibility being left to the jury. People v. Labra, 5 Cal. 183.

14. An appeal lies in cases of application to change the venue. People v. Lee, 5 Cal. 353.

15. A party cannot voluntarily submit himself to a criminal trial. People v. March, July T. 1855.

16. Nor can he consent to be tried by a disqualified juror. Id.

17. It is not error to charge a principal and accessory in the same indictment. People v. Davidson, 5 Cal. 133.

18. The main object of our criminal code has been to simplify the practice and pleadings, leaving those rules founded in principle to a great extent unchanged. People v. Aro, April T. 1856.

19. In constituting the grand jury, the court should appoint not less than *seventeen* or more than *twenty-three*, but it is not necessary that all seventeen of the jury should be actually present at the investigation of every case. People v. Roberts, April T. 1856.

20. Instruction that "there was no evidence of express malice," was properly refused. Id.

21. In an indictment for arson, the charge that "he did burn, or cause to be burned, a certain dwelling-house," is not sufficient. People v. Hood, July T. 1856.

22. The motion to quash must be made before defendant pleads to the indictment. People v. Sellers, July T. 1856.

23. The affidavit of a juror that he is over sixty years of age is inadmissible to impeach his own verdict. Id.

24. An indictment for perjury, charging that the defendant did "willfully, corruptly and falsely swear," etc. is sufficient. People v. Parsons, Oct. T. 1856.

25. Admitting that the juror was not a resident of the county, the prisoner in order to take advantage of that fact, must show, by affidavit or otherwise, that he was ignorant of his disqualification at the time of the trial. People v. Stonecifer, Oct. T. 1856.

26. An indictment for an assault with deadly weapons, must set out the weapon or instrument used, but need not set forth the provocation or circumstances of the assault. People v. Vanard, Oct. T. 1856.

27. Under our system an indictment properly contains but one count, charging a single crime, and under it the accused may be convicted of any offense necessarily included in the offense charged. If the conviction be for a smaller offense than that charged in the indictment, it must be specified in the verdict. People v. March, Oct. T. 1856.

28. A party must be tried by the laws in force at the time of the commission of the crime. People v. Gill, Oct. T. 1856.

29. Where the blow was stricken before the passage of an amendatory act, but the death ensues afterwards, the death relates back to the time of the unlawful act, and consequently the accused must be tried under the original act. Id.

30. Evidence of good character, as a defense in criminal cases, is only admissible in doubtful cases, and should be restricted to the trait of character in issue. People v. Josephs, Jan. T. 1857.

31. Where the challenge of a juror by the prosecution, in a capital case, is improperly sustained, the prisoner is entitled to a new trial. People v. Stewart, Jan. T. 1857.

32. Judgment in a criminal case, imposing a fine and directing imprisonment till the fine is paid, should fix the time of imprisonment; but failure to do so will not render it inoperative, as the law fixes the time. People v. Markham, Jan. T. 1857.

33. The insufficiency of an indictment should be taken advantage of by demurrer. People v. Apple, Jan. T. 1857.

34. Where the law fixing the punishment of crime is altered after the act, but before conviction, the defendant can be convicted under the old law. People v. Gill, April T. 1857.

People v. Daniels, 1 Cal. 106; People v. McCauley, id. 379; People v. Tanner, id. 257; People v. Martin, 2 Cal. 484; People v. Stewart, 4 Cal. 218; People v. Brewster, Jan. T. 1855; People v. Applegate, 5 Cal. 295; People v. Williams, Jan. T. 1855; People v. Littlefield, 5 Cal. 355; People v. Freeland, Jan. T. 1856; People v. Lafuente, April T. 1856; People v. Lockwood, id; People v. Santiago Diaz, July T. 1856; People v. Wise, id; People v. Buelna, id; Ex parte Rowe, Jan. T. 1857.

See *Civil Practice, Constitutional Construction, Crimes and Punishments, Courts of Justice.*

---

## XXV.—CRIMES AND PUNISHMENTS.

### I.—PERSONS CAPABLE OF COMMITTING CRIME.

| Article | Article |
|---|---|
| 1869. Essence of crime. | 1871. Infant under fourteen, not capable of committing crime; idiots. |
| 1870. Intent, how manifested; who considered of sound mind. | |

and encouraged the perpetration of the crime. He or she who thus aids, abets or assists, advises or encourages, shall be deemed and considered as principal, and punished accordingly.

ART. 1877, Sec. 12. An accessory after the fact, is a person who, after full knowledge that a crime has been committed, conceals it from the magistrate, or harbors and protects the person charged with or found guilty of the crime. Any person being found guilty of being an accessory after the fact shall be imprisoned for any term not exceeding two years, and fined in a sum not exceeding five thousand dollars, to be regulated by the circumstances of the case and the enormity of the crime.

### III.—WITNESS.

ART. 1878, Sec. 13. The party or parties injured, shall in all cases be competent witnesses; the credibility of all such witnesses shall be left to the jury as in other cases. In all cases where two or more persons are jointly or otherwise concerned in the commission of any crime or misdemeanor, either of such persons may be sworn as a witness against another, in relation to such crime or misdemeanor; but the testimony given by such witness shall in no instance be used against himself, in any criminal prosecution, and any person may be compelled to testify as provided in this section.—[Am. April 10, 1855; R. S. St. 1850, 230; C. L. 639.

ART. 1879, Sec. 14. No black or mulatto person, or Indian, shall be permitted to give evidence in favor of, or against, any white person. Every person who shall have one-eighth part or more of negro blood shall be deemed a mulatto, and every person who shall have one-half of Indian blood shall be deemed an Indian.(1)

ART. 1880, Sec. 15. The solemn affirmation of witnesses shall be deemed sufficient. A false and corrupt affirmation shall subject the witness to all the penalties and punishments provided for those who commit willful and corrupt perjury.

### IV.—CRIMES AGAINST THE GOVERNMENT AND PEOPLE.

ART. 1881, Sec. 16. Crimes against the government and people shall consist in treason and misprision of treason, and can be committed only by persons owing allegiance to the state.

ART. 1882, Sec. 17. Treason against the state shall consist only in levying war against it, adhering to its enemies, or giving them aid and comfort. No person shall be convicted of treason unless on the evidence of two witnesses to the same overt act, or confession in open court. The punishment of treason shall be death. When the overt act of treason shall be committed without the limits of this state, the person charged therewith may be arrested, tried, and punished in any county of this state within the limits of which he may be found, and the offense may be charged to have been committed in the county where he may be arrested.

ART. 1883, Sec. 18. Misprision of treason shall consist in the knowledge and concealment of treason, without otherwise assenting to, or participating in, the crime. Any person being found guilty thereof shall be punished by confinement in the state prison for any term not exceeding five years.

### V.—OFFENSES AGAINST THE PERSONS OF INDIVIDUALS.

ART. 1884, Sec. 19. Murder is the unlawful killing of a human being, with malice aforethought, either express or implied. The unlawful killing may be effected by any of the various means by which death may be occasioned.

ART. 1885, Sec. 20. Express malice is that deliberate intention unlawfully to take away the life of a fellow-creature, which is manifested by external circumstances capable of proof.

(1) People v. Hall, 4 Cal. 399.

Sec. 21. Malice shall be implied when no considerable provocation appears or when all the circumstances of the killing show an abandoned and malignant heart. All murder which shall be perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery or burglary, shall be deemed murder of the first degree; and all other kinds of murder shall be deemed murder of the second degree; and the jury before whom any person indicted for murder shall be tried, shall, if they find such person guilty thereof, designate by their verdict, whether it be murder of the first or second degree; but if such person shall be convicted on confession in open court, the court shall proceed, by examination of witnesses, to determine the degree of the crime and give sentence accordingly. Every person convicted of murder of the first degree, shall suffer death, and every person convicted of murder of the second degree, shall suffer imprisonment in the state prison for a term not less than ten years, and which may extend to life.(1)—[Am. April 19, 1856; R. S. St. 1850, 231; C. L. 640.

Art. 1886, Sec. 22. Manslaughter is the unlawful killing of a human being without malice express or implied, and without any mixture of deliberation. It must be voluntary, upon a sudden heat of passion, caused by a provocation apparently sufficient to make the passion irresistible; or involuntary in the commission of an unlawful act, or a lawful act without due caution or circumspection.

Sec. 23. In cases of voluntary manslaughter there must be a serious and highly provoking injury inflicted upon the person killing, sufficient to excite an irresistible passion in a reasonable person, or an attempt by the person killed to commit a serious personal injury on the person killing.

Sec. 24. The killing must be the result of that sudden violent impulse of passion supposed to be irresistible; for if there should appear to have been an interval between the assault or provocation given and the killing, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge and punished as murder.

Art. 1887, Sec. 25. Involuntary manslaughter shall consist in the killing of a human being, without any intent so to do; in the commission of an unlawful act, or a lawful act, which probably might produce such a consequence in an unlawful manner; *provided*, that where such involuntary killing shall happen in the commission of an unlawful act, which in its consequences naturally tends to destroy the life of a human being, or is committed in the prosecution of a felonious intent, the offense shall be deemed and adjudged to be murder.

Sec. 26. Every person convicted of the crime of manslaughter shall be punished by imprisonment in the state prison for a term not exceeding ten years.—[Am. April 19, 1856; R. S. St. 1850, 231; C. L. 641.

Art. 1888, Sec. 27. In order to make the killing either murder or manslaughter, it is requisite that the party die within a year and a day after the stroke received, or the cause of death administered; in the computation of which the whole of the day on which the act was done shall be reckoned the first.

Art. 1889, Sec. 28. If the injury be inflicted in one county, and the party die within another county or without the state, the accused shall be tried in the county where the act was done, or the cause of death administered. If the party killing shall be in one county, and the party killed be in another county at the time the cause of death shall be administered, the accused may be tried in either county.

Art. 1890, Sec. 29. Justifiable homicide is the killing of a human being in necessary self-defense, or in defense of habitation, property, or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony, or against any person or persons who manifestly intend and endeavor, in a violent,

(1) People v. Gill, Oct. T. 1856.

riotous, or tumultuous manner, to enter the habitation of another for the purpose of assaulting or offering personal violence to any person dwelling or being therein.

ART. 1891, Sec. 30. A bare fear of any of these offenses, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable person, and that the party killing really acted under the influence of those fears, and not in a spirit of revenge.

ART. 1892, Sec. 31. If a person kill another in self-defense, it must appear that the danger was so urgent and pressing that in order to save his own life, or to prevent his receiving great bodily harm, the killing of the other was absolutely necessary; and it must appear also that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further *struggle* before the mortal blow was given.

ART. 1893, Sec. 32. If an officer in the execution of his office in a criminal case, having legal process, be resisted and assaulted, he shall be justified if he kill the assailant. If an officer or private person attempt to take a person charged with felony, and he or they be resisted in the endeavor to take the person accused, and to prevent the escape of the accused, by reason of such resistance he or she be killed, the officer or private person so killing shall be justified; *provided*, that such officer or private person previous to such killing shall have used all reasonable efforts to take the accused without success, and that from all probability there was no prospect of being able to prevent injury from such resistance, and the consequent escape of such person.

ART. 1894, Sec. 33. Justifiable homicide may also consist in unavoidable necessity, without any will or desire, and without any inadvertance or negligence in the party killing. An officer who, in the execution of public justice, puts a person to death in virtue of a judgment of a competent court of justice, shall be justified. The officer must, however, in the performance of his duty, proceed according to the sentence and the law of the land.

ART. 1895, Sec. 34. Excusable homicide by misadventure is when a person is doing a lawful act, without any intention of killing, yet unfortunately kills another; as where a man is at work with an axe, and the head flies off and kills a bystander; or where a parent is moderately correcting his child, or a master his servant or scholar, or an officer punishing a criminal, and happens to occasion death, it is only a misadventure, for the act of correction was lawful; but if a parent or master exceed the bounds of moderation, or the officer the sentence under which he acts, either in the manner, the instrument, or quantity of punishment, and death ensue, it will be manslaughter or murder, according to the circumstances of the case.

Sec. 35. All other instances which stand upon the same footing of reason and justice as those enumerated, shall be considered justifiable or excusable homicide.

ART. 1896, Sec. 36. The homicide appearing to be justifiable or excusable, the person indicted shall, upon his trial, be fully acquitted and discharged.

ART. 1897, Sec. 37. The killing being proved, the burden of proving circumstances of mitigation, or that justify or excuse the homicide, will devolve on the accused, unless the proof on the part of the prosecution sufficiently manifests that the crime committed only amounts to manslaughter, or that the accused was justified or excused in committing the homicide.

ART. 1898, Sec. 38. If any woman shall endeavor, privately, either by herself or the procurement of others, to conceal the death of any issue of her body, male or female, which, if born alive, would be a bastard, so that it may not come to light, whether it shall have been murdered or not, every such mother being convicted thereof shall suffer imprisonment in the county jail for a term not exceeding one year; *provided, however*, that nothing herein contained shall be so construed as to prevent such mother from being indicted and punished for the murder of such bastard child.

ART. 1899, Sec. 39. The distinction between petit treason and murder is abolished. Any person who might have been indicted for petit treason, shall hereafter be indicted for murder, and, if convicted, punished accordingly.

ART. 1900, Sec. 40. If any person shall, by previous appointment or agreement, fight a duel with a rifle, shot-gun, pistol, bowie-knife, dirk, small-sword, back-sword, or other dangerous weapon, and in so doing shall kill his antagonist, or any person or persons, or shall inflict such wound as that the party or parties injured shall die thereof within one year thereafter, every such offender shall be punished, upon conviction thereof, by imprisonment in the state prison for any term not exceeding seven years nor less than one year.—[Am. April 27, 1855; R. S. St. 1850, 233; C. L. 643.

If any duel shall be fought, contrary to the provisions of this act, or if any person shall be guilty of fighting, in any incorporate town or city, or any other town or public place in this state, and the parties or either of them, shall use any dangerous weapon, contrary to the provisions of this act, and either of the parties combatant shall be killed, or shall die within one year of any wound received in any such duel or fight, the party surviving shall be, and is hereby held chargeable with the payment of the debts of his antagonist, so killed by him, and the estate of the party so killed shall be exonerated from the payment of such debts, until the surviving party shall be duly prosecuted to insolvency, and the person or persons to whom the combatant so killed in such duel or fight shall be indebted, may prosecute to judgment and execution any action of debt or assumpsit, against such surviving party, which such person could have maintained against such party so killed; and in his declaration it shall be sufficient to set forth in substance the description of the judgment, bill, bond, note, assumpsit or account, by which the deceased in his lifetime was indebted to the plaintiff, and to aver that the defendant and deceased had fought a duel contrary to the provisions of this act, or had fought in an incorporated city or town, or other town or public place in this state, and had in such fight used a rifle, shot-gun, pistol, bowie-knife, dirk, small-sword, back-sword or other dangerous weapon, contrary to the meaning and intent of this act, and that in such duel or fight the defendant had unlawfully killed the deceased, or had given the deceased in said duel or fight a mortal wound, of which within one year the deceased had died, and that in consideration of which the defendant had become bound to pay to the plaintiff the amount of money mentioned in such judgment, bill, bond, note, assumpsit or account, and upon proving the same, the said plaintiff shall have verdict, judgment and execution against the defendant which shall appear to have been justly due and owing from the deceased to the plaintiff at the time of the commencement of such suit, any law, usage or custom to the contrary notwithstanding; *provided, also,* that any conveyance of, or lien upon, property, executed with the intention of avoiding the provisions of this act, shall be deemed and held null and void.

If any duel shall be fought contrary to the provisions of this act, and either of the combatants shall be maimed or wounded, the charges incurred by such maimed or wounded combatant, together with those for the support and maintenance of his family during his sickness, shall be regarded as debts to be recovered, as above provided in this act. And if the party shall die within one year of any wound received in any such duel or fight, the party surviving shall pay to the heir or heirs of such deceased, the sum of ten thousand dollars, to be recovered as above provided for the recovery of the debts of the deceased.

ART. 1901. Any and every person who shall be present at the time of fighting any duel with deadly weapons, either as second, aid, surgeon or spectator, or who shall advise or give assistance to such duel, shall be a competent witness against any person offending against any of the provisions of this act, and may be compelled to appear and give evidence before any justice of the peace, grand jury or court, in the same manner as other witnesses; but the testimony so given shall

334         CRIMES AND PUNISHMENTS.

not be used in any prosecution or proceeding, civil or criminal, against the person so testifying.—[Am. April 27, 1855; R. S. St. 1850, 233; C. L. 643, in.

[Secs. 41 and 42 repealed by act of April 27, 1855.]

ART. 1902, Sec. 43. If any person shall post another, or in writing or print shall use any reproachful or contemptuous language to or concerning another for not fighting a duel, or for not sending or accepting a challenge, he shall be imprisoned in the county jail for a term not exceeding six months, and fined in any sum not exceeding one thousand dollars.

ART. 1903, Sec. 44. If any persons shall, without deadly weapons, upon previous concert and agreement, upon any wager, or for money or any other reward, fight one with another, upon conviction thereof, they or either or any of them, and all persons present aiding and abetting, shall be punished by imprisonment in the state prison for a term not exceeding two years. Should death ensue to any person in such fight, the person or persons causing such death shall be punished by imprisonment in the state prison for a term not more than ten nor less than three years.

ART. 1904. That any person in this state having, carrying or procuring from another person any dirk, dirk-knife, bowie-knife, sword, sword-cane, pistol, gun or other deadly weapon, who shall, in the presence of two or more persons, draw or exhibit any of said deadly weapons in a rude, angry and threatening manner, not in necessary self-defense, or who shall, in any manner, unlawfully use the same, in any fight or quarrel, the person or persons so offending, upon conviction thereof in any criminal court in any county of this state, shall be fined in any sum not less than one hundred, nor more than five hundred dollars, or imprisonment in the county jail not less than one nor more than six months, at the discretion of the court, or both such fine and imprisonment, together with the costs of prosecution; which said costs shall, in all cases, be computed and collected in the same manner as costs in civil cases; *provided, however*, that both fine and imprisonment shall not be inflicted unless so determined by the verdict of a jury. All fines and forfeitures arising under the provisions of this act, shall be paid into the county treasury of the county wherein such offense was committed, for county purposes; *provided, nevertheless*, that no sheriff, deputy sheriff, marshal, constable or other peace officer, shall be held to answer under the provisions of this act, for drawing or exhibiting any of the weapons herein-before mentioned, while in the lawful discharge of his or their duties. It shall be the duty of all military, civil and peace officers in this state, to be vigilant in carrying the provisions of this act into full force and effect, as well, also, as all grand juries or grand jurors, to inquire into and make presentments of each and every offense under this act which shall come under or within their knowledge. It shall and is hereby made the duty of all judges in this state to give this act in charge to the grand juries at each term of their respective courts; and also to all trial juries, impanneled for the trial of any of the offenses herein-before mentioned in this act.—[Act May 5, 1855, in; St. 1855, 268.

ART. 1905, Sec. 45. Every person who shall willfully and maliciously administer or cause to be administered to or taken by any person, any poison or other noxious or destructive substance or liquid, with the intention to cause the death of such person, and being thereof duly convicted, shall be punished by imprisonment in the state prison for a term not less than ten years, and which may extend to life. And every person who shall administer or cause to be administered or taken, any medicinal substances, or shall use or cause to be used, any instruments whatever, with the intention to procure the miscarriage of any woman then being with child, and shall be thereof duly convicted, shall be punished by imprisonment in the state prison for a term not less than two years, nor more than five years; *provided*, that no physician shall be affected by the last clause of this section, who, in the discharge of his professional duties, deems it necessary to produce the miscarriage of any woman in order to save her life.

CRIMES AND PUNISHMENTS.                                    335

ART. 1906, Sec. 46. Mayhem consists in unlawfully depriving a human being of a member of his or her body, or disfiguring or rendering it useless. If any person shall cut out or disable the tongue, put out an eye, slit the nose, ear or lip, or disable any limb or member of another, or shall voluntarily or of purpose put out an eye or eyes, every such person shall be guilty of mayhem. The crime of mayhem shall be punishable by imprisonment in the state prison for a term not to exceed fourteen years.—[Am. April 19, 1856; R. S. St. 1850, 233; C. L. 644.

ART. 1907, Sec. 47. Rape is the carnal knowledge of a female, forcibly and against her will; and a person duly convicted thereof, shall be punished by imprisonment in the state prison, for a term not less than five years, and which may extend to life; and any person of the age of fourteen years and upwards, who shall have carnal knowledge of any female child, under the age of ten years, either with or without her consent, shall be adjudged guilty of the crime of rape, and be punished as before provided.—[Am. April 10, 1855.(1)

ART. 1908, Sec. 48. The infamous crime against nature, either with man or beast, shall subject the offender to be punished by imprisonment in the state prison for a term not less than five years, and which may extend to life.

ART. 1909, Sec. 49. An assault is an unlawful attempt coupled with a present ability to commit a violent injury on the person of another, and every person convicted thereof, shall be fined in a sum not exceeding five hundred dollars or imprisoned in the county jail not exceeding three months.—[Am. April 19, 1856; R. S. St. 1850, 234; C. L. 645.

Sec. 50. An assault with an intent to commit murder, rape, the infamous crime against nature, mayhem, robbery, or grand larceny, shall subject the offender to imprisonment in the state prison for a term not less than one year, nor more than fourteen years. An assault with a deadly weapon, instrument, or other thing, with an intent to inflict upon the person of another a bodily injury, where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant heart, shall subject the offender to imprisonment in the state prison, not exceeding two years or to a fine not exceeding five thousand dollars, or to both such fine and imprisonment.—[Am. April 10, 1855; R. S. St. 1850, 234; C. L. 645.(2)

ART. 1910, Sec. 51. Assault and battery is the unlawful beating of another, and a person duly convicted thereof shall be fined in any sum not exceeding one thousand dollars, or imprisoned in the county jail not exceeding one year.

ART. 1911, Sec. 52. False imprisonment is an unlawful violation of the personal liberty of another, and consists in confinement or detention without sufficient legal authority. Any person convicted of false imprisonment shall pay all damages sustained by the person so imprisoned, and be fined in any sum not exceeding five thousand dollars, or imprisoned in the county jail for a term not exceeding one year.

ART. 1912, Sec. 53. Kidnapping is the forcible abduction or stealing away of a man, woman, or child, from his or her own country, and sending or taking him or her into another.

Sec. 54. Every person who shall forcibly steal, take, or arrest, any man, woman, or child, whether white, black, or colored, or any Indian in this state, and carry him or her into another county, state, or territory, or who shall forcibly take or arrest any person or persons whatsoever, with a design to take him or her out of this state, without having established a claim according to the laws of the United States, shall, upon conviction, be deemed guilty of kidnapping, and be punished by imprisonment in the state prison for any term not less than one nor more than ten years for each person kidnapped or attempted to be kidnapped.

Sec. 55. Every person who shall hire, persuade, entice, decoy, or seduce by false promises, misrepresentations, and the like, any negro, mulatto, or colored

(1) People v. Benson, July T. 1856.        (2) People v. Vanard, Oct. T. 1856.

336                      CRIMES AND PUNISHMENTS.

person, to go out of this state, or to be taken or removed therefrom, for the purpose and with the intent to sell such negro, mulatto, or colored person into slavery or involuntary servitude, or otherwise to employ him or her for his or her own use, or to the use of another without the free will and consent of such negro, mulatto, or colored person, shall be deemed to have committed the crime of kidnapping, and upon conviction thereof shall be punished as in the next preceding section specified.

ART. 1913. Every person who shall take any woman unlawfully, against her will, and by force, menace or duress, compell her to marry him, or to marry any other person, or to be defiled, and shall be thereof convicted, shall be punished by imprisonment in the state prison for a term not less than two, nor more than fourteen years. Every person who shall maliciously, forcibly or fraudulently lead, take or carry away, or decoy or entice away any child under the age of ten years, with intent to detain and conceal such child from its parent, guardian or other person having the lawful charge of such child, shall, upon conviction thereof, be punished by imprisonment in the state prison not exceeding ten years, or by a fine not exceeding five thousand dollars, or by both such fine and imprisonment. Every person who shall willfully poison any spring, well or reservoir of water, shall, upon conviction thereof, be punished by imprisonment in the state prison for a term not less than one, nor more than ten years.—[Act April 19, 1856, in.

### VI.—OFFENSES AGAINST HABITATIONS AND OTHER BUILDINGS.

ART. 1914. Every person who shall willfully and maliciously burn, or cause to be burned, in the night-time, any dwelling-house in which there shall be at the time some human being, shall be deemed guilty of arson in the first degree, and upon conviction thereof, shall be punished by imprisonment not less than two years, and which may extend to life, in the state prison.—[Act April 19, 1856, in.

ART. 1915. Every person who shall, willfully and maliciously, burn or cause to be burned, any dwelling-house, the property of another, in the day-time, or in the night or day-time willfully burn, or cause to be burned, any kitchen, office, shop, barn, stable, storehouse, warehouse or other building, or stacks or stocks of grain, or standing crops, the property of any other person or corporation, or any church, meeting-house, school-house, state-house, court-house or other public building, or any ship, vessel, boat or other water-craft, or any bridge of the value of fifty dollars or more, erected across any of the waters of this state, such person so offending shall be deemed guilty of arson in the second degree, and upon conviction thereof, shall be punished by imprisonment in the state prison for a term not less than one year nor more than ten years; and should the life or lives of any person or persons be lost in consequence of such burning as aforesaid, such offender shall be deemed guilty of murder, and shall be indicted and punished accordingly.—[Act April 19, 1856, in.

ART. 1916. Every house, prison, jail or other edifice, which shall have been usually occupied by persons lodging therein at night, shall be deemed a dwelling-house of any person so lodging therein; but no warehouse, barn, shed or other out-house, unless used as a dormitory, shall be deemed a dwelling-house or part thereof within the meaning of the two preceding articles, unless the same be joined to, and immediately connected with, a dwelling-house.—[Act April 19, 1856, in.

ART. 1917. Every person who shall willfully burn, or cause to be burned, any building, ship, vessel, or other water-craft, or any goods, wares, merchandise or other chattel, which shall be at the time insured against loss or damage by fire, with intent to injure or defraud such insurer, whether the same be the property of such person or of any other, shall, upon conviction, be adjudged guilty of arson in the second degree, and punished accordingly.—[Act April 19, 1856, in.

[Secs. 56 and 57 repealed April 19, 1856. St. 1856, 133.]

ART. 1918, Sec. 58. Every person who shall in the night-time forcibly break