UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL O'NEIL, et al.<br>    Plaintiffs | )<br>)<br>) |
| Vs. | )    C.A. 23-cv-70<br>) |
| PETER F. NERONHA, in his official capacity as<br>Attorney General of the State of Rhode Island, and<br>THE STATE OF RHODE ISLAND<br>    Defendants | )<br>)<br>)<br>)<br>) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR JUDICIAL NOTICE**

Plaintiffs do not object to Defendants' Motion for Judicial Notice except for item number 19, described in part as "Statutes made at Northampton, tribus Septimanis Palchae, in the Second Year of the Reign of Edward the Third, and in the Year of our Lord 1328…"  Plaintiffs believe that the other items in the Motion demonstrate that there is <u>no</u> American historical tradition of restricting open carry of firearms because citizens can engage in concealed carry.  Plaintiffs will address that further in their Reply respecting their Motion for Summary Judgment.

Contrary to Defendants' arguments with respect to the other items for which they are seeking judicial notice, item 19 is not a law promulgated and published by an American legislature at any time.  Rather, it is an excerpt of a book of what the author believes are historical English laws which, in the author's opinion, had some legal affect in North Carolina at some time prior to 1792 because it was an English colony, not because a North Carolina legislature promulgated them. Moreover, he says he included some obsolete laws to give others context, but we cannot tell from the three-page excerpt included in the item whether or how he may have identified the obsolete laws (which may include the 1328 Statute of Northampton).  Further, he says many of the laws were originally written in Latin or French but he has only included English translations so it

1

is uncertain how closely the translations may adhere to the original. Accordingly, there are many issues with taking judicial notice of this item.

Nonetheless, the statute at the bottom of page 60 which continues onto the next page appears to be the Statute of Northampton which Parliament promulgated more than 450 years before the ratification of the Constitution. The Supreme Court has already rejected the applicability of that Statute to consideration of the American historical tradition of firearms regulation. New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1, 40-46 (2022) ("Notwithstanding the ink the parties spill over this provision, the Statute of Northampton—at least as it was understood in the Middle Ages—has no bearing on the Second Amendment adopted in 1791.").

Moreover, in 1843, the North Carolina Supreme Court rejected the application of the Statute of Northampton and cast doubt as to whether it had ever been the law of North Carolina. State v. Huntly, 3 Ired. 418, 420 (1843):

> The argument is, that the offence of riding or going about armed with unusual and dangerous weapons, to the terror of the people, was *created* by the statute of Northampton, 2nd Edward the 3d, ch. 3d, and that, whether or not this statute was or was not formerly in force in this State, it has not been since the first of January, 1838, at which day it is declared in the Revised Statutes, (ch. 1st, sect. 2,) that the statutes of England or Great Britain shall cease to be of force and effect here. (emphasis original).

Id. The court held that the defendant's action in arming himself, going around threatening to kill one James H. Ratcliffe unless Ratcliffe returned defendant's Negros to him, and terrorizing people, was a common law offense. The court commented:

> But although a gun is an "unusual weapon," it is to be remembered that the carrying of a gun *per se* constitutes no offence. For any lawful purpose—either of business or amusement—the citizen is at perfect liberty to carry his gun. It is the wicked purpose—and the mischievous result—which essentially constitutes the crime. He shall not carry about this or any other instrument of death to terrify and alarm, and such manner as naturally will terrify and alarm, a peaceful people.

<u>Id</u>. at 422-23.

## CONCLUSION

The Court should deny Defendants' motion for judicial notice with respect to item no. 19.

Respectfully submitted,

**PLAINTIFFS,**
By their attorneys,

| | |
|---|---|
| */s/ Thomas W. Lyons* | */s/ Frank R. Saccoccio* |
| Thomas W. Lyons    #2946 | Frank R. Saccoccio Esq. #5949 |
| Strauss, Factor, Laing & Lyons | Saccoccio Law Office |
| One Davol Square, Suite 305 | 928 Atwood Avenue |
| Providence, RI 02903 | Johnston, Rhode Island 02919 |
| (401) 456-0700 | (401) 944-1600 * 942-8921 Fax |
| tlyons@straussfactor.com | Frank.CSLawOffice@gmail.com |

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2025, a copy of the foregoing was filed and served electronically on all registered CM/ECF users through the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Thomas W. Lyons