UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL O'NEIL, et al. )<br>     Plaintiffs )<br> )<br>Vs. )<br> )<br>PETER F. NERONHA, in his official capacity as )<br>Attorney General of the State of Rhode Island, and )<br>THE STATE OF RHODE ISLAND )<br>     Defendants ) | C.A. 23-cv-70 |

**PLAINTIFFS' REPLY RESPECTING THEIR MOTION IN LIMINE**

Plaintiffs note initially that they raised numerous specific, factual criticisms of the Duke Repository and Robert Spitzer's expert opinions in their Motion in Limine and Clayton Cramer's declaration in support of that motion respecting the accuracy of the Repository's and Spitzer's historical citations. Plaintiffs further raised numerous other questions about the reliability of the Repository on pages 7-8 of their Memorandum in Support of the Motion. However, Defendants have not even attempted to rebut the accuracy of any of those factual criticisms or to answer any of those questions. There is not the slightest explanation of how the Repository operates which would justify finding it a reliable source. These unrebutted criticisms alone are sufficient to find both the Repository and Spitzer's opinions unreliable with respect to the issues raised in this case.

Moreover, Defendants essentially admit that Plaintiffs' criticisms are valid by serving a Motion for Judicial Notice of numerous historical materials and filing a Declaration by Spitzer identifying where some historical materials he cited in his Expert Disclosure can actually be found. In other words, the citations in the Duke Repository were incorrect and Spitzer's reliance on them, without checking their accuracy—as the Repository itself says should be done—was a mistake. In

1

short, at least with respect to the statutes cited in this case by Spitzer, the Repository was not reliable and Spitzer should not have relied on it.[1]

Defendants argue that the Duke Repository is not hearsay because the contents are not being offered for their truth. But, if they are not offered for their truth, then they have no relevance. F.R.E. 401.[2] Moreover, if the contents of the Repository are not true, then their prejudicial effect exceeds their probative value. F.R.E. 403.[3]

Defendants mistakenly rely on F.R.E. 803(17), which says:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
> \*\*\*
> (17) *Market Reports and Similar Commercial Publications*. Market quotations, lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations.

However, that exception does not apply to the Duke Repository. First, the Repository says that "conscientious users of this repository should supplement their results with further historical research," thus, indicating that historians should not rely on it, exclusively. But, that is precisely what Spitzer did. By contrast, Defendants' other expert Brennan Rivas testified that she did not rely exclusively on the Repository but always checked the original statutory material. (Rivas, depo. p. 28, 30). See, Crane v. Crest Tankers, Inc., 47 F.3d 292, 296 (8th Cir. 1995) (rejecting admission into evidence of Future Damage Calculator under Rule 803(17) where there was no

---

[1] Accordingly, Defendants' argument that Plaintiffs' expert and courts have relied on the Duke Repository in other respects is not applicable here.
[2] Rule 401 says: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."
[3] Rule 403 says: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

showing that the exhibit was generally used or relied upon by the public or persons in the legal or other professions).

Here, there is no evidence from the compilers of the Repository, whomever they may be, holding out the Repository as highly reliable. See, Jackpocket, Inc. v. Lottomatrix NY LLC, 645 F.Supp.3d 185, 222 n.11 (S.D.N.Y. 2022), quoting, Conoco Inc. v. Dep't of Energy, 99 F.3d 387, 393 (Fed.Cir. 1996) ("Reliability is based, at least in part, on evidence the compilers 'stake their business or public reputations on the accuracy' of a compilation."); compare, U.S. v. Masferrer, 514 F.3d 1158, 1162 (11th Cir. 2008) (admitting Bloomberg market quotes into evidence where "[t]he government presented evidence at trial establishing that Bloomberg financial information is universally relied upon by individuals and institutions involved in financial markets.").

Moreover, both of Defendants' experts testified that the Repository omitted material from some of the purported statutes included, apparently based on some kind of determination by some unknown person(s) that the omitted material was somehow not relevant. But, there is no explanation of who made these determinations or why. Further, the Repository does not indicate whether any legislative material was subsequently amended or overturned by a court. This subjective editing and compiling indicate that the Repository is not simply a compilation of data, unlike "market quotations, directories, or other compilations…"  See, In re C.R. Bard, Inc. MDL. No. 2187, Pelvic Repair System Products Liability Litigation, 810 F.3d 913, 923-24 (4th Cir. 2016) (rejecting admission of a Material Safety Data Sheet under Rule 803(17) where it contained warnings that were opinions and "therefor bears no resemblance to the factual, list-type documents enumerated in Rule 803(17).").

Defendants also argue that the Duke Repository is admissible pursuant to Rule 703 which says:

3

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Importantly, this Rule does not make the contents of the Repository admissible. It can make the opinion based on those contents admissible, if "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject…" Even so, the court is still obligated to make a factual inquiry as to whether the experts in the field find the data reliable. Advent Systems, Ltd. v. Unisys Corp., 925 F.2d 670, 682 (3rd Cir. 1991); In re Agent Orange;; Products Liability Litigation, 611 F.Supp. 1223, 1245 (E.D.N.Y. 1985).

Notably, Defendants' other expert, Rivas, testified that she did not rely solely on materials and citations included in the Repository but always checked the original statutory material. See also, Antonyuk v. Hochul, 639 F.Supp.3d 232, 297 n.72 (N.D.N.Y. 2022), affirmed in part, vacated in part, on other grds, remanded sub nom., Antonyuk v. James, 120 F.4th 941 (2nd Cir. 2024) (in which the district court explains that it identified potentially analogous statutes in the Duke Repository "and then obtained PDF copies of those laws with the grateful help of the Second Circuit librarian (because the Duke database does not contain such PDF copies)."). In other words, the Repository itself, Rivas, and Cramer all agree that it cannot be relied upon by itself. Spitzer and Defendants now implicitly agree, too. In short, the Court does not need further factual inquiry to determine the Repository is not inherently reliable, at least for this case.

As for Spitzer's opinions, while he has now seemingly addressed some of his inappropriate reliance on the Duke Repository, the other significant flaws in his methodology remain. As Plaintiffs' expert Cramer says in his declaration and Plaintiffs set forth in their Memorandum,

Spitzer has made statements of fact based on out-of-context sections of laws. He has quoted laws without awareness of the larger historical context in which they were passed and, thus, missed the historical significance of the laws. (Cramer Declaration, ¶ 32-28). For example, Spitzer cites part of an 1801 Tennessee law, but the full statute makes clear it was aimed only at a disreputable group of vagrant gamblers, not the public. Similarly, Spitzer relies on a 1786 Massachusetts law that clearly was intended to address Shay's Rebellion, which had just recently occurred, by outlawing riotous actions by armed groups of twelve or more. Spitzer's Declaration in support of Defendants' objection does not respond to these criticisms. For these reasons, the Court should exclude his opinions.

## CONCLUSION

The Court should grant Plaintiffs' motion in limine

Respectfully submitted,

**PLAINTIFFS,**
By their attorneys,

/s/ *Thomas W. Lyons*
Thomas W. Lyons        #2946
Strauss, Factor, Laing & Lyons
One Davol Square, Suite 305
Providence, RI 02903
(401) 456-0700
tlyons@straussfactor.com

/s/ *Frank R. Saccoccio*
Frank R. Saccoccio Esq. #5949
Saccoccio Law Office
928 Atwood Avenue
Johnston, Rhode Island 02919
(401) 944-1600 * 942-8921 Fax
Frank.CSLawOffice@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2025, a copy of the foregoing was filed and served electronically on all registered CM/ECF users through the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Thomas W. Lyons