# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL O'NEIL, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>PETER F. NERONHA, in his official capacity as Attorney General of the State of Rhode Island, and THE STATE OF RHODE ISLAND<br><br>*Defendants*. | C.A. No. 23-cv-00070-WES-PAS |

### DEFENDANTS' MOTION TO STRIKE THE SUPPLEMENTAL DECLARATION OF PLAINTIFFS' EXPERT CLAYTON CRAMER

Pursuant to Fed. R. Civ. P. 37(c)(1), State Defendants hereby move to strike as untimely Clayton Cramer's Declaration in Support of Plaintiffs' Objection to Summary Judgment (the "Declaration"), submitted as Exhibit 22 to Plaintiffs' Statement of Additional Undisputed Facts, ECF No. 41-8. Expert discovery closed on November 28, 2024, Text Order of July 19, 2024. Now, and inexplicably, Plaintiffs are trying to file a new declaration by their expert under the guise of an exhibit to their summary judgment motion practice. The Declaration contains substantial new information that Defendants have had no opportunity to review with their experts or cross-examine in Mr. Cramer's deposition, which occurred over two months ago. Such tactics are expressly prohibited by Fed. R. Civ. P. 37(c)(1), and this Court should strike the Declaration in its entirety.

Rule 37(c)(1) does not allow parties to use information as evidence "on a motion, at a hearing, or at a trial" if the party "fails to provide [that] information . . . as required by Rule 26(a)." Rule 26(a)(2)(D) requires parties to disclose expert testimony "at the times and in the sequence that the court orders." Rule 37(c)(1) gives teeth to that requirement, mandating preclusion of late

1

expert testimony as a matter of course. *Primus v. United States*, 389 F.3d 231, 235 (1st Cir. 2004). Indeed, "[t]he overwhelming weight of authority is that preclusion is *required and mandatory* absent some unusual or extenuating circumstances." *Elion v. Jackson*, No. CIV.A. 05-0992 (PLF), 2006 WL 2583694, at *1 (D.D.C. Sept. 8, 2006) (citing *Klonoski v. Mahlab*, 156 F.3d 255, 269, 271 (1st Cir. 1998), *superseded in unrelated part by rule amendment*, *Harriman v. Hancock County*, 627 F.3d 22, 30 (1st Cir. 2010)). The provision is self-executing, Fed. R. Civ. P. 37 Advisory Committee's note to Subdivision (c), thus "[t]he burden is on the party facing sanctions to prove that its violation was either substantially justified or harmless." *Jones v. NVR Inc.*, No. CV 20-453, 2022 WL 951338, at *8 (D.D.C. Mar. 29, 2022).

Here, Plaintiffs were required to disclose all expert information by November 28, 2024, in accordance with this Court's Text Order of July 19, 2024. Plaintiffs violated that order by not filing this Declaration until January 6, 2025, over a month after the expert discovery deadline. Plaintiffs have provided no explanation for their tardiness, which is particularly egregious given the multiple extensions this Court granted for expert discovery. *See* Text Order of May 3, 2024 (extending expert discovery deadline to July 30, 2024); Text Order of July 19, 2024 (extending same to November 29, 2024). Allowing Plaintiffs to present another expert declaration so late in these proceedings would be highly prejudicial to Defendants, who have had no opportunity to review the Declaration with their experts or depose Plaintiffs' expert on these opinions before filing their Motion for Summary Judgment or their Response to Plaintiffs' Motion for Summary Judgment. Moreover, Defendants have already spent a substantial amount of time and money preparing their expert evidence and arguments in a timely manner, and Plaintiffs have offered no extenuating circumstances that would justify the reopening of expert discovery and further expense

to the State. Without those circumstances, the Declaration should be automatically excluded from the record. *Jones*, 2022 WL 951338, at *8.

In deciding this matter, the Court should be guided by the First Circuit's opinion in *Primus v. United States*, 389 F.3d 231 (1st Cir. 2004), which upheld an order striking expert reports as untimely in similar circumstances. The plaintiff submitted expert reports well after the discovery deadline, after multiple extensions, and claimed that the delay was due to (1) the difficulty finding experts, (2) the surprising reliance by the government on certain aspects of the government expert's testimony, and (3) the sudden availability of a new expert after the deadline. *Id.* at 235-36. The district court was not impressed with these reasons and neither was the First Circuit, which opined that "[d]eadlines would have no meaning if such rationales were sufficient." *Id*. at 236. The First Circuit also agreed with the district court that the delay was not harmless where the government had relied on the plaintiff's earlier disclosures in preparing its motion for summary judgment. *Id*. This Court should likewise strike Cramer's new Declaration where "real resources were expended on legal work that was premised on the expert evidence submitted before the deadline." *Id*.; *see also*, *Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001) (affirming order striking belated expert testimony offered in opposition to summary judgment); *Science Applications International Corp. v. United States*, 169 Fed. Cl. 643, 674 (2024) (striking supplemental expert report "slip[ped]" into record as an exhibit to a summary judgment brief).

For these reasons, the State asks this Court to enter an order striking the Declaration by Clayton Cramer submitted as Exhibit 22 to Plaintiffs' Statement of Additional Undisputed Facts, ECF No. 41-8. Defendants do not believe a hearing is required as Rule 37(c)(1) is self-executing and Plaintiffs have offered no explanation for their belated expert testimony.

Dated: January 27, 2025

Respectfully Submitted,

PETER F. NERONHA
and THE STATE OF RHODE ISLAND,

By their Attorneys,

*/s/ James J. Arguin*
James J. Arguin (#10972)

*/s/ Paul T.J. Meosky*
Paul T.J. Meosky (#10742)

Special Assistant Attorneys General
Office of the Attorney General
150 South Main Street
Providence, R.I. 02903
(401) 274-4400 exts. 2078 | 2064
(401) 222-2995 (Fax)
jarguin@riag.ri.gov | pmeosky@riag.ri.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on January 27, 2025, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ James J. Arguin*