UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL O'NEIL, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>PETER F. NERONHA, in his official capacity as Attorney General of the State of Rhode Island, and THE STATE OF RHODE ISLAND<br><br>*Defendants*. | C.A. No. 23-cv-00070-WES-PAS |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE THE SUPPLEMENTAL DECLARATION OF PLAINTIFFS' EXPERT CLAYTON CRAMER

Plaintiffs fail to meet their burden to prove that their belated expert declaration was either substantially justified or harmless. To the extent the supplemental declaration reiterates previous statements by Plaintiffs' expert, there is no need and thus no justification for re-entering those statements in a supplemental declaration. To the extent the supplemental declaration introduces new facts, it cannot be considered harmless because the State had no opportunity to challenge the expert on those facts before briefing summary judgment, giving Plaintiffs "exactly the type of unfair tactical advantage that the disclosure rules were designed to eradicate." Lohnes v. Level 3 Commc'ns, Inc., 272 F.3d 49, 60 (1st Cir. 2001) (upholding preclusion of plaintiff's expert report submitted after defendant's motion for summary judgment).

Plaintiffs' tardy submission is particularly hard to justify where, as Plaintiffs freely admit, "[b]oth sides have had ample opportunity" to set out and support their experts' arguments on the relevant issues. Pls.' Resp. to Defs.' Mot. to Strike Suppl. Decl. of Pls.' Expert Clayton Cramer ("Pls. Resp.") 3, ECF No. 52. Plaintiffs "face[] a steep, uphill climb" where they introduce new

expert testimony "more than a month after the applicable deadline expired," particularly where they "had ample time to conduct discovery and to submit [] expert reports within the period allotted by the district court." Macaulay v. Anas, 321 F.3d 45, 51-52 (1st Cir. 2003). In this case, Plaintiffs benefitted from not one but two extensions for expert discovery. See Text Order of May 3, 2024 (extending expert discovery deadline to July 30, 2024); Text Order of July 19, 2024 (extending same to November 29, 2024); see also Primus v. United States, 389 F.3d 231, 235 (1st Cir. 2004) (affirming exclusion of plaintiff's expert report after plaintiff benefited from multiple extensions).

In effect, Plaintiffs' submission of an additional expert report after the close of expert discovery amounts to a unilateral sur-reply or rebuttal of the States' timely-filed expert reports. The Court's scheduling order, which was amended several times at the parties' joint request, never anticipated—let alone allowed for—the filing of sur-replies or rebuttals by either party. Plaintiffs' stratagem to get the "last word" is, therefore, impermissible under the Court's scheduling orders and prejudicial to the State, which has been deprived of any meaningful opportunity to contest Plaintiffs' belated disclosures.

Nor is automatic preclusion under Rule 37(c)(1) limited, as Plaintiffs suggest, to new experts or new theories as opposed to new facts submitted by previously identified experts. Parties may not "simply add additional support to [expert's] conclusion" or "develop[] some additional facts" months after the discovery deadline. Pls. Resp. 3, 5. To the contrary, "[a] party may not *sua sponte*" disregard court deadlines in order to "revise and strengthen an expert's previously disclosed opinions to deflect credible challenges from an opponent." Science Applications Int'l Corp. v. United States, 169 Fed. Cl. 643, 673 (2024) (citing Luke v. Fam. Care and Urgent Med. Clinics, 323 F. App'x 496, 500 (9th Cir. 2009)). "Moreover, Plaintiff is not entitled to rebut fact evidence with expert opinion." DuFresne v. Microsoft Corp., No. CV 02-11778-RCL, 2006 WL

8424349, at *6 (D. Mass. Apr. 28, 2006), report and recommendation adopted, No. 02CV11778, 2006 WL 6237918 (D. Mass. June 16, 2006).

Indeed, the First Circuit has made clear that preclusion is the "baseline rule," from which courts may depart only after considering factors including (1) the sanctioned party's justification for delay; (2) the harmlessness of the delay; (3) the litigation history; and (4) the sanctioned party's need for the precluded evidence. Harriman v. Hancock Cnty., 627 F.3d 22, 29-30 (1st Cir. 2010). In Harriman, for example, the First Circuit affirmed preclusion where (1) any justification for delay was "nonexistent"; (2) the moving party filed for summary judgment "premised on evidence submitted before the discovery deadline" without "an opportunity to depose" witnesses on the late disclosures; (3) months-late disclosure disrupted the court's ability to manage the case; and (4) preclusion was not fatal to the sanctioned party's case. Id. at 30-32. The same circumstances support preclusion in this case, where (1) Plaintiffs assert that most of the new information comes from "publicly available historical materials," Pls. Resp. 2, and thus Mr. Cramer has no excuse for not incorporating such materials into his report before the deadline passed; (2) the State filed for summary judgment without the opportunity to address the claims made in this supplemental declaration; (3) the months-late declaration subverts this Court's scheduling orders, which never anticipated expert rebuttals; and (4) preclusion is not "fatal" to Plaintiffs' argument where, as Plaintiffs emphasize in their response, much of the supplemental declaration repeats what has already been said before. Pls. Resp. 1. See also Primus, 389 F.3d at 236 (affirming preclusion where new expert testimony "would be cumulative" of preexisting testimony); DuFresne, 2006 WL 8424349, at *10 (precluding supplemental report that was "on balance . . . merely a reprise of [expert's] previous analysis with the added support of fact witness testimony"). For these reasons, preclusion is entirely appropriate under First Circuit precedent. See also Genereux v. Raytheon

Co., 754 F.3d 51, 59–60 (1st Cir. 2014) (affirming preclusion of expert submission where (1) sanctioned party offered no real justification; (2) moving party had no opportunity to depose the expert on the new testimony and faced expense if discovery were reopened; and (3) the court had "the right—indeed, the duty—to ensure that such litigation proceeds in an orderly manner").

In the alternative, should this Court permit Plaintiffs' tardy expert declaration, the Plaintiffs should bear the attorney's fees and costs required to rebut the new facts submitted to the record. See Goldenson v. Steffens, No. 2:10-CV-440-JAW, 2012 WL 2603143, at *6-7 (D. Me. July 5, 2012) (imposing lesser sanction of costs where (1) tardy designation of expert was substantially justified because critical evidence for expert's analysis was not produced by the other party until late in discovery and (2) the other party had several months' notice that expert's opinion was contingent on certain information).

For these reasons, the State asks this Court to enter an order striking the Declaration by Clayton Cramer submitted as Exhibit 22 to Plaintiffs' Statement of Additional Undisputed Facts, ECF No. 41-8, or in the alternative, for costs and fees associated with rebutting the belated expert testimony.

Dated: February 11, 2025                    Respectfully Submitted,

                                            PETER F. NERONHA
                                            and THE STATE OF RHODE ISLAND,

                                            By their Attorneys,

                                            /s/ James J. Arguin
                                            James J. Arguin (#10972)

                                            /s/ Paul T.J. Meosky
                                            Paul T.J. Meosky (#10742)

          Special Assistant Attorneys General
          Office of the Attorney General
          150 South Main Street
          Providence, R.I. 02903
          (401) 274-4400 exts. 2078 | 2074
          (401) 222-2995 (Fax)
          jarguin@riag.ri.gov | pmeosky@riag.ri.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on February 11, 2025, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                      */s/ Paul T.J. Meosky*